## KNOLL'S RELEVANT TRADEMARK REGISTRATIONS

28. On or about October 12, 2004, the Barcelona Chair was registered as a trademark with the United States Patent and Trademark Office. Knoll's registration for the Barcelona Chair, No. 2,893,025, remains in full force and effect and is incontestable. A copy of this registration is attached as Exhibit A.

29. On or about October 19, 2004, the Barcelona Stool was registered as a trademark with the United States Patent and Trademark Office. Knoll's registration for the Barcelona Stool, No. 2,894,977, remains in full force and effect and is incontestable. A copy of this registration is attached as Exhibit B.

30. On or about October 19, 2004, the Barcelona Couch was registered as a trademark with the United States Patent and Trademark Office. Knoll's registration for the Flat Brno Chair, No. 2,894,980, remains in full force and effect and is incontestable. A copy of this registration is attached as Exhibit C.

31. On or about October 19, 2004, the Barcelona Table was registered as a trademark with the United States Patent and Trademark Office. Knoll's registration for the Barcelona Table, No. 2,894,979, remains in full force and effect and is incontestable. A copy of this registration is attached as Exhibit D.

32. On or about October 19, 2004, the Flat Brno Chair was registered as a trademark with the United States Patent and Trademark Office. Knoll's registration for the Flat Brno Chair, No. 2,894,978, remains in full force and effect and is incontestable. A copy of this registration is attached as Exhibit E.

33. Knoll is the owner of U.S. Trademark Registration No. 772,313 for the mark BARCELONA, which issued on or about June 30, 1964. Said registration remains in full force and effect and is incontestable. A copy of this registration is attached as Exhibit F.

## MODERNO, INC.

34. Upon information and belief, Defendant Moderno, Inc., under the direction and control of Mike Saxena, is the marketer and retailer of furniture and related products, much of it embodying "modern design".

35. Defendant Moderno, Inc., under the direction and control of Mike Saxena, through the website at www.regencyshop.com, advertises, promotes and offers for sale furniture products in the form of the designs that are the subjects of Knoll's aforementioned trademark registrations. A printout of representative pages of Defendants' websites is attached as Exhibit G.

36. Defendant Moderno, Inc., under the direction and control of Mike Saxena, has sold and continues to sell products in the form of or derivatives of the designs that are the subjects of Knoll's aforementioned trademark registrations in New York and throughout the United States.

## COUNT I [TRADEMARK INFRINGEMENT]

37. Plaintiff repeats and realleges each allegation in paragraphs 1-36 as if set forth in full herein.

38. Plaintiff has never authorized Defendants to sell reproductions of the Barcelona Chair or products derived from the items in the Barcelona Collection.

39. Upon information and belief, Defendants' acts have been done willfully and intentionally, with full knowledge of Plaintiff's trademark rights.

40. Knoll has given Defendants due notice of Plaintiff's rights but, as indicated by Moderno's current website, Defendants have failed to cease their infringing acts. Defendants' aforesaid activities, especially after notice, are willful. Defendants' continuation of its infringing acts has and will cause Plaintiff irreparable harm and injury.

41. Defendants have improperly sold goods in the form of the designs that are the subject of Knoll's trademark registrations and derived therefrom with the intent to cause confusion and mistake, to deceive and mislead the architects, the furniture trade and the purchasing public and to improperly appropriate the valuable trademark rights of Plaintiff.

42. Defendants' said acts violate Section 32 of the Lanham Act, 15 U.S.C. § 1114.

43. Plaintiff has no adequate remedy at law and is suffering irreparable harm and damages as a result of the wrongful acts of Defendants in an amount thus far not determined.

## COUNT II [FALSE DESIGNATION OF ORIGIN]

44. Plaintiff repeats and realleges each allegation in paragraphs 1-43 as if set forth in full herein.

45. Defendants' efforts to misrepresent themselves as a legitimate source of the items in the Barcelona Collection takes control of the reputation and goodwill of the

designs for those items away from Knoll, which owns and is responsible for the goodwill of those designs in the United States.

46. Defendants have improperly sold goods in the form of the designs that are the subject of Knoll's trademark registrations with the intent to cause confusion and mistake, to deceive and mislead the architects, the furniture trade and the purchasing public and to improperly appropriate the valuable trademark rights of Plaintiff.

47. Defendants' said acts violate Section 43 (a) of the Lanham Act, 15 U.S.C. § 1125 (a).

48. Plaintiff has no adequate remedy at law, and is suffering irreparable harm and damages as a result of the wrongful acts of Defendants in an amount thus far not determined.

