UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

KNOLL, INC.,

                              Plaintiff,          No . 11 CV 0488 (AKH)

     -against-

MODERNO, INC. d/b/a REGENCY SHOP,
AND MIKE SAXENA

                              Defendants.
_____

MICHAEL SAXENA, on penalty of perjury, hereby declares as follows:

1. Until February, 2011, Regencyshop.com was owned by Moderno, Inc. which operated the Regencyshop.com website from Gardena, California. On February 17, 2011, Urban Mod, Inc. was incorporated and now operates Regencyshop.com from the same location in California.

2. As used herein, "Regency Shop" will refer to the defendants, as well as Urban Mod.

3. In or about March 24, 2010, Regency Shop received a letter from Knoll Inc.'s General Counsel, John M. Wilson, Esq., a copy of which is attached hereto as Exhibit A. This is the only letter that to my knowledge Regency Shop received from or on behalf of Knoll, Inc. ("Knoll").

4. On or about April 12, 2010, Regency Shop responded to Mr. Wilson's letter. A copy of this letter is annexed as Exhibit C.

5. In response to the letter received from Mr. Wilson (Exh. B) Regencyshop.com website ceased offering for sale the furniture items ("Barcelona items") which were enumerated in the said letter from Mr. Wilson, and in fact the Regencyshop.com website did stop offering these items for sale at that time. In Regency's letter of April 12 (Exh. C), Regency Shop advised Mr. Wilson that it was taking such action.

6. At all times relevant, Regency Shop believed that it had the right to sell replicas of the Barcelona items under Regency Shop's trademark, IBIZA ("IBIZA replicas"). However, Regency Shop could not afford the cost of a lawsuit against Knoll at that time.

7. In December 2010, one of Regency Shop's outside contractors who assists in working the Regenecyshop.com website mistakenly placed the IBIZA replicas back on that website.

8. Regency Shop did not learn of this fact until sometime in January 2011, and then promptly removed the items from the website.

9. Regency Shop received no letter from or on behalf of Knoll during the short time in December 2010 and January 2011 that the Regencyshop.com website was offering the IBIZA replicas.

10. In February 2011, in the course of an unrelated search I was conducting on the Internet, I observed that Knoll reportedly had filed the Complaint herein.

11. In late June 2011, Regency Shop received service of process of the Complaint.

12. In early July 2011, Regency Shop retained the law firm of Katsh & Associates LLC to represent the defendants in this lawsuit. After extensive discussions with Mr. Katsh, Regency Shop began once again offering the IBIZA replicas on the Regencyshop.com website, accompanied by very comprehensive disclaimers and information to ensure that no consumer could possibly be confused into thinking that Regency Shop was offering products made by Knoll, or that Regency Shop, Regencyshop.com or the IBIZA items were affiliated in any way with Knoll.

13. Regency Shop has never received, orally or in writing, any complaint from any person that he/she believed that there was any affiliation between Regencyshop.com and Knoll, or that the IBIZA items were produced by or otherwise originated from Knoll. Nor is Regency Shop aware that any consumer reviewing the Regencyshop.com website was confused in any way that the IBIZA items were produced by or otherwise originated from Knoll or that there was any affiliation between the defendants and Knoll.

14. To Regency Shop's knowledge, no IBIZA items were ever returned because a consumer was dissatisfied with the item as not having originated from Knoll.

15. The Barcelona items are based on the designs of Mies van der Rohe and Lilly Reich in 1929. Knoll had no hand in the creation of these designs; rather, on information and belief, Knoll purchased these designs in 1965.

16. There are many dozens of web sites that offer replicas of the Mies van der Rohe/Lilly Reich designs. Examples of over 100 such websites are set forth as Exhibit A hereto.[1]

17. Regency Shop does not operate its website in the State of New York.

---

[1] I prepared this Exhibit, "Barcelona Replica Sites", which is composed of printouts from over one hundred websites. I am advised by counsel that the number of pages precluded submitting these pages electronically as two "pdf" volumes. Hence, these volumes were broken into "parts"; Volume I is comprised of 6 parts, and Volume II is comprised of 3 parts.

18. No one employed by or otherwise working for Regency Shop lives or has a residence in New York State.

19. Regency Shop has never engaged in advertising or promotional activities that target New York in any way.

20. No one employed by or otherwise working for Regency Shop travels to New York for business purposes.

21. The IBIZA items are produced in China. None of the IBIZA items are produced in New York or pursuant to any contracts with New York entities.

22. Regency Shop does not consider that its website is located or doing business in New York or any other specific location. Websites exist on the Internet, so-called cyberspace, and are equally accessible anywhere in the world where there is access to the Internet. The Internet represents a new technology for conducting commerce and is not related to geographic locations.

23. The Regencyshop.com website has at all time relevant operated from Gardena, California, by Moderno and subsequently by Urban Mod.

24. It is only at this California location that Regency Shop accepts orders, receives money (by credit card or other e-payment method), and finalizes transactions. Shipments are also made from that location, to such location as the buyer specifies.

25. It would constitute a great burden for the Regency Shop to litigate this case in New York State/City. Regency Shop's records are here in California.

26. Regency Shop has a very small budget for this litigation and any material increase in cost would force us to give up this fight and yield to Knoll's unjustified demand that we stop selling the IBIZA replicas.

      I hereby declare under penalty of perjury that to the best of my knowledge all of the statements set forth above are true and correct.

Dated: August 9, 2011
       Gardena, CA

                                                                                                                                                             _____
                                                                                                                                                             Michael Saxena