USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/24/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

KNOLL, INC.,

                          Plaintiff,

    -against-

MODERNO, INC. D/B/A REGENCY SHOP and
MIKE SAXENA,

                          Defendants.

------------------------------------------------------------ x

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND DENYING DEFENDANTS' MOTION TO DISMISS**

11 Civ. 488 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Plaintiff moves for leave to file an amended complaint. Defendants move to dismiss the action under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3). Plaintiff's motion is granted. Defendants' motion is denied.

      Plaintiff alleges violations of the Lanham Act and New York law based on Defendants' alleged sales of furniture in the form of designs covered by Plaintiff's trademarks. Plaintiff's initial complaint alleges that Defendants Moderno, Inc. and Mike Saxena "conducted their business over the internet through their website at http://www.regencyshop.com." Compl. ¶ 9. In their motion to dismiss, Defendants state that "[i]n February 2011, Urban Mod . . . was formed to do business as Regency Shop and to operate the Regencyshop.com website" and that "Defendants will consent and stipulate to correct the parties named by Plaintiff." Mot. Dismiss at 1 n. 1. Plaintiff subsequently moved for leave to file an amended complaint that named Urban Mod Inc. as an additional defendant, attaching to the motion its proposed amended complaint. Plaintiff's motion is therefore granted on consent. Plaintiff shall file its proposed amended complaint by November 4, 2011. Because Plaintiff's amendments to its initial complaint do not

1

touch upon the initial complaint's infirmities as alleged by Defendants' motion to dismiss and Defendants have consented to Plaintiff's amendments, I refer below to the proposed amended complaint rather than to the initial complaint.

In moving to dismiss for lack of personal jurisdiction, Defendants claim that "[Plaintiff's] complaint alleges nothing that alters the undisputed fact that [Defendants] ha[ve] no meaningful contacts with New York," and that Plaintiff's complaint "advances no allegation that [Defendents] do[] more than operate a website." Mot. Dismiss at 2; Reply Mem. Mot. Dismiss at 9. Plaintiff's complaint does allege that "Defendants Moderno, Inc., and Urban Mod Inc., under the direction and control of Mike Saxena, though the website www.regencyshop.com, advertise, promote and offer for sale furniture products in the form of the designs that are the subjects of Knoll's . . . trademark registrations." Am. Compl. ¶ 35. However, Plaintiff's complaint also alleges that "Defendants Moderno, Inc., and Urban Mod Inc., under the direction and control of Mike Saxena, have sold and continue to sell products in the form of or derivatives of the designs that are the subjects of Knoll's aforementioned trademark registrations in New York . . . ."[1] Am. Compl. ¶ 36.

"Prior to discovery, a plaintiff may defeat a motion to dismiss based on legally sufficient allegations of jurisdiction." Metropolitan Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 566 (2d Cir. 1996). Plaintiff's allegations that Defendants Moderno, Inc., and Urban Mod Inc., under the direction and control of Mike Saxena, operated a website offering furniture, including the alleged infringing furniture, to New York consumers and made sales, including of the alleged infringing furniture, to New York consumers are sufficient with respect to all

---

[1] Defendants' motion eventually concedes as much: "[Plaintiff's] argument that there is personal jurisdiction under New York's long arm statute will be based almost entirely on the fact that sales of [allegedly infringing] items were made via the Regencyshop.com website to New Yorkers." Mot. Dismiss at 18.

2

Defendants to defeat Defendants' motion to dismiss for lack of personal jurisdiction. See Chloé v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158 (2d Cir. 2010).

In moving to dismiss for improper venue, Defendants claim that 28 U.S.C. § 1391(b) does not permit venue in this District. Mot. Dismiss at 22. However, 28 U.S.C. § 1391(b) provides that venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." "Several cases in this district have defined the 'substantial part' requirement in trademark infringement cases as follows: For venue in a trademark infringement case to be proper, the defendant must have aimed its marketing and advertising at the district or have sold its infringing goods there." Cartier v. Micha, Inc., 2007 WL 1187188, at *3 (S.D.N.Y. Apr. 20, 2007). In alleging that "the Southern District of New York is a proper venue," Plaintiff states that "Defendants Moderno, Inc., and Urban Mod Inc., under the direction and control of Mike Saxena, have sold and continue to sell products in the form of or derivatives of the designs that are the subjects of Knoll's . . . trademark registrations in New York" and that "multiple shipments of the alleged infringing products were shipped by Defendants into New York." Am. Compl. ¶ 36; Mem. Opp. Mot. Dismiss at 21. Construing these facts "in a light most favorable to the plaintiff," Cartier, 2007 WL at *3, Plaintiff's allegations are sufficient to defeat Defendants' motion to dismiss for improper venue.

The Clerk shall terminate the motion (Doc. No. 13). The oral argument scheduled for November 3, 2011, is cancelled.

SO ORDERED.

Dated: October 24, 2011
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

3