UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

KNOLL, INC.,

                          Plaintiff,          No . 11 cv. 0488 (AKH)

    -against-

MODERNO, INC. AND URBAN MOD, INC. d/b/a REGENCY SHOP,
AND MIKE SAXENA

                          Defendants.
_____

<u>ANSWER AND COUNTERCLAIM OF DEFENDANTS MODERNO, INC. AND URBAN MOD, INC. d/b/a REGENCY SHOP,  AND MIKE SAXENA TO PLAINTIFF KNOLL, INC.'S AMENDED COMPLAINT</u>

       Defendants MODERNO, INC. AND URBAN MOD, INC. d/b/a REGENCY SHOP, AND MIKE SAXENA (herein jointly and severally referred to as "Defendants") hereby Answer and Counterclaim to Plaintiff KNOLL INC.'S ("Knoll") AMENDED COMPLAINT.

1.       Admit that this action purports to be brought under the statutes stated in Paragraph 1.

2.       Admit that Paragraph 2 alleges that the Court has subject matter jurisdiction over the claims asserted.

3.       Admit that Knoll claims to be a Delaware corporation but deny that Knoll has a principal place of business in New York.

4.       Deny that Knoll is a leading designer of branded furniture and aver that Knoll mostly or entirely buys designs from third parties.

5.       Admit that Knoll alleges its belief that design is good business but deny that Knoll has ever been recognized as a leading designer of furniture.

6.       Deny that Knoll designed most or all of the referenced products.

7(a)     Deny that Moderno is now doing any  business related to the subject matter of this action.

7(b)    Admitted.

8.    Admit that Defendant Mike Saxena resides at the stated address and deny the remainder of the allegations of Paragraph 8.

9.    Admitted.

10.    Denied.

11.    Defendants lack personal knowledge of the alleged facts.

12.    Defendants lack personal knowledge of the alleged facts

13.    Defendants lack personal knowledge of the alleged facts.

14.    Defendants lack personal knowledge of the alleged facts.

15.    Defendants admit that Ludwig Meis Van der Rohe and Lillian Reich are generally acknowledged as the designers of the said chair.

16.    Defendants lack knowledge as to whether Van der Rohe designed the said stool by himself, as alleged, or with one or more other persons.

17.    Defendants lack knowledge as to whether Van der Rohe designed the said stool by himself, as alleged, or with one or more other persons.

18.    Defendants lack personal knowledge of the alleged facts.

19.    Defendants lack knowledge as to whether Van der Rohe designed the said chair by himself, as alleged, or with one or more other persons.

20.    Defendants lack knowledge as to whether Van der Rohe designed the said table by himself, as alleged, or with one or more other persons.

21.    Defendants deny that Knoll acquired or has any rights in the "design[s]" of the said pieces of furniture, admit that Knoll had no involvement of any kind in the design of any of the said furniture pieces, and aver that the designs are in the public domain.

22.    Denied.

23.    Denied and aver that the items are almost always identified and associated with van der Rohe and in certain cases Lillian Reich.

24.    Admit that Knoll alleges that the works of Ludwig Meis Van der Rohe may be found in certain museums.

25. Deny that the said museum identifies Knoll as "the source", or always as the source, for said collection, and aver that Paragraph 25 alleges that some pieces of the collection may have been at the museum since before Knoll claims to have acquired any rights therein..

26. Defendants: decline to admit the allegations of the first sentence, as the words "throughout the United States and internationally" are imprecise and Defendants cannot answer based on personal knowledge; aver that Knoll's website speaks for itself; and lack knowledge as to the allegations of the third sentence.

27. Denied: Knoll may be recognized as but one of dozens or hundreds of companies in the United States and abroad, from which may be sourced furniture that follows the designs of Ludwig Meis Van der Rowe (and Lillian Reich)

28. Defendants aver that the records of the Patent and Trademark Office speak for themselves.

29. Defendants do not herein respond to any legal assertions or conclusions alleged directly or by implication by Knoll, and aver only that the records of the Patent and Trademark Office speak for themselves.

