UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

KNOLL, INC.,

                              Plaintiff,                No . 11 cv. 0488 (AKH)

    -against-

MODERNO, INC. AND URBAN MOD, INC. d/b/a REGENCY SHOP,
AND MIKE SAXENA

                              Defendants.
_____

<u>AMENDED ANSWER OF DEFENDANTS MODERNO, INC. AND URBAN MOD, INC. d/b/a REGENCY SHOP,  AND MIKE SAXENA TO PLAINTIFF KNOLL, INC.'S AMENDED COMPLAINT</u>

       Defendants MODERNO, INC. AND URBAN MOD, INC. d/b/a REGENCY SHOP, AND MIKE SAXENA (herein jointly and severally referred to as "Defendants") hereby offer their Amended Answer to Plaintiff KNOLL, INC.'S ("Knoll") AMENDED COMPLAINT.

1.     Admit that this action purports to be brought under the statutes stated in Paragraph 1.

2.     Admit that Paragraph 2 alleges that the Court has subject matter jurisdiction over the claims asserted.

3.     Admit that Knoll claims to be a Delaware corporation but deny that Knoll has a principal place of business in New York.

4.     Deny that Knoll is a leading designer of branded furniture and aver that Knoll mostly or entirely buys designs from third parties.

5.     Admit that Knoll alleges its belief that design is good business but deny that Knoll has ever been recognized as a leading designer of furniture.

6.     Deny that Knoll designed most or all of the referenced products.

7(a)     Deny that Moderno is now doing any business related to the subject matter of this action.

7(b)   Admitted.

8.   Admit that Defendant Mike Saxena resides at the stated address and deny the remainder of the allegations of Paragraph 8.

9.   Admitted.

10.   Denied.

11.   Defendants lack personal knowledge of the alleged facts.

12.   Defendants lack personal knowledge of the alleged facts

13.   Defendants lack personal knowledge of the alleged facts.

14.   Defendants lack personal knowledge of the alleged facts.

15.   Defendants admit that Ludwig Meis Van der Rohe and Lillian Reich are generally acknowledged as the designers of the said chair.

16.   Defendants lack knowledge as to whether Van der Rohe designed the said stool by himself, as alleged, or with one or more other persons.

17.   Defendants lack knowledge as to whether Van der Rohe designed the said couch by himself, as alleged, or with one or more other persons.

18.   Defendants lack personal knowledge of the alleged facts.

19.   Defendants lack knowledge as to whether Van der Rohe designed the said chair by himself, as alleged, or with one or more other persons.

20.   Defendants lack knowledge as to whether Van der Rohe designed the said table by himself, as alleged, or with one or more other persons.

21.   Defendants deny that Knoll acquired or has any rights in the "design[s]" of the said pieces of furniture, admit that Knoll had no involvement of any kind in the design of any of the said furniture pieces, and aver that the designs are in the public domain.

22.   Denied.

23.   Denied and aver that the items are almost always identified and associated with van der Rohe and in certain cases Lillian Reich.

24.   Admit that Knoll alleges that the works of Ludwig Mies Van der Rohe may be found in certain museums.

25. Deny that the said museum identifies Knoll as "the source", or always as the source, for said collection, and aver that Paragraph 25 alleges that some pieces of the collection may have been at the museum since before Knoll claims to have acquired any rights therein.

26. Defendants: decline to admit the allegations of the first sentence, as the words "throughout the United States and internationally" are imprecise and Defendants cannot answer based on personal knowledge; aver that Knoll's website speaks for itself; and lack knowledge as to the allegations of the third sentence.

27. Defendants deny the allegation and aver that dozens if not hundreds of websites unrelated to Knoll offer reproductions of the Ludwig Mies van der Rohe designs referenced in paragraphs 15, 16, 17, 19, and 20 of the Amended Complaint. Defendants hereby incorporate by reference web pages attached as Exhibit A hereto as well as web pages that are available to the public on the Internet by inserting search terms such as, *inter alia*, "Mies furniture replicas", "Barcelona chair replicas", or "Mies chair." Defendants further incorporate by reference Parts 1 through 8 of the Exhibit to the Declaration of Mike Saxena in Support of Defendants' Motion to Dismiss (DKT. 15).

28. Defendants aver that the records of the Patent and Trademark Office speak for themselves.

29. Defendants do not herein respond to any legal assertions or conclusions alleged directly or by implication by Knoll, and aver only that the records of the Patent and Trademark Office speak for themselves.

30. Defendants do not herein respond to any legal assertions or conclusions alleged directly or by implication by Knoll, and aver only that the records of the Patent and Trademark Office speak for themselves.

31. Defendants do not herein respond to any legal assertions or conclusions alleged directly or by implication by Knoll, and aver only that the records of the Patent and Trademark Office speak for themselves.

