```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/6/11
```

(Effective 10/4/10)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
KNOLL, INC.                                              :        11 Civ. 0488        (AKH)
                                                         :
                    Plaintiff(s),                        :
                                                         :        CIVIL CASE MANAGEMENT PLAN
       -against-                                         :
                                                         :
MODERNO, INC. and URBAN MOD INC.                         :
D/B/A REGENCY SHOP, and MIKE SAXENA,                     :
                                                         :
                    Defendant(s).                        :
                                                         :
----------------------------------------------------------x

After consultation with counsel for the parties, the following Case Management Plan is adopted. This plan is also a scheduling order pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure.

A.  The case (is) (is not) to be tried to a jury. [Circle as appropriate].

B.  Non-Expert Discovery:

   1.  The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. All non-expert discovery is to be completed by 4/30/2012, which date shall not be adjourned except upon a showing of good cause and further order of the Court. Interim deadlines for specific discovery activities may be extended by the parties on consent without application to the Court, provided the parties are certain that they can still meet the discovery completion date ordered by the Court.

       a.  The parties shall list the contemplated discovery activities and anticipated completion dates in Attachment A, annexed hereto.

   2.  Joinder of additional parties must be accomplished by 1/20/2012

   3.  Amended pleadings may be filed without leave of the Court until:
       Plaintiff's Position: 1/20/2012.

Defendants' Position: On November 30, 2011, Defendants amended their Answer and omitted any counterclaim. Defendants' position is that the pleadings are complete as of November 30. [~~N.b., there is pending Defendants' request, by letter of November 29, 2011 (delivered on November 29), that the CMO be postponed so that Defendants may file a motion for judgment on the pleadings under Rule 12(c); by letter of November 28, 2011, Plaintiff has opposed this request, to which letter Defendants replied on that same date.~~] 

C. For all causes of action seeking monetary damages, each party shall identify and quantify in Attachment B, annexed hereto, each component of damages alleged; or, if not known, specify and indicate by what date Attachment B shall be filed providing such information.

D. Motions, Settlement, Second Pre-Trial Conference, and Expert Discovery:

1. Upon the conclusion of non-expert discovery, and no later than the date provided below, the parties may file dispositive motions. The parties shall agree to a schedule, and promptly submit same for the Court's approval, providing for no more than three rounds of serving and filing papers: supporting affidavits and briefs, opposing affidavits and briefs, and reply affidavits and briefs. The last day for filing dispositive motions shall be 5/30/2012_____. (Counsel shall insert a date 30 days after the completion date for non-expert discovery.)

    a. There shall be no cross-motions. Any motions not made by the agreed date shall, unless the court orders otherwise, not be considered until after the timely-filed motion is determined.

    b. Papers served and filed by the parties shall conform to the requirements set out in the Court's Individual Rules.

2. Either before or after the motion schedule set out above, counsel for the parties shall meet for at least two hours at the office of plaintiff's counsel, to discuss settlement. The date for the meeting (*proposed by Plaintiff only*) is 2/1/2012, at 10 a.m. (Counsel shall insert a date but, at the option of either, the date may be canceled upon the service or filing of a dispositive motion and notice to the court.) [~~Defendants' counsel request that settlement initiatives should be commenced immediately, including the good offices of the Court, mediation or other alternative dispute resolution procedures.~~]

3. Approximately one week thereafter, the parties shall meet with the Court for a Second Case Management Conference to discuss the status of the case, the status and prospects of settlement and whether alternative disputes-resolution procedures should be utilized, the need for and a schedule regulating experts and expert-discovery, a discovery bar date, and any other issue counsel or the Court

*May 18, 2012*

wish to discuss. The Case Management Conference will be held on ___ at 10:00 a.m. (The Court will set this date at the Initial Case Management Conference.)

E. Any request for relief from any date provided in this Case Management Plan shall conform to the Court's Individual Rules, and include an order, showing consents and disagreements of all counsel, setting out all dates that are likely to be affected by the granting of the relief requested, and proposed modified dates. Unless and until the Court approves the proposed order, the dates provided in this Plan shall be binding.

F. A final pre-trial conference will be held on a date to be set, as close as possible to the date that trial is expected to begin. The parties, three days before said meeting, shall submit their pre-trial order, conforming to the Court's Individual Rules and, at the conference, deliver their exhibit books containing all exhibits the parties actually intend to offer at the trial.

G. Pre-Trial Motions:

Applications for adjournments and for discovery or procedural rulings will reflect or contain the positions of all parties, and otherwise conform to my Individual Rule 1(D). Unless the Court rules otherwise, motions shall not modify or delay the conduct of discovery or the schedules provided in this Case Management Plan.

SO ORDERED.

DATED:   New York, New York
         Dec. 2, 2011

                                          ALVIN K. HELLERSTEIN
                                          United States District Judge

## ATTACHMENT A

The Parties are to list the discovery activities (i.e., production of documents, number of depositions, requests to admit, interrogatories) and anticipated completion dates:

| DISCOVERY ACTIVITIES | COMPLETION DATE |
| --- | --- |
| 1. Submission of protective order to Court | 12/20/2011 |
| 2. Initial Disclosures to be exchanged | 12/23/2011 |
| 3. Plaintiff's position: First set of Interrogatories to be served | 12/15/2011 |
| Defendants' position: Rule 33 request(s) should be finally answered by | 4/30/2012 |
| 4. Plaintiff's position: First set of document requests to be served | 12/15/2011 |
| Defendants' position: Rule 34 request(s) should be finally answered by | 4/30/2012 |
| 5. Plaintiff's position: Third party subpoenas to be served by | 1/31/2012 |
| Defendants' position: Third party discovery should be completed by | 4/30/2012 |

| | |
|---|---|
| 6. Party Depositions Completed | 4/30/2012 |
| 7. Plaintiff's position: First set of requests for admission to be served | 2/15/2012 |
| Defendants' position: Requests to admit should be finally responded to by | 4/30/2012 |

## ATTACHMENT B

For all causes of action seeking monetary damages, each party shall identify and quantify each component of damages alleged:

1. **PLAINTIFF'S CLAIMS:**

Plaintiff Knoll's Position

Knoll seeks the profits of each of the Defendants resulting from their sale of infringing products. Knoll believes that its damages are in excess of $1,000,000 but cannot calculate its damages because this action is in its infancy. Knoll will quantify these amounts once it has received discovery on Defendants' gross sales from Defendants. Additionally, Knoll seeks an award three times the amount of its damages or defendants' profits, whichever is greater, on the ground that Defendants' actions are willful. Knoll also seeks the cost of this action, as well as reasonable attorney's fess

Defendants' Position

Beyond Defendants' defenses on the merits, including the fact that, given the disclaimers Defendants have adopted and portray on their website, confusion would be impossible in this case, Defendants' IBIZA-trademarked replicas, selling for as little as $345, do not compete with Knoll's Barcelona-trademarked "originals", which are museum quality products selling for many thousands of dollars. Plaintiff will be unable to prove that it has lost any sales of its "authentic" products to Defendants' reproductions. Defendants submit that Knoll's estimate of damages "in excess of $1,000,000", and suggestions for the award of special damages and attorneys fees, are wholly irresponsible and proffered in bad faith, and Defendants reserve their rights under Rule 11.

2. **COUNTERCLAIMS AND CROSS-CLAIMS:**

None.