UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

KNOLL, INC.,

                                        Plaintiff,                  No. 11 cv. 0488 (AKH)
                                                                       ECF CASE

   -against-

MODERNO, INC. AND URBAN MOD, INC.
d/b/a REGENCY SHOP, AND MIKE SAXENA

                                               Defendants.
_____

<u>Defendants' First Notice of Deposition of Plaintiff</u>

     PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, defendants will take the deposition of the Knoll representative(s) with knowledge of the matters listed in Exhibit A, commencing on January 23, 2012 and continuing from day to day thereafter until completed, at the offices of Gottlieb, Rackman & Reisman, 270 Madison Ave., NY NY 10016.

     PLEASE TAKE FURTHER NOTICE that, pursuant to Rule 30(b)(2) and Rule 34 of the Federal Rules of Civil Procedure, the documents listed in Exhibit B shall be made available for inspection and copying for purposes of this deposition no later than January 20, 2012. The definitions and instructions set forth in Defendants' First Rule 34 Request shall apply to this Request.

Dated: January 6, 2012

                                                                                     /s/_Salem M. Katsh_____
                                                                                     Katsh & Associates LLC
                                                                                     64 Main Street
                                                                                      Hastings on Hudson
                                                                                     New York 10706

2

>Robert Tilewick, Esq.
>36 Putnam Green, Suite U
>Greenwich, CT 06830

Case 1:11-cv-00488-AKH   Document 41   Filed 01/06/12   Page 2 of 4

2

<u>Exhibit A</u>

A. Knoll's contention, in paragraph 50 of its Amended Complaint, that "As a result of Defendants' improper sale of furniture in the form of the designs that are the subject of Knoll's trademark registrations, architects, the furniture trade and the purchasing public are likely to buy Defendants' products in the erroneous belief that they are authorized reproductions of Knoll's trademarked designs or that the furniture items are otherwise associated with Knoll."

B. Communications by Knoll to third parties, prior to October 22, 2004, concerning replicas or "knockoffs" of the product designs in question.

Exhibit B

A.  Documents consisting of communications from third parties that evidence, in regard to regencyshop.com, Knoll's claim in paragraph 50 of the Amended Complaint, and any other documents that, with respect to the product designs in question, relate to the issue of confusion and regenecyshop.com.

B.  Documents consisting of communications by Knoll to third parties, prior to October 22, 2004, concerning replicas or "knockoffs" of the product designs in question.