UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KNOLL, INC.,<br><br>*Plaintiff,*<br><br>v.<br><br>MODERNO, INC. D//B/A REGENCY SHOP, and MIKE SAXENA,<br><br>*Defendants.* | Civil Action No. 11-CIV-00488 (AKH)<br><br>ECF CASE<br><br>JURY TRIAL DEMANDED |

### MEMORANDUM OF LAW OF PLAINTIFF RELATING TO MOTION BY COUNSEL FOR DEFENDANTS FOR LEAVE TO WITHDRAW

This memorandum of law is submitted by Plaintiff in connection with the motion by Katsh & Associates, LLC and Robert Tilewick, Esq. to withdraw as counsel of record for defendants.

### BACKGROUND AND STATUS OF THIS ACTION

Salem M. Katsh, Esq. has appeared as counsel for defendants since July 20, 2011, and Robert Tilewick, Esq. has appeared as counsel for defendants since December 2, 2011. Both counsel have actively participated in various motions before the Court, have communicated with the Court on discovery motions and have actively been involved in discovery between the parties. Thus, these attorneys are intimately familiar with all of the defendants and the defendants' position as to the merits of their defense.

As to the status of this case, the Court on December 6, 2011 issued a Scheduling Order, a copy of which is attached as Exhibit A. A status conference is scheduled for May 18, 2012 at 10:00 am.

Fact discovery presently closes on April 30, 2012 pursuant to the Scheduling Order.

The Court will recall that defendants moved to dismiss for lack of personal jurisdiction, which was denied, moved for judgment on the pleadings, and that motion was denied by the Court at oral argument on March 12, 2012. Defendants also moved by way of temporary restraining order to prevent Plaintiff from proceeding against internet service providers with whom defendants were associated, and the Court at the March 12, 2012 hearing also denied their request.

Since the March 12, 2012 hearing, Mr. Tilewick has engaged with counsel for Plaintiff in settlement negotiations, but such settlement negotiations have not resulted in a settlement. Settlement negotiations terminated on April 20, 2012.

On April 20, 2012, Plaintiff's counsel served upon counsel for defendants, a document entitled: "Objections to Document Discovery by Defendants", objecting to inadequate discovery responses by defendants. In fact, this document was prepared by counsel for Plaintiff several weeks ago, but has now been served only because settlement negotiations were terminated on April 20, 2012.

Thus, two matters are currently of importance in connection with defendants' counsel's request: (a) defendants' failure to comply with Plaintiff's discovery request; and (b) a fact-discovery closing deadline of April 30, 2012.

A. **Defendants' Counsel Should be Required to Inform the Corporate Defendants that Withdrawal May Place Them Into Default**

Corporations cannot appear in federal court *pro se*. Removal of counsel of record without being replaced by new counsel will likely result in the issuance of a default judgment against both of these corporations. *Donna De Curtis, v. Upward Bound*

2

*International, Inc., d/b/a/ Upward Bound Travel, and Thomas Ferrandina*, 2009 U.S. Dist. Lexis 111009 (S.D.N.Y 2009). Therefore, counsel for defendants should be directed to inform the corporate defendants of the possibility of default upon their withdrawal and without new counsel appearing, and that should be set forth in a supplemental affidavit.

**B.   Present Counsel Should Remain of Record Until New Counsel Enter Case**

Defendants discharged Samuel M. Katsh on March 15, 2012, over one month ago. See Salem Katsh Affidavit at paragraph 3. Counsel for defendants knew that new counsel would be needed to continue to represent at least the corporate defendants, and probably the individual defendant. Apparently no new counsel has been obtained, even though defendants have already had over a month to find new counsel. No declaration is submitted by any party explaining what efforts, if any, the defendants made to secure new counsel. Presumably, none was made. Thus, since Mr. Katsh and Mr. Tilewick are very familiar with defendants and the merits of defendants' case, they should be required to remain in the case until new counsel enter of record. See *Sentient Flight Group, LLC, v. Samuel Klein*, 2011 U.S. Dist. Lexis 42153 (S.D.N.Y. 2011).

Finally, in view of the Court's decision on the motion for judgment on the pleadings and decision on defendants' application for a temporary restraining order, the Court is advised that Plaintiff intends to promptly move for summary judgment in its behalf and against all of the defendants, on the issue of liability.

**C.   No Stay Should be Granted**

Since this case was filed on January 24, 2011, and since fact discovery ends on April 30, 2012, it would prejudice Plaintiff to now grant the motion by counsel for

defendants for a stay to delay proceedings, and then at some indefinite date in the future, new counsel might be retained, and they would surely request additional time to become acquainted with the case. Defendants continue to market "replica" items of furniture, namely copies of Plaintiff's "Barcelona Collection" items. Plaintiff is entitled to a prompt remedy.

