UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KNOLL, INC.,<br><br>    *Plaintiff,*<br><br>    v.<br><br>MODERNO, INC. and URBAN MOD, INC., D/B/A REGENCY SHOP, and MIKE SAXENA,<br><br>    *Defendants.* | Civil Action No.  11 CV 0488 (AKH)<br>ECF Case |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE ISSUE OF DEFENDANTS' <u>LIABILITY FOR TRADEMARK INFRINGEMENT</u>**

                 GOTTLIEB, RACKMAN & REISMAN, P.C.
                 George Gottlieb, Esq.
                 Marc P. Misthal, Esq.
                 270 Madison Avenue
                 New York, New York 10016
                 (212) 684-3900

# TABLE OF CONTENTS

Page

Table of Contents ... i

Table of Authorities/Cases ... ii

Rules and Statues ... iii

Introduction ... 1

Facts ... 1

Argument ... 5

Point I. The Summary Judgment Standard ... 5

Point II. The Test For Trademark Infringement ... 6

A. Knoll's Incontestable Trademark Registrations Are Presumptively Valid ... 7

B. There Is A Likelihood of Confusion Between Knoll's Trademarks And Defendants' "Replica" Products ... 8

Conclusion ... 11

## **TABLE OF AUTHORITIES**

**CASES**                  **Page**

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242, 248 (1986) ............................................................................................ 5

*Chanel, Inc. v. Veronique Idea Corp.,* ................................................................................ 9
    795 F.Supp.2d 262, 267 (S.D.N.Y. 2011)

*Contemporary Mission, Inc. v. U.S. Postal Serv.,*
    648 F.2d 97, 107 n.14 (2d Cir. 1981)........................................................................ 6

*Kulak v. City of New York*,
    88 F.3d 63, 71 (2d Cir. 1996) ..................................................................................... 6

*Lane Capital Mgmt., Inc. v. Lane Capital Mgmt., Inc.*, ..................................................... 6
    192 F.3d 337, 344 (2d Cir. 1999)

*Lane Capital Mgmt., Inc. v. Lane Capital Mgmt., Inc.*, ..................................................... 7
    192 F.3d 337, 345 (2d Cir. 1999)

*Lexington Management Corp. v. Lexington Capital Partners*, ...................................... 10
    10 F.Supp.2d 271, 287 (S.D.N.Y. 1998)

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, ......................................................... 6
    475 U.S. 574, 586 (1986)

*Polaroid Corp. v. Polaroid Elecs. Corp.*, ........................................................................... 8
    287 F.2d 492 (2d Cir. 1961)

*The Topps Co. v. Gerrit J. Verburg Co.*, ........................................................................... 8
    41 U.S.P.Q.2d 1412, 1417 (S.D.N.Y. 1996)

*Weinstock v. Columbia University*,
    224 F.3d 33, 41 (2d Cir. 2000)................................................................................... 6

*Yurman Studio, Inc. v. Castaneda*.................................................................................... 8
    591 F.Supp.2d 471, 498 (S.D.N.Y. 2008)

## RULES AND STATUTES

Fed. R. Civ. P. 8 (b)(6) ............................................................................................... 1

Fed. R. Civ.P. 56 (c) ................................................................................................... 5

15 U.S.C. § 1057 (b) ................................................................................................... 7

15 U.S.C. § 1114 (1)(a) ............................................................................................... 6

15 U.S.C. § 1115 (b) ................................................................................................... 7

Plaintiff Knoll, Inc. ("Knoll") respectfully submits this Memorandum of Law in support of its motion for partial summary judgment on the issue of defendants' liability for infringement of Knoll's incontestable trademark registrations for the Barcelona Chair, Barcelona Stool, Barcelona Couch and Barcelona Table (Count 1 of the Amended Complaint).[1]  Plaintiff also submits its statement pursuant to Local Rule 56.1 and the Declaration of Marc P. Misthal.

