**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KNOLL, INC., | Civil Action No. 11-CIV-00488 (AKH) |
| *Plaintiff,* | ECF CASE |
| v. | |
| MODERNO, INC., URBAN MOD D//B/A REGENCY SHOP, and MIKE SAXENA, | |
| *Defendants.* | |

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**
**ON ITS MOTION FOR PARTIAL SUMMARY JUDGMENT**
**ON THE ISSUE OF DEFENDANTS'**
**LIABILITY FOR TRADEMARK INFRINGMENT**

Plaintiff sets forth the following statement of material facts which it contends are not in dispute, with respect to Plaintiff's motion for partial summary judgment on the issue of defendants' liability for trademark infringement:

**THE PARTIES**

1. Plaintiff Knoll, Inc. ("Plaintiff" or "Knoll") is a corporation organized and existing under the laws of the State of Delaware, with an office at 76 Ninth Avenue, New York, New York 10021. (Citation: Declaration of Marc P. Misthal dated May 16, 2012 (hereinafter "Misthal Declaration"), Para. 2).

2. Knoll is a leading manufacturer of branded furniture. (Citation: Amended Complaint, Para. 4 (Docket No. 29); Defendants' Amended Answer, Para. 4 (Docket No. 32))

1

3. Defendant Moderno, Inc. ("Moderno") is a corporation organized and existing under the laws of the State of California, maintaining a place of business at 1661 S. Diamond Bar Boulevard, Diamond Bar, California (Citation: Amended Complaint, Para. 7 (a); Defendants' Amended Answer, Para. 7(a); August 9, 2011 declaration of Michael Saxena (Docket No. 15), para. 1).

4. Defendant Urban Mod, Inc. (Urban Mod) is a corporation organized and existing under the laws of Nevada, maintaining a place of business at 1625 W. 144th Street, Unit 2 Gardena, CA 90247. (Citation: Amended Complaint, Para. 7 (b); Amended Answer, Para. 7(b); August 9, 2011 declaration of Michael Saxena, para. 1).

5. Defendant Mike Saxena, ("Saxena") is an individual with an address at 1625 W. 144th Street, Unit 2, Gardenia, CA 90247, and is an officer of and a controlling agent of the corporate defendants. (Citation: Amended Complaint, Para. 8 ; Amended Answer, Para. 8; Mike Saxena February 13, 2012 Declaration in Support of Application for Order to Show Cause, Para. 1 (attached to Misthal Declaration as Exhibit G); February 21, 2012 Declaration of Mike Saxena, Para. 3 (Docket No. 57)).

## PLAINTIFF'S BARCELONA COLLECTION
## AND ITS TRADEMARK REGISTRATIONS

6. Plaintiff has been continuously manufacturing, displaying, promoting and selling the furniture items in the "Barcelona Collection" since 1954, which is prior to entry of defendants into the furniture field. (Citation: Misthal Declaration, Exhibits A-D).

7. The Barcelona Collection of furniture made and marketed by Knoll includes the Barcelona Chair, the Barcelona Stool, the Barcelona Couch, and the Barcelona Table, which were designed by the well-known Bauhaus architect, Mies van der Rohe. (Citation:  Misthal Declaration, Para. 3 ).

7. Defendants' website, www.regencyshop.com, calls Mies van der Rohe "A Master of the Bauhaus". (Citation: Amended Answer, Exhibit B).

8. On October 12, 2004 the Barcelona Chair was registered as a trademark with the United States Patent and Trademark Office.  Plaintiff's registration for the Barcelona Chair, No. 2,893,025, remains in full force and effect and is incontestable.  (Citation: Amended Complaint, Para. 28; Amended Answer, Para. 28; Misthal Declaration, Para. 4 and Exhibit A).

9. On October 19, 2004, the Barcelona Stool was registered as a trademark with the United States Patent and Trademark Office.  Plaintiff's registration for the Barcelona Stool, No. 2,894,977, remains in full force and effect and is incontestable.  (Citation: Amended Complaint, Para. 29; Amended Answer, Para. 29; Misthal Declaration, Para. 5 and Exhibit B).

