UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

KNOLL, INC.

               Plaintiff,                       No. 11 Civ. 0488 (AKH)

  -against-

MODERNO, INC. AND URBAN MOD, INC. d/b/a
REGENCY SHOP, AND MIKE SAXENA

               Defendants.
_____

### MOTION TO DISPLACE KATSH & ASSOCIATES LLC AND ROBERT TILEWICK, ESQ. AS COUNSEL FOR DEFENDANTS AND FOR A 60 DAY STAY ON DISPOSITIVE MOTIONS AND FOR A 60 DAY EXTENSION OF DISCOVERY

Pursuant to Local Civil Rule 1.4, Defendants, through their attorney, Janeen Lambert, move this court to displace Katsh & Associates LLC and Robert Tilewick, Esq. as Defendant's counsel, and substitute Janeen Lambert as lead counsel.

Further, Defendants request that discovery be reopened so that the parties may complete their discovery with an additional 60 days to complete discovery. Further, Defendants request that Plaintiff be ordered to file the protective order agreed upon by the parties with the Court, for approval by the Court. Further, Defendants request a 60 day stay on all dispositive motions, including the motion for Partial Summary Judgment filed by Plaintiff on May 16, 2012.

Rule 1.4 states that:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar...

Accordingly, Defendants list below the reasons to displace Katsh & Associates LLC and Robert Tilewick, Esq., and the posture of the case.

## I. REASONS FOR DISPLACEMENT

The following facts support Defendant's request to displace Katsh & Associates LLC:

1. Defendants are not satisfied with the quality of lawyering done by Katsh & Associates LLC.  Defendants became increasingly frustrated with the work done by Katsh & Associates as litigation progressed, culminating in the March 12, 2012 hearing.  See Affidavit of Mike Saxena.

2. Defendants felt pressured by Katsh & Associates LLC to accept a settlement that Defendant was not comfortable with.  See Affidavit of Mike Saxena.

3. Defendants felt that Katsh & Associates LLC failed to diligently represent their interest.  See Affidavit of Mike Saxena.

4. Defendants believe that Katsh & Associates LLC interfered with Defendants ability to retain new counsel.  See Affidavit of Mike Saxena.

5. Katsh & Associates LLC entered into an adversarial relationship with Defendants.  See Affidavit of Mike Saxena.

The following facts support Defendants' request to displace Robert Tilewick, Esq.:

1. Defendant has lost faith in Robert Tilewick, Esq.

## II. POSTURE OF THE CASE

After the last court appearance of March 12, 2012, the parties entered into settlement negotiations that ran from March 12, 2012 to April 20, 2012.  During that time, discovery was stalled between the two parties.  After settlement negotiations fell through, discovery resumed, and Plaintiff sent Defendants a discovery request on April 20, 2012.

Discovery ended on April 30, 2012, a mere 10 days after it had stalled for 4 weeks. Plaintiff has produced about 30,000 pages of discovery, however, Plaintiff refused to produce any confidential documents until after a protective order was finalized and entered with the court. That protective order was signed by Katsh & Associates LLC, attorney for Defendant, and returned to Plaintiff several weeks ago. However, Plaintiff has not submitted the protective order to the Court for approval. No depositions were taken by either party.

On April 23, 2012, Katsh & Associates LLC and Robert Tilewick, Esq., attorneys for Defendants, moved to withdraw, and asked for a stay of 60 days to allow Defendants to find new counsel. Knoll opposed that motion in their April 25, 2012 memorandum of law. The Court denied Katsh & Associates LLC and Robert Tilewick, Esq.'s motion on May 4, 2012.

On May 11, 2012, Janeen Lambert filed a motion to be admitted to appear Pro Hac Vice on behalf of Defendants. That motion was granted by the Court on May 14, 2012.

On May 16, 2012, Plaintiffs filed a motion for Partial Summary Judgment.

This case is set for a status hearing on May 18, 2012.