## COUNT III [COMMON LAW UNFAIR COMPETITION]

49 Plaintiff repeats each allegation in paragraphs 1-48 as if set forth in full herein.

50. As a result of Defendants' improper sale of furniture in the form of the designs that are the subject of Knoll's trademark registrations, architects, the furniture trade and the purchasing public are likely to buy Defendants' products in the erroneous belief that they are authorized reproductions of Knoll's trademarked designs or that the furniture items are otherwise associated with Knoll.

51. Upon information and belief, Defendants have intentionally misappropriated the designs that are the subject of Knoll's trademark registrations with the intention of causing confusion, mistake and deception among consumers and the trade as to the

source of the goods and with the intent to unfairly profit from Plaintiff's goodwill at Plaintiff's expense.

52. As a result of the foregoing, Defendants' actions constitute unfair competition and misappropriation which have had and will continue to have a detrimental effect on the general consuming public in violation of the common law of the State of New York.

53. Plaintiff has no adequate remedy at law, and is suffering irreparable harm and damages as a result of the wrongful acts of Defendants in an amount thus far not determined.

## COUNT IV [INJURY TO BUSINESS REPUTATION AND DILUTION]

54. Plaintiff repeats and realleges each allegation of paragraphs 1-53 hereof, as if fully set forth herein.

55. By reason of the practices and acts set forth above, Defendants are likely to injure Knoll's business reputation and dilute the distinctive quality of Plaintiff's marks, in violation of Section 360-l of the New York General Business Law.

56. These acts of Defendants are without the permission, license or consent of Plaintiff and, unless enjoined by this Court, Defendants will continue these practices and acts, thereby harming Plaintiff's business reputation and causing Plaintiff immediate and irreparable injury.

57. Plaintiff has no adequate remedy at law and is suffering irreparable harm and damages as a result of the wrongful acts of Defendants in an amount thus far not determined.

WHEREFORE, Plaintiff demands:

A. An injunction permanently enjoining and restraining Defendants, their directors, officers, agents, servants, employees, successors, assigns, subsidiaries, related companies, parent companies, licensees, assigns, and all persons in active concert or participation with it:

1. From importing, marketing or selling furniture in the form of the designs that are the subject of Knoll's trademark registrations;

2. From importing, marketing or selling furniture in the form of the designs which are derived from the designs which are the subject of Knoll's trademark registrations;

3. From passing off or otherwise representing to architects, the furniture trade or public in any way that any product sold by Defendants emanates from, is related in source or sponsorship to, or is in any way related to Plaintiff;

4. From injuring Plaintiff's business reputation by diluting the distinctive quality of Plaintiff's products; and

5. From engaging in misappropriation, deceptive trade practices or acts in the conduct of Defendants' business by means of selling products embodying Knoll's trademarked designs or any designs substantially similar thereto;

B. Directing Defendants to deliver to Plaintiff or to destroy all furniture in its possession that is in the form of the designs that are the subject of Knoll's trademark registrations or is derived from the designs that are the subject of Knoll's trademark registrations;

C. Directing Defendants to immediately recall and destroy all of its catalogs showing, advertising or promoting furniture that is in the form of the designs that are the

13

subject of Knoll's trademark registrations or is derived from the designs that are the subject of Knoll's trademark registrations;

D. Directing Defendants to remove all references to or images of furniture that are in the form of the designs that are the subject of Knoll's trademark registrations or is derived from the designs that are the subject of Knoll's trademark registrations from Defendant's internet website;

E. Directing Defendants to account to Plaintiff for all profits resulting from Defendant's infringing activities;

F. Awarding Plaintiff its damages from Defendants' wrongful acts;

G. Awarding Plaintiff three times the amount of Plaintiff's damages or Defendants' profits, whichever is greater;

H. Awarding Plaintiff the cost of this action, as well as reasonable attorneys' fees;

I. Awarding Plaintiff punitive damages as a result of Defendants' wrongful acts; and;

J. Awarding Plaintiff such other and further relief as the Court may deem just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO ALL MATTERS TRIABLE BY JURY**

GOTTLIEB, RACKMAN & REISMAN, P.C.
Attorneys for Plaintiff
270 Madison Avenue
New York, New York 10016
(212) 684-3900
ggottlieb@grr.com
mmisthal@grr.com

Dated: January 24, 2011
New York, New York

By: /s/ Marc P. Misthal
George Gottlieb (GG-5761)
Marc P. Misthal (MM-6636)

15