30. Defendants do not herein respond to any legal assertions or conclusions alleged directly or by implication by Knoll, and aver only that the records of the Patent and Trademark Office speak for themselves.

31. Defendants do not herein respond to any legal assertions or conclusions alleged directly or by implication by Knoll, and aver only that the records of the Patent and Trademark Office speak for themselves.

32. Defendants do not herein respond to any legal assertions or conclusions alleged directly or by implication by Knoll, and aver only that the records of the Patent and Trademark Office speak for themselves.

33. Defendants do not herein respond to any legal assertions or conclusions alleged directly or by implication by Knoll, and aver only that the records of the Patent and Trademark Office speak for themselves.

34. Defendants do not accept the characterization of their business by Knoll and aver that the Regencyshop.com website speaks for itself.

35. Denied. Defendants sell nothing that is subject to any valid trademark right Knoll may possess.

36. Denied. Defendants sell nothing that is subject to any valid trademark right Knoll may possess.

37. Defendants repeat their responses as set forth in 1-36 above.

38. Denied to the extent that Knoll is alleging or implying that Defendants require its permission to sell pubic domain products.

39. Defendants deny having knowledge that Knoll possesses valid trademark rights in any product offered for sale on Regencyshop.com, and aver that Defendants have a good faith belief that Knoll does not possess, and knows it does not possess, any valid trademark rights in any products offered for sale by Regencyshop.com.

40. See Answer to 39 above. Defendants deny that Knoll could suffer or is threatened with any harm, including irreparable harm, by virtue of any activities of the Defendants.

41. Denied.

42. Denied.

43. Denied.

44. Defendants repeat their responses as set forth in 1-43 above.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Defendants repeat their responses as set forth in 1-48 above.

50. Denied.

51. Denied.

52. Denied.

53. Denied

54. Defendants repeat their responses as set forth in 1-53 above.

55. Denied.

56. Denied.

57. Denied.

4

AFFIRMATIVE DEFENSES

1. The Court lacks personal jurisdiction over Defendants.

2. Venue in this District is improper.

3. None of the counts for relief asserted by Knoll state a claim upon which relief may be granted.

4. The designs that Knoll seeks to enforce as trademarks are functional and unpatented and the pubic may not be prevented from freely copying and using them.

5. The Amended Complaint fails to allege or specify any non-functional aspects of the allegedly trademark-protected designs, and/or insufficiently does so.

6. Defendants have inserted disclaimers into relevant pages of Regencyshop.com that render it impossible for any rational consumer to be misled or confused, or likely to be misled or confused, into thinking that Defendants' products, sold under their IBIZA trademark, come from Knoll or that Defendants have any affiliation or other business arrangement with Knoll.

7. On information and belief: this action is a strike suit that has been brought by Knoll in bad faith, with unclean hands and constitutes trademark misuse, in that, *inter alia,* the claims asserted herein by Knoll are objectively baseless, have been brought and prosecuted for reasons other than securing a result on the merits, and this lawsuit is part and parcel of an anticompetitive series of strike suits and agreements in restraint of trade that Knoll has secured from other small companies which Knoll reasonably expected could not afford the costs of litigation and would be forced to enter settlement agreements requiring them to stop selling replicas of the so-called Barcelona items..

8. Knoll has abandoned whatever trademark rights it claims to have in the designs of the alleged, so-called Barcelona furniture, in that, on information and belief, for decades, it disclaimed ownership of trademark rights in said designs and/or did not enforce or effectively enforce said rights in the face of many companies selling, without license from Knoll, the same types of replicas that are being offered for sale on Regencyshop.com.

9. The allegedly trademark-protected designs were in the public domain prior to the date they were allegedly acquired by Knoll.

10. This suit is barred by laches.

11. On information and belief, the allegedly trademark-protected designs were in part designed by Lillian Reich and Knoll has failed to allege that it acquired rights from her as it claims it acquired rights from Ludwig Mies van der Rohe.