32. Defendants do not herein respond to any legal assertions or conclusions alleged directly or by implication by Knoll, and aver only that the records of the Patent and Trademark Office speak for themselves.

33. Defendants do not herein respond to any legal assertions or conclusions alleged directly or by implication by Knoll, and aver only that the records of the Patent and Trademark Office speak for themselves.

34. Defendants do not accept the characterization of their business by Knoll and aver that the Regencyshop.com website speaks for itself.

35. Denied. Defendants sell nothing that is subject to any valid trademark right Knoll may possess.  Knoll's Exhibit G was not the operative web page on Regencyshop.com at the time Knoll filed its complaint herein. The correct web pages are attached as Exhibit B.  Defendants further aver that no rational person viewing the Regencyshop.com website could conceivably be misled into thinking that Regencyshop.com sells products sourced from Knoll or that, *inter alia*, there is any affiliation or relationship whatsoever between Knoll and Defendants.

36. Denied.  Defendants sell nothing that is subject to any valid trademark right Knoll may possess.

37. Defendants repeat their responses as set forth in 1-36 above.

38. Denied to the extent that Knoll is alleging or implying that Defendants require its permission to sell pubic domain products.

39. Defendants deny having knowledge that Knoll possesses valid trademark rights in any product offered for sale on Regencyshop.com, and aver that Defendants have a good faith belief that Knoll does not possess, and knows it does not possess, any valid trademark rights in any products offered for sale by Regencyshop.com.

40. See Answer to 39 above. Defendants deny that Knoll could suffer or is threatened with any harm, including irreparable harm, by virtue of any activities of the Defendants.  On information and belief, persons who buy from websites offering inexpensive replicas of Mies designs do so because they do not wish Knoll to be the source of their purchase.

41. Denied.

42. Denied.

43. Denied.

44. Defendants repeat their responses as set forth in 1-43 above.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Defendants repeat their responses as set forth in 1-48 above.

50. Denied.

4

51. Denied.

52. Denied.

53. Denied

54. Defendants repeat their responses as set forth in 1-53 above.

55. Denied.

56. Denied.

57. Denied.

## AFFIRMATIVE DEFENSES

1. None of the counts for relief asserted by Knoll state a claim upon which relief may be granted.

2. The designs that Knoll seeks to enforce as trademarks are functional and unpatented and the pubic may not be prevented from freely copying and using them.

3. The Amended Complaint fails to allege or specify any non-functional aspects of the allegedly trademark-protected designs, and/or insufficiently does so.

4. Defendants have inserted disclaimers into relevant pages of Regencyshop.com that render it impossible for any rational consumer to be misled or confused, or likely to be misled or confused, into thinking that Defendants' products, sold under their IBIZA trademark, come from Knoll or that Defendants have any affiliation or other business arrangement with Knoll.

5. Knoll has abandoned and is estopped from asserting, whatever trademark rights it claims to have in the designs of the alleged, so-called Barcelona furniture, in that, on information and belief, for decades, it disclaimed ownership of trademark rights in said designs and/or did not enforce or effectively enforce said rights in the face of many companies selling, without license from Knoll, the same types of replicas that are being offered for sale on dozens if not hundreds of websites today, including Regencyshop.com.

6. The allegedly trademark-protected designs were in the public domain prior to the date they were allegedly acquired by Knoll.

7. This suit is barred by laches.

8. On information and belief, the allegedly trademark-protected designs were in part designed by Lillian Reich and Knoll has failed to allege that it acquired rights from her as it claims it acquired rights from Ludwig Mies van der Rohe.

9. Any use by Defendants of Knoll's alleged trademarks was and is a protected fair use under the Lanham Act.

WHEREFORE, Defendants respectfully pray that the Court enter judgment for Defendants, setting forth that:

1. The trademark registrations Defendants are alleged to have infringed are invalid;
2. Defendants have never offered, and are not now offering, goods that could cause confusion or a likelihood of confusion with any of the trademarks asserted by Knoll in this action, and have not infringed any such trademarks;
3. Defendants have never engaged in any action that would threaten, and are not now engaging in any activity that would threaten, Defendants with any harm, including irreparable harm;
4. The allegedly trademark-protected designs are functional and in the public domain;
5. Any trademark rights in the designs in questions were abandoned by Knoll or a predecessor company;
6. Knoll shall pay the costs of this action;
7. This is an "exceptional case" within the meaning of 15 U.S.C. §1117(a) and Defendants shall be awarded their attorneys fees.

Defendants further pray for such other and further relief as the Court may find just and proper in the premises.

Dated: November 30, 2011

Respectfully submitted,

Katsh & Associates LLC

By: _____

Salem M. Katsh

64 Main Street
Hastings on Hudson
New York, 10706
914.231.7840

Cell. 646 712 1347
Fax.  646 417 5777
skatsh@katshlaw.com
*Attorneys for Defendants*