## CONCLUSION

For the foregoing reasons, Plaintiff requests the following:

(a) That defendants' counsel be directed to inform the corporate defendants that upon withdrawal of counsel, they may be in a position of default, unless new counsel enters the case for them;

(b) That no stay of proceedings be granted; and

(c) That defendants' counsel remain as counsel for the defendants, until new counsel are retained and made of record in the case.

Dated: April 25, 2012
New York, N.Y.

Respectfully submitted,

By: _____
George Gottlieb (GG-5761)
ggottlieb@grr.com
Marc P. Misthal (MPM 6636)
mmisthal@grr.com

GOTTLIEB, RACKMAN & REISMAN, P.C.
270 Madison Avenue, 8th Floor
New York, New York 10016
(212)684-3900 Tel.
(212) 684-3999 Fax.

**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Memorandum of Law of Plaintiff Relating to Motion By Counsel for Defendants For Leave to Withdraw was served by Email and first class mail on April 25, 2012, upon the attorneys listed below.

Salem M. Katsh, Esq.
Katsh & Associates LLC
64 Main Street
Hastings on Hudson, New York 10706
skatsh@katshlaw.com

and

Robert Tilewick, Esq.
36 Putnam Green, Suite U
Greenwich, CT 06830
rtilewick@msn.com