## INTODUCTION

By this motion, Knoll seeks a judgment that Defendants Moderno, Inc., Urban Mod, Inc. and Mike Saxena (collectively "Defendants") are liable for infringing Knoll's federally registered trademarks for the configurations of the furniture items at issue in this action.  There is no real dispute that the products being offered for sale by Defendants are in the same configurations as shown in Knoll's incontestable trademark registrations; after all, the reason that Defendants sell their knock-off products is so that they can free-ride on the goodwill developed by Knoll.  Accordingly, Defendants promote their knock-off products as low-priced "replicas" of products offered for sale by Knoll.  Such conduct cannot be countenanced.

## FACTS

Knoll is a leading manufacturer of branded furniture, and is located in Manhattan.[2]  Since at least as early as January 1, 1954, Knoll and its predecessors in interest have continuously manufactured, displayed, promoted and sold several well-known and iconic furniture items at issue here, namely the Barcelona Chair, Barcelona

---

[1] At this time Knoll is not seeking summary judgment on the issues of damages and attorney's fees.
[2] In their Amended Answer, Defendants specifically deny parts of some allegations but not others. Pursuant to Fed. R. Civ. P. 8 (b)(6), Defendants have admitted those parts of allegations that they have not denied.

Stool, Barcelona Couch, and the Barcelona Table (collectively the "Barcelona Collection").  The configurations of each of these items are the subject of Knoll's <u>incontestable</u> federal trademark registrations granted by the U.S. Patent and Trademark Office ("Trademark Office") after examination of Knoll's applications.  Misthal Declaration, Paras. 4-7 and Exhibits A-D.

Defendants, through their website at www.regencyshop.com, sell, without authorization from Knoll, furniture in essentially the same configurations shown in Knoll's trademark registrations.  Defendant Moderno, Inc. owned the RegencyShop.com website until February 2011, and Defendant Urban Mod, Inc. has owned it since February 2011.  Defendant Mike Saxena runs and operates this website.  Amended Complaint, Para. 9 (Docket No. 29); Amended Answer of Defendants, Para. 4 and Exhibit B (Docket No. 32); Mike Saxena February 13, 2012 Declaration in Support of Application for Order to Show Cause, Para. 1 (attached to Misthal Declaration as Exhibit G); February 21, 2012 Declaration of Mike Saxena, Para. 3 (Docket No. 57).

In January 2011, after Defendants were on notice of Knoll's rights but prior to the filing of this lawsuit, the page on the RegencyShop.com website about Defendants' "Ibizia Chair" (their copy of the Barcelona Chair) stated that "[t]his item is not an original Barcelona Chair, nor is it manufactured or affiliated with Knoll."  The header on the page read "IBIZA CHAIR *Only $345 – HIGH QUALITY* barcelona chair…."  Further, at the very bottom of the page was a statement that "Regency Shop provides high quality interpretations of modern classics from Knoll, Cassina, Fritz Hansen, Herman Miller, Eero Aarino, Saarinen, and others."  The page for the Ibiza Bench has similar language.  Misthal Declaration, Para. 8 and Exhibit E.

After the filing of this action, Defendants modified those pages of their website relating to their knock-offs of the items in the Barcelona Collection. The modified page about defendants' Ibiza Chair had (and continues to have) the following statements:

> OUR IBIZA CHAIR IS A REPLICA OF A CHAIR DESIGNED IN 1929 BY MIES VAN DER ROHE, OFTEN REFERRED TO AS THE BARCELONA CHAIR. KNOLL, INC. PRODUCES AND SELLS THE AUTHENTIC BARCELONA CHAIR….
>
> WHILE THE IBIZA CHAIR HAS A SIMILAR DESIGN TO THE BARCELONA CHAIR SOLD BY KNOLL, REGENCYSHOP CANNOT GUARANTEE THAT THE REPLICA HAS A SIMILAR DESIGN TO THE EXACT SPECIFICATIONS OF THE CHAIR DESIGNED BY MIES VAN DER ROHE AND SOLD BY KNOLL.
>
> This item is not an original Barcelona Chair, nor is it manufactured by or affiliated with Knoll.
>
> Misthal Declaration, Para. 9 and Exhibit F.