10. On October 19, 2004, the Barcelona Couch was registered as a trademark with the United States Patent and Trademark Office.  Plaintiff's registration for the Barcelona Couch, No. 2,894,980, remains in full force and effect and is incontestable.  (Citation: Amended Complaint, Para. 30; Amended Answer, Para. 30; Misthal Declaration, Para. 6 and Exhibit C).

11. On October 19, 2004, the Barcelona Table was registered as a trademark with the United States Patent and Trademark Office.  Plaintiff's

registration for the Barcelona Table, No. 2,894,979, remains in full force and effect and is incontestable.  (Citation: Amended Complaint, Para. 31; Amended Answer, Para. 31; Misthal Declaration, Para. 7 and Exhibit D).

## **DEFENDANTS' ACTIVITIES**

12. Defendants now conduct and have in the past conducted their furniture business over the internet through their website at http://www.regencyshop.com, under the name "Regency Shop".  (Citation: August 9, 2010 Saxena Declaration, Paras. 1 and 23).

13. Defendant Mike Saxena "runs" and/or "operates" the website www.regencyshop.com  involved in this action. (Citation: Amended Complaint, Para. 9; Amended Answer of Defendants, Para. 4; Amended Answer, Exhibit B; Mike Saxena February 13, 2012 Declaration in Support of Application for Order to Show Cause, Para. 1; February 21, 2012 Declaration of Mike Saxena, Para. 3).

14. Defendant Mike Saxena also "runs" the website www.elegancecode.com  involved in this action. (Citation: February 13, 2012 Saxena Declaration, Para. 1; February 21, 2012 Saxena Declaration, Para. 3).

15. Defendants, through their website at www.regencyshop.com, advertise, promote, sell and offer for sale furniture products under the "Ibiza" name in the form of the designs that are visually very close to the subjects of Knoll's aforementioned trademark registrations.  (Citation: February 21, 2012 Saxena Declaration, Para. 4; Amended Answer, Exhibit 13; Misthal Declaration, Paras. 8-9 and Exhibits E-F).

16. On or about March 24, 2010 Defendants received a notice letter from Knoll. Mr. Saxena responded to the letter on behalf of Defendants and advised Knoll that Defendants would stop selling the items at issue. Defendants stopped selling the items at issue but subsequently resumed selling them. (Citation: August 9, 2011 Saxena Declaration, Paras. 3-5, 12).

17. On January 17, 2011, the webpage on defendants' website about defendants' "Ibizia Chair" specifically stated that "[t]his item is not an original Barcelona Chair, nor is it manufactured or affiliated with Knoll." The header on the page read "IBIZA CHAIR *Only $345 – HIGH QUALITY* barcelona chair…." Further, at the very bottom of the page was a statement that "Regency Shop provides high quality interpretations of modern classics from Knoll, Cassina, Fritz Hansen, Herman Miller, Eero Aarino, Saarinen, and others." The page for the Barcelona Bench has similar language. (Citation: Misthal Declaration, Para. 8 and Exhibit E).

18. As of November 28, 2011, defendants have altered their website. The header on the page reads "IBIZIA CHAIR" *Only $343-HIGH QUALITY – barcelona chair". Said website states that the "Ibizia chair" marketed by defendants is a "replica" of the "authentic Barcelona Chair". (Citation: Amended Answer, Para. 35 and Exhibit B).

18. A printout of representative pages from a modified version of the RegencyShop.com website, dated November 28, 2011, is attached as Exhibit F. The page about defendants' Ibiza Chair has the following statements:

> OUR IBIZA CHAIR IS A REPLICA OF A CHAIR DESIGNED IN
> 1929 BY MIES VAN DER ROHE, OFTEN REFERRED TO AS THE

5

>BARCELONA CHAIR.  KNOLL, INC. PRODUCES AND SELLS THE AUTHENTIC BARCELONA CHAIR….
>
>WHILE THE IBIZA CHAIR HAS A SIMILAR DESIGN TO THE BARCELONA CHAIR SOLD BY KNOLL, REGENCYSHOP CANNOT GUARANTEE THAT THE REPLICA HAS A SIMILAR DESIGN TO THE EXACT SPECIFICATIONS OF THE CHAIR DESIGNED BY MIES VAN DER ROHE AND SOLD BY KNOLL.
>
>This item is not an original Barcelona Chair, nor is it manufactured by or affiliated with Knoll.
>
>(Citation: Amended Answer, Exhibit B).