**III. ARGUMENT**

**1. The motion to displace Katsh & Associates LLC and Robert Tilewick, Esq. should be granted.**

The motion to displace Katsh & Associates LLC and Robert Tilewick, Esq. should be granted, both because the attorney-client relationship between Defendants and Katsh & Associates LLC and Robert Tilewick, Esq. has shattered beyond repair, and because the objections of Plaintiff are moot.

As seen in the Reasons for Displacement section above, and the attached Affidavit of Mike Saxena, the relationship between Defendants and Katsh & Associates LLC and Robert Tilewick, Esq. has soured. Forcing Defendants to maintain Katsh & Associates LLC and Robert

Tilewick, Esq. as their attorneys when Defendants do not trust these attorneys to provide representation will be detrimental to Defendant, and adversely affect Defendants' ability to litigate the case.

Plaintiff's first argument against the withdrawal of Katsh & Associates LLC and Robert Tilewick, Esq., was that the corporate Defendants would go into default if attorneys were allowed to withdraw. Plaintiff's second argument was that Katsh & Associates LLC and Robert Tilewick, Esq. should be required to stay on as Defendants' counsel until Defendants obtain new representation. Since Defendants have retained Janeen Lambert as replacement counsel, both arguments are now moot.

**2.  A 60 day stay on dispositive motions and a 60 day extension of discovery should be granted.**

It is well-established that a trial court has the inherent power to stay proceedings to control its docket, to conserve judicial resources, and to ensure that each matter is handled "with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Amer. Co.,* 299 U.S. 248, 254 (1936). The consideration to stay proceedings involves an "exercise of judgment, which must weigh competing interests and maintain an even balance." *Id*. at 254-255. The Southern District of New York court has further clarified *Landis* by enumerating five factors which need to be considered in filing a motion to stay, "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Universal Music-NBG NA LLC v. Vergara,* 2012 U.S. Dist. LEXIS 313 (S.D.N.Y. Jan. 3, 2012), citing *Wing Shing Prods. (BVI) Ltd. v. Simatelex Manufactory Co., Ltd.,* 2005 U.S. Dist. LEXIS 6780, at p3 (S.D.N.Y. Apr. 18, 2005).

The first factor in the *Landis* test considers the effect of the stay on the plaintiff. Plaintiff has objected to the stay in proceeding on May 25, 2012, citing three specific objections, namely: 1) that Discovery was scheduled to end on Apr 30, 2012 and it would prejudice the Plaintiff if a stay in proceedings in granted, however, Plaintiff cites no specific reasons how a stay in proceedings will prejudice Plaintiff; 2) Defendant's new counsel will request additional time to get acquainted with the case, which in turn prejudice Plaintiff; and 3) Defendants' will continue to market "Barcelona Collection" items, an act injuring the Plaintiff.

As to the Plaintiff's first objection, the Southern District Court of New York granted a stay in a similar situation, where a summary judgment brief had been filed before discovery was complete. *Softview Computer Prods. v. Haworth, Inc.*, No. 97-CV-8815, 2000 U.S. Dist. LEXIS 11274, 2000 WL 1134471 (S.D.N.Y. Aug. 10, 2000). Here, while the time limit for discovery has come to a close, both parties have pending discovery requests that need to be answered, thus, the Court should follow *Softview* and grant the stay.

Plaintiff was worried in its second objection that the Defendants will get a 60 day stay to retain new counsel and then a second 60 day stay for the new counsel to get acquainted with the case, a total of 120 days. Plaintiff's fears are now extinguished as Defendant's have retained new counsel. Defendant is merely requesting one 60 day extension, not the 120 day extension Plaintiff envisioned.

Plaintiff's third objection dealt with the continued sales of the allegedly infringing items. Plaintiffs have not alleged any specific tactical disadvantage they may suffer as a result of a stay, except to assert a generalized allegation that Defendants are continually infringing the trademarks in suit. However, Plaintiff would be compensated for any additional injury suffered by delay. The Southern District Courts of New York has held that "even if plaintiffs ultimately

prevail after a delay in this litigation, they will be able to collect additional damages covering the extra time that elapsed," *Softview Computer Prods. v. Haworth, Inc.*, No. 97-CV-8815, 2000 U.S. Dist. LEXIS 11274, 2000 WL 1134471 (S.D.N.Y. Aug. 10, 2000).