12. On information and belief, Knoll acquired its alleged trademark registrations by means of fraud upon the U.S. Trademark Office in that the Office relied upon documents filed by Knoll, including without limitation affidavits sworn to by Knoll employee Carl G. Magnusson in 2003, that Knoll knew to be materially incomplete and calculated to mislead. Among other things, on information and belief, Knoll submitted portions of printed publications discussing the Mies furniture while withholding other highly relevant portions of the same publications (the withheld portions being adverse to the granting of registrations). On information and belief, Knoll also failed to advise the Trademark Office that the furniture was in part designed by Lillian Reich and that Knoll never acquired any rights from her.

13. Any use by Defendants of Knoll's alleged trademarks was and is a protected fair use under the Lanham Act.

## COUNTERCLAIM

Defendants, for their Counterclaim herein, allege as follows:

(DECLARATORY JUDGMENT AND ASOCIATED RELIEF)

1. Defendants repeat and reallege their answers to paragraphs 1-57 of the Amended Complaint and the allegations of Affirmative Defenses 1-12.

2. This claim arises under the Lanham Act, 15 U.S.C. § 1051 *et seq.* and seeks a judgment and appropriate further relief under 28 U.S.C. §§ 2201 and 2202, declaring that:

- The allegedly trademark-protected designs are functional and in the public domain;
- Defendants have never and are not now offering goods that infringe upon any trademark rights Knoll claims to own;

6

- The disclaimers inserted by Defendants on their relevant web pages eliminate any realistic risk that a consumer could likely be confused;
- Knoll has not suffered and is not threatened with any harm, including irreparable harm, by reason of any activities of Defendants,
- On information and belief: this action is a strike suit that has been brought in bad faith, and Knoll has unclean hands and has committed trademark misuse in that, *inter alia,* the claims asserted herein by Knoll are objectively baseless, have been brought and prosecuted for reasons other than securing a result on the merits, and this lawsuit is part and parcel of an anticompetitive series of strike suits and agreements in restraint of trade that Knoll has secured from other small companies which Knoll reasonably expected could not afford the costs of litigation and would be forced to enter settlement agreements requiring them to stop selling replicas of the so-called Barcelona items; and, *inter alia,*
- On information and belief, Knoll committed fraud upon the Patent and Trademark Office in respect of the registrations it obtained for the designs in question.

WHEREFORE, Defendants respectfully pray that the Court enter judgment for Defendants and, pursuant to, 28 U.S.C. §§ 2201, 2202, grant the following declaratory and further relief:

1. Knoll's trademark registrations are invalid and Knoll is ordered formally to advise the Patent and Trademark Office of this Judgment and to submit said registrations to that Office for cancellation;
2. Defendants have never and are not now offering goods that infringe upon any trademark rights Knoll claims to own;
3. The disclaimers inserted by Defendants on their relevant web pages eliminate any realistic risk that a consumer could likely be confused;
4. Defendants have never engaged in any action that would threaten, and are not now engaging in any activity that would threaten, Defendants with any harm, including irreparable harm;
5. This action is a strike suit that has been brought for anticompetitive reasons, in bad faith, with unclean hands, and by a misuse of alleged trademark rights;

7

6. The allegedly trademark-protected designs are functional and in the public domain;

7. Knoll committed fraud upon the Patent and Trademark Office in respect of the registrations it obtained for the designs in question;

8. Any trademark rights in the designs in questions were abandoned by Knoll or a predecessor company;

9. This action is barred by laches;

10. Knoll is hereby enjoined from attempting in any way, in any forum, to suggest that it has valid trademark registrations in the so-called Barcelona items alleged in the Amended Complaint, or that the said products are not in the pubic domain; and

11. Knoll shall pay the costs of this action together with Defendants' attorneys' fees.

Defendants further pray for such other and further relief as the Court may find just and proper in the premises.

Dated: November 9, 2012

        Respectfully submitted,

        Katsh & Associates LLC

By: _____

    Salem M. Katsh
    64 Main Street
    Hastings on Hudson
    New York, 10706
    914.231.7840

    Cell. 646 712 1347
    Fax.  646 417 5777
    skatsh@katshlaw.com
    *Attorneys for Defendants*