_____
Dahlia A. Bowie

**EXHIBIT A**

Case 1:11-cv-00488-AKH Document 34 Filed 12/06/11 Page 1 of 6

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/6/11
```

(Effective 10/4/10)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KNOLL, INC.                                       :           11 Civ. 0488    (AKH)
                                                  :
                                                  :
                        Plaintiff(s),             :
                                                  :           CIVIL CASE MANAGEMENT PLAN
        -against-                                 :
                                                  :
MODERNO, INC. and URBAN MOD INC.                  :
D/B/A REGENCY SHOP, and MIKE SAXENA,              :
                                                  :
                                                  :
                        Defendant(s).             :
                                                  :
------------------------------------------------------------X

        After consultation with counsel for the parties, the following Case Management Plan is adopted. This plan is also a scheduling order pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure.

   A.   The case (is) (is not) to be tried to a jury. [Circle as appropriate].

   B.   Non-Expert Discovery:

        1.   The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. All non-expert discovery is to be completed by 4/30/2012, which date shall not be adjourned except upon a showing of good cause and further order of the Court. Interim deadlines for specific discovery activities may be extended by the parties on consent without application to the Court, provided the parties are certain that they can still meet the discovery completion date ordered by the Court.

             a.   The parties shall list the contemplated discovery activities and anticipated completion dates in Attachment A, annexed hereto.

        2.   Joinder of additional parties must be accomplished by 1/20/2012

        3.   Amended pleadings may be filed without leave of the Court until:
             Plaintiff's Position: 1/20/2012.

Page 1 of 6

Case 1:11-cv-00488-AKH Document 34 Filed 12/06/11 Page 2 of 6

Defendants' Position: On November 30, 2011, Defendants amended their Answer and omitted any counterclaim. Defendants' position is that the pleadings are complete as of November 30. [N.b., there is pending Defendants' request, by letter of November 28, 2011 (delivered on November 29), that the CMO be postponed so that Defendants may file a motion for judgment on the pleadings under Rule 12(c); by letter of November 28, 2011, Plaintiff has opposed this request, to which letter Defendants replied on that same date.]



C. For all causes of action seeking monetary damages, each party shall identify and quantify in Attachment B, annexed hereto, each component of damages alleged; or, if not known, specify and indicate by what date Attachment B shall be filed providing such information.

D. Motions, Settlement, Second Pre-Trial Conference, and Expert Discovery:

1. Upon the conclusion of non-expert discovery, and no later than the date provided below, the parties may file dispositive motions. The parties shall agree to a schedule, and promptly submit same for the Court's approval, providing for no more than three rounds of serving and filing papers: supporting affidavits and briefs, opposing affidavits and briefs, and reply affidavits and briefs. The last day for filing dispositive motions shall be 5/30/2012_____. (Counsel shall insert a date 30 days after the completion date for non-expert discovery.)

    a. There shall be no cross-motions. Any motions not made by the agreed date shall, unless the court orders otherwise, not be considered until after the timely-filed motion is determined.

    b. Papers served and filed by the parties shall conform to the requirements set out in the Court's Individual Rules.

2. Either before or after the motion schedule set out above, counsel for the parties shall meet for at least two hours at the office of plaintiff's counsel, to discuss settlement. The date for the meeting (*proposed by Plaintiff only*) is 2/1/2012, at 10 a.m. (Counsel shall insert a date but, at the option of either, the date may be canceled upon the service or filing of a dispositive motion and notice to the court.) Defendants' counsel request that settlement initiatives should be commenced immediately, including the good offices of the Court, mediation or other alternative dispute resolution procedures.

3. Approximately one week thereafter, the parties shall meet with the Court for a Second Case Management Conference to discuss the status of the case, the status and prospects of settlement and whether alternative disputes-resolution procedures should be utilized, the need for and a schedule regulating experts and expert-discovery, a discovery bar date, and any other issue counsel or the Court

Page 2 of 6

May 18, 2012

wish to discuss. The Case Management Conference will be held on ___ at 10ᵃᵐ ___ m. (The Court will set this date at the Initial Case Management Conference.)

E. Any request for relief from any date provided in this Case Management Plan shall conform to the Court's Individual Rules, and include an order, showing consents and disagreements of all counsel, setting out all dates that are likely to be affected by the granting of the relief requested, and proposed modified dates. Unless and until the Court approves the proposed order, the dates provided in this Plan shall be binding.

F. A final pre-trial conference will be held on a date to be set, as close as possible to the date that trial is expected to begin. The parties, three days before said meeting, shall submit their pre-trial order, conforming to the Court's Individual Rules and, at the conference, deliver their exhibit books containing all exhibits the parties actually intend to offer at the trial.

G. Pre-Trial Motions:

Applications for adjournments and for discovery or procedural rulings will reflect or contain the positions of all parties, and otherwise conform to my Individual Rule 1(D). Unless the Court rules otherwise, motions shall not modify or delay the conduct of discovery or the schedules provided in this Case Management Plan.

SO ORDERED.

DATED:   New York, New York
         Dec. 2, 2011

                                           ALVIN K. HELLERSTEIN
                                           United States District Judge

## ATTACHMENT A

The Parties are to list the discovery activities (i.e., production of documents, number of depositions, requests to admit, interrogatories) and anticipated completion dates:

| DISCOVERY ACTIVITIES | COMPLETION DATE |
|---|---|
| 1. Submission of protective order to Court | 12/20/2011 |
| 2. Initial Disclosures to be exchanged | 12/23/2011 |
| 3. Plaintiff's position: First set of Interrogatories to be served | 12/15/2011 |
| Defendants' position: Rule 33 request(s) should be finally answered by | 4/30/2012 |
| 4. Plaintiff's position: First set of document requests to be served | 12/15/2011 |
| Defendants' position: Rule 34 request(s) should be finally answered by | 4/30/2012 |
| 5. Plaintiff's position: Third party subpoenas to be served by | 1/31/2012 |
| Defendants' position: Third party discovery should be completed by | 4/30/2012 |

Page 4 of 6

| | |
|---|---|
| 6. Party Depositions Completed | 4/30/2012 |
| 7. Plaintiff's position: First set of requests for admission to be served | 2/15/2012 |
| Defendants' position: Requests to admit should be finally responded to by | 4/30/2012 |

## ATTACHMENT B

For all causes of action seeking monetary damages, each party shall identify and quantify each component of damages alleged:

1. **PLAINTIFF'S CLAIMS:**

Plaintiff Knoll's Position

Knoll seeks the profits of each of the Defendants resulting from their sale of infringing products. Knoll believes that its damages are in excess of $1,000,000 but cannot calculate its damages because this action is in its infancy. Knoll will quantify these amounts once it has received discovery on Defendants' gross sales from Defendants. Additionally, Knoll seeks an award three times the amount of its damages or defendants' profits, whichever is greater, on the ground that Defendants' actions are willful. Knoll also seeks the cost of this action, as well as reasonable attorney's fess

Defendants' Position

Beyond Defendants' defenses on the merits, including the fact that, given the disclaimers Defendants have adopted and portray on their website, confusion would be impossible in this case, Defendants' IBIZA-trademarked replicas, selling for as little as $345, do not compete with Knoll's Barcelona-trademarked "originals", which are museum quality products selling for many thousands of dollars. Plaintiff will be unable to prove that it has lost any sales of its "authentic" products to Defendants' reproductions. Defendants submit that Knoll's estimate of damages "in excess of $1,000,000", and suggestions for the award of special damages and attorneys fees, are wholly irresponsible and proffered in bad faith, and Defendants reserve their rights under Rule 11.

2. **COUNTERCLAIMS AND CROSS-CLAIMS:**

None.