A comparison of the items in the Barcelona Collection and the knock-off products offered by Defendants demonstrates that Defendants' intent is to offer cheap knock-offs of Knoll's products.

| Knoll's Barcelona Products | Defendants' Knock-Off Products |
|---|---|
| Knoll's Barcelona Chair (Image from Reg. No. 2,893,025) | Defendants' "Replica" (Image from defendants' website http://www.regencyshop.com/p63/Ibiza-Chair---100%25-Leather,-Stainless-Steel/product_info.html?osCsid=f943c91ba2179b6b81fee3c4535ac81c) |
| Knoll's Barcelona Stool (Image from Reg. No. 2,894,977) | Defendants' "Replica" (Image from defendants' website http://www.regencyshop.com/p434/Ibiza-Ottoman/product_info.html) |
| Knoll's Barcelona Table (Image from Reg. No. 2,894,979) | Defendants' "Replica" (Image from defendants' website http://www.regencyshop.com/p68/Ibiza-Coffee-Table/product_info.html) |

| | |
|---|---|
| <br>Knoll's Barcelona Couch (Image from Reg. No. 2,894,980) | <br>Defendants' "Replica" (Image from defendants' website http://www.regencyshop.com/p69/Ibiza-Leather-Day-Bed/product_info.html) |
| <br>Knoll's Barcelona Couch (Image from Reg. No. 2,894,980 ) | <br>Defendants' "Replica" (Image from defendants' website http://www.regencyshop.com/p87/Ibiza-Leather-Bench/product_info.html) |

## ARGUMENT

### I. THE SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is not genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56 (c).  A fact is material if it might affect the outcome of the suit under the governing law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The mere existence of some alleged factual disputes will not defeat an otherwise properly supported motion:  the requirement is that there is no *genuine* issue of *material* fact.  Id.

The party opposing summary judgment must come forward with facts showing there is a genuine factual issue for trial. The opposing party's facts "must be material and of a substantial nature, not fanciful, frivolous, gauzy, spurious, irrelevant, gossamer inferences, conjectural, speculative, nor merely suspicions." <u>Contemporary Mission, Inc. v. U.S. Postal Serv.</u>, 648 F.2d 97, 107 n.14 (2d Cir. 1981).  Mere "conclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment."  <u>Kulak v. City of New York</u>. 88 F.3d 63, 71 (2d Cir. 1996).  Establishing such facts requires going beyond the allegations of the pleadings, as the moment has arrived "'to put up or shut up.'" <u>Weinstock v. Columbia University</u>, 224 F.3d 33, 41 (2d Cir. 2000).  While a court must resolve ambiguities and draw reasonable inferences against the movant, "there must be more than a scintilla of evidence in the non-movant's favor; there must be evidence upon which a fact-finder could reasonably find for the non-movant."  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).

## II. **THE TEST FOR TRADEMARK INFRINGEMENT**

Section 32(1)(a) of the Lanham Act protects trademark owners against the use in commerce of a "reproduction, counterfeit, copy, or colorable imitation of a registered mark" where "such use is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114 (1)(a). To establish a claim for trademark infringement, a trademark owner must show both that it has a valid mark that is entitled to protection and that the infringer's actions are likely to cause confusion.  <u>Lane Capital Mgmt., Inc. v. Lane Capital Mgmt., Inc.</u>, 192 F.3d 337, 344 (2d Cir. 1999).  As set forth below, Knoll owns incontestable trademark registrations for the configurations of each of the items in the

Barcelona Collection, and the knock-off products sold by Defendants are likely, as a matter of law and common sense, to cause confusion with Knoll's products.