19. Said website also states:

>The Ibizia bench is a high quality reproduction. The leather is hand selected, piped, tufted and individually sewn by expert craftsmen. A top notch reproduction of the classic design by Mies van der Rohe, our Bench features sleek minimalist styling, a perfect blend of art and function. Polished stainless legs add to the beauty of this modern classic design. (Citation: Amended Answer, Exhibit G).

20. Defendant Mike Saxena has stated that defendants' website "Regency Shop believed that it had the right to sell replicas of the Barcelona items…." and that defendants' websites "carry reproductions of certain designs Knoll claims to own".  (Citation:  August 9, 2011 Saxena Declaration, Para. 6; February 13, 2012 Saxena, Para. 1).

22. The [www.elegancecode.com](www.elegancecode.com) website "sells an extremely small number of Mies designs", referring to the Barcelona Collection. (Citation: February 13, 2012 Saxena Declaration, Para. 8).

23. The [www.regencyshop.com](www.regencyshop.com) website sells many more of the "Mies designs" than does [www.elegancecode.com](www.elegancecode.com).  (Citation:  February 13, 2012 Saxena Declaration, Para. 12).

6

24. Defendant Mike Saxena has stated that "Regencyshop.com is my primary and flagship website. On that site consumers can purchase reproductions of 1929 furniture designs of Mies van der Rohe." (Citation: February 21, 2012 Saxena Declaration, Para. 4).

## **Defendants' Furniture Items Are Very Close  Replicas Of The Barcelona Collection**

24. The Ibizia Chair, as pictured on defendants' websites, is visually a very close reproduction of Knoll's Barcelona Chair, as shown in Knoll's Trademark Registration No. 2,893,025. (Citation:  Misthal Declaration, Para. 11).

25. The Ibiza Ottoman, as shown on defendants' websites, is visually a very close reproduction of Knoll's Barcelona Stool, as shown in Knoll's Trademark Registration No. 2,894,977. (Citation:  Misthal Declaration, Para. 12).

26. The Ibizia Coffee Table, as pictured in defendants' websites, is visually a very close reproduction of Knoll's Barcelona Table, as shown in Knoll's Trademark Registration No. 2,894,979. (Citation:  Misthal Declaration, Para.13).

27. The Ibizia Couch, as pictured on defendants' websites, is visually a very close reproduction of Knoll's Barcelona Couch, as shown in Knoll's Trademark Registration No. 2,894,980. (Citation:  Misthal Declaration, Para. 14).

28. The Ibiza Bench, as pictured on defendants' website, is visually derived from Knoll's Barcelona Couch, as shown in Knoll's Trademark Registration No. 2,894,980. The Ibiza Bench does not have the pillow shown on the Barcelona Couch, and appears to be narrower that the Barcelona Couch. (Citation: Misthal Declaration, Para. 15).

Dated: May 16, 2012
      New York, New York

Respectfully submitted,

GOTTLIEB, RACKMAN & REISMAN, P.C.

By: _____
George Gottlieb (GG -5761)
ggottlieb@grr.com
Marc P. Misthal (MM-6636)
mmisthal@grr.com
270 Madison Avenue, 8th Floor
New York, New York 10016
(212) 684-3900 Tel.
(212) 684-3900 Fax

*Attorneys for Plaintiff*
*Knoll, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing Plaintiff's Statement of Material Facts Not In Dispute On Its Motion For Partial Summary Judgment On The Issue of Defendants' Liability for Trademark Infringement, Notice of Motion, Memorandum of Law and Declaration of Marc P. Misthal were served by Email and first class mail on May 16, 2012, upon the attorneys listed below.

Salem M. Katsh, Esq.
Katsh & Associates LLC
64 Main Street
Hastings on Hudson, New York 10706
skatsh@katshlaw.com

and

Robert Tilewick, Esq.
36 Putnam Green, Suite U
Greenwich, CT 06830
rtilewick@msn.com

and

Janeen Lambert, Esq.
PO Box 1098 Old Chelsea Station
New York, NY 10113
Janeen.lambert@gmail.com


   /Marc P. Misthal/