The second factor of the *Landis* test considers the effect of the stay on the defendant. This 60 day stay in the proceedings is necessary for the new counsel to get acquainted with the case. Plaintiff has already produced about 30,000 pages of discovery and the Plaintiff is yet to produce additional confidential documents, as Plaintiff stated it would not produce the documents until after a protective order is entered. Ms. Lambert is a solo practitioner and she will be required to review over 30,000 pages of documents in 60 days, and review all prior filed documents to become familiar with the case. Additionally Ms. Lambert will also be required to do case law research and meet procedural deadlines of the pending summary judgment motion.

If the Court does not grant the stay, the Defendants will be unfairly prejudiced, as they will be unable to litigate all the merits of their case due to limitations placed on Ms. Lambert induced by lack of time to fully review all documents and discovery in addition to responding to the summary judgment motion. This will place a substantial undue burden on the Defendants.

The third and fourth factors of the *Landis* test consider the effect of the stay on persons not parties to the litigation, and the effect of the stay on the public.  This stay will not injure persons not parties to the litigation or the public.  Rather, the stay will aide the public's perception of a fair a equitable legal system, where defendants are given the opportunity to fully litigate their case.

In balancing these factors, "the basic goal is to avoid prejudice." *Kappel v. Comfort*, 914 F.Supp.1056 (SDNY 1996).  "[I]f there is even a fair possibility that the stay for which [the movant] prays will work damage to someone else," the movant "must make out a clear case of

hardship or inequity in being required to go forward." *Landis v. North Amer. Co.,* 299 U.S. 248, 255 (1936).  Defendants can clearly make out a clear case of hardship.  If this stay is not granted it will induce extreme hardship on the Defendants and Defendants' lawyer as Defendants' lawyer will not have reasonable time to perform all her legal duties as required by the this case.

In addition, Defendants ask that the Court reopen discovery, and grant a 60 day extension of discovery.  Both parties have pending discovery requests that remain unanswered.  Neither party has had the opportunity depose the other parties, or any witnesses.  The U.S. Supreme Court stated that a summary judgment motion can be postponed if the "nonmoving party has not had an opportunity to make full discovery." *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986). Here, the nonmoving party, Defendants, have not had the opportunity to make full discovery, because Plaintiffs have failed to submit the agreed protective order and produce the requested confidential documents. Thus, the Court should grant Defendant's motion to reopen discovery, and extend discovery 60 days.

For all the foregoing reasons, Defendant's respectfully request that the Court grant 60 day stay on dispositive motions, and reopen discovery and grant a 60 day extension of discovery.

**IV. CONCLUSION**

WHEREFORE, Defendants respectfully request that the Court issue an order substituting Janeen Lambert as lead counsel and displacing Katsh & Associates LLC and Robert Tilewick, Esq. Further, Defendants request that discovery be reopened so that the parties may complete their discovery with an additional 60 days to complete discovery. Further, that Plaintiff be ordered to file the protective order agreed upon by the parties with the Court, for approval by the Court. Further, Defendants request a 60 day stay in all dispositive motions, including the motion for Partial Summary Judgment filed by Plaintiff on May 16, 2012.

Dated May 17, 2012                               By:   s/ Janeen Lambert
                                                       Janeen Lambert
                                                       PO Box 1098 Old Chelsea Station
                                                       New York, NY
                                                       517-303-5746
                                                       Fax: 917-210-3289
                                                       Janeen.Lambert@gmail.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

KNOLL, INC.

                Plaintiff,                          No. 11 Civ. 0488 (AKH)

    -against-                             **CERTIFICATE OF SERVICE**

MODERNO, INC. AND URBAN MOD, INC. d/b/a
REGENCY SHOP, AND MIKE SAXENA

                Defendants.
_____

       The within Motion To Displace Katsh & Associates LLC and Robert Tilewick, Esq. as Counsel for Defendants, and Proposed Order, were served on all parties on May 17, 2012, by the ECF filing system.

Dated: May 17, 2012

                                                          By:  s/ Janeen Lambert
                                                                   Janeen Lambert