### A.  Knoll's Incontestable Trademark Registrations Are Presumptively Valid

Knoll's incontestable trademark registrations[3] for the specific configurations of the items in the Barcelona Collection are presumptively valid.  See 15 U.S.C. § 1057 (b) ("[a] certificate of registration of a mark upon the principal register provided by this Act shall be prima facie evidence of the validity of the registered mark and of the registration of the mark…and of the owner's exclusive right to use the registered mark," emphasis added); Lane Capital Mgmt., Inc., 192 F.3d at 345 (registration certificate is prima facie evidence that the registered mark is valid and enforceable).  Thus, "when a plaintiff sues for infringement of its registered trademark, the defendant bears the burden to rebut the presumption of [the] mark's protectability by a preponderance of the evidence."  Id.  As Defendants concede, this is the case even where the registered mark is a product configuration.  See Defendants' Memorandum of Law in Support of Motion for Judgment on the Pleadings, fn. 13 (Docket No. 38).  Moreover, if a mark becomes incontestable, its registration is conclusive evidence of the validity of the registered mark, and "of the registrant's exclusive right to use the registered mark in commerce."  15 U.S.C. § 1115 (b).  Thus, Knoll's incontestable registrations for its Barcelona Chair, Barcelona Stool, Barcelona Table and Barcelona Couch are presumptively valid and evidence of Knoll's exclusive right to use.

---

[3] Since Knoll's registrations are incontestable, Defendants cannot challenge the fact that the marks in those registrations have acquired secondary meaning.  See 15 U.S.C. § 1115 (b) (setting forth grounds on which incontestable registration may be challenged).

7

**B. There is a Likelihood of Confusion Between Knoll's Trademarks and Defendants' "Replica" Products[4]**

In the Second Circuit, whether a likelihood of confusion exists is usually determined by engaging in a weighing analysis using the eight Polaroid factors: (1) the strength of plaintiff's mark; (2) the similarity between plaintiff's and defendant's marks; (3) the proximity of the products; (4) the likelihood that plaintiff will "bridge the gap"; (5) actual confusion between products; (6) defendant's good or bad faith to adopting the marks; (7) the quality of defendant's product; and (8) the sophistication of the buyers. Polaroid Corp. v. Polaroid Elecs. Corp., 287 F.2d 492 (2d Cir. 1961). However, "[n]o single factor is dispositive, nor is a court limited to consideration of only these factors." Brennan's Inc. v. Brennan's Restaurant LLC, 360 F.3d 125, 130 (2d Cir. 2004).

However, as pertinent here, in some circumstances a court may grant summary judgment without considering all of the Polaroid factors. For example,

> where a registered trademark is owned by the plaintiff, and where the product configuration used by the defendants is substantially "the same exact mark as" used by plaintiff, "there is more than a mere likelihood of confusion" between the former and the latter. Where the marks are identical, and the goods are also identical and directly competitive, the decision can be made directly without a more formal and complete discussion of all of the Polaroid factors. (Internal citations omitted).

The Topps Co. v. Gerrit J. Verburg Co., 41 U.S.P.Q.2d 1412, 1417 (S.D.N.Y. 1996).

See also Yurman Studio, Inc. v. Castaneda, 591 F.Supp.2d 471, 498 (S.D.N.Y. 2008)

---

[4] Defendants are liable for trademark infringement whether there is a likelihood of confusion at the point of sale or in the post-sale context. Indeed, the Second Circuit has recognized that "post-sale confusion can occur when a manufacturer of knockoff goods offers consumers a cheap knockoff copy of the original manufacturer's more expensive product, thus allowing a buyer to acquire the prestige of owning what appears to be the more expensive product" even where consumers know they are buying a knock-off. Hermes Intn'l. v. Lederer de Paris Fifth Avenue, Inc., 219 F.3d 104 (2d Cir. 2000).

8

(use of a counterfeit mark makes a traditional likelihood of confusion analysis unnecessary since counterfeit marks, by their very nature, cause confusion).

Here, there can be no question that the type of goods sold by both Knoll and Defendants are identical—both parties are selling furniture to consumers interested in contemporary, designer furniture.  Moreover, Knoll and Defendants are selling furniture in the same configurations.  As shown above, Knoll and Defendants are selling furniture in the configurations that are the subject of Knoll's incontestable trademark registrations.  Indeed, the whole point of Defendants' sale of its knock-off "Ibiza" furniture products is to sell customers products that look just like the items in Knoll's Barcelona Collection and trade off of the goodwill of those items by causing confusion. See Chanel, Inc. v. Veronique Idea Corp., 795 F.Supp.2d 262, 267 (S.D.N.Y. 2011) ("causing consumer confusion is the entire purpose behind the manufacture of counterfeit goods.").  This is why the header on the webpage for Defendants' Ibiza Chair reads "IBIZA CHAIR *Only $345 – HIGH QUALITY* barcelona chair…."  Likewise, this is why Defendants website states that

> OUR IBIZA CHAIR IS A REPLICA OF A CHAIR DESIGNED IN 1929 BY MIES VAN DER ROHE, OFTEN REFERRED TO AS THE BARCELONA CHAIR.  KNOLL, INC. PRODUCES AND SELLS THE AUTHENTIC BARCELONA CHAIR….
>
> WHILE THE IBIZA CHAIR HAS A SIMILAR DESIGN TO THE BARCELONA CHAIR SOLD BY KNOLL, REGENCYSHOP CANNOT GUARANTEE THAT THE REPLICA HAS A SIMILAR DESIGN TO THE EXACT SPECIFICATIONS OF THE CHAIR DESIGNED BY MIES VAN DER ROHE AND SOLD BY KNOLL.

By these statements, Defendants have admitted 1) that Knoll makes the authentic Barcelona Collection and 2) that Defendants' knock-off Ibiza furniture is intended to look just like the items in Knoll's Barcelona Collection.

9

While the foregoing factors strongly support a finding of a likelihood of confusion, and render consideration of other factors unnecessary, an analysis of the remaining Polaroid factors does not help Defendants. Since Defendants' products are knock-offs of the items in Knoll's Barcelona Collection, the products are virtually identical and their proximity cannot be debated. Evidence of actual confusion is not necessary for an infringement claim. Lexington Management Corp. v. Lexington Capital Partners, 10 F.Supp.2d 271, 287 (S.D.N.Y. 1998). The bridging the gap factor considers the trademark owner's interest in expanding into other related fields; since the parties are both selling furniture, there is no field for Knoll to expand into, and therefore this factor is not entitled to any weight. Id. Further, there is no evidence as to the quality of Defendants' products or the sophistication of the buyers, so these factors are not entitled to any weight.

**CONCLUSION**

In view of the foregoing, Knoll's motion for partial summary judgment should be granted because there are no issues of material fact. Thus, Knoll requests judgment that (a) its U.S. trademark registrations, Nos. 2,893,025; 2,894,977; 2,894,979; and 2,894,980 are valid and enforceable; and (b) that Defendants have marketed furniture products in their "Ibiza" line which infringe said registrations, as alleged in Count 1 of the Amended Complaint.

In the event that the Court grants the requested relief, Knoll intends to dismiss the remaining counts of the Amended Complaint and move on to the issue of damages and attorney's fees to be awarded against Defendants.

> Respectfully submitted,
>
> GOTTLIEB, RACKMAN & REISMAN, P.C.
> George Gottlieb, Esq.
> Marc P. Misthal, Esq.
> Attorneys for Plaintiff
> 270 Madison Avenue
> New York, New York 10016
> (212) 684-3900
>
>
> By: ____/Marc P. Misthal/_____
> Marc P. Misthal (MM 6636)

Dated:     May 16, 2012
           New York, New York

11