USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/28/12

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| KNOLL, INC., |
| *Plaintiff,* |
| v. |
| MODERNO, INC. and URBAN MOD, INC., D/B/A REGENCY SHOP, and MIKE SAXENA, |
| *Defendants.* |

Civil Action No.  11 CV 0488 (AKH)
ECF Case



## STIPULATED PROTECTIVE ORDER

### 1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal. Any requests to file materials under seal will be governed by Rule 4 ("Confidentiality Provisions") of this Court's Rules.

This Order shall not pertain to the trial of this action; no document designated hereunder as "Confidential" materials or "Confidential – Attorneys' Eyes Only" materials shall thereby be actually or presumptively immune from public disclosure during trial.

### 2.    DEFINITIONS

2.1    <u>Party</u>: any party to this action, including all of its officers, directors,

1

employees, consultants, retained experts, and outside counsel (and their support staff).

2.2    Disclosure of Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3    "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c). In the main, protection is intended for: records revealing specific information regarding a party's financial performance (sales, costs, profits): records revealing specific information regarding a party's customers and suppliers, and strategic and marketing plans; trade secrets; materials covered by a protective order in other litigations; and information of a similar character that businesses generally maintain in confidence.

2.4    "Confidential – Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential Information or Items" including without limitation, trade secrets and private settlement agreements whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6    Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7    Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY."

2.8    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY."

2

2.9    Outside Counsel: attorneys who are not employees of a Party but who are counsel of record for a Party in this action who sign an affidavit acknowledging that they are bound by the terms of this Order.

2.10    House Counsel: attorneys who are employees of a Party.

2.11    Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or of a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.    **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

The restrictions as to use or dissemination of Protected Material, set forth in any of the preceding paragraphs, shall not apply as to: (a) any information which at the time of the designation under this Order is available to the general public; (b) any information which after designation under this Order becomes available to the public through no act,

or failure to act, attributable to the Receiving Party or its counsel; and (c) any information which the Receiving Party, its counsel, or any recipient of Protected Material under this Order can show as a matter of written record was already known to the Receiving Party and/or the public through means other than by a violation of this Order, a confidentiality contract or agreement, and/or any violation of Federal or state law. This paragraph, however, is not meant to define what constitutes "Confidential Information or Items".

### 4.    DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

### 5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be

4

clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top or bottom of each page that contains protected material. If only a portion, the Producing Party also must make a good faith effort to clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, if any, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top or bottom of each page that contains Protected Material. If only a portion, the Producing Party also must make a good faith effort clearly to identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY").

(b) for testimony given in deposition or in other pretrial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony,

5

and further specify any portions of the testimony that qualify as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to thirty (30) calendar days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the thirty (30) days shall be covered by the provisions of this Stipulated Protective Order, provided that this provision shall not interfere with a party's right to file motions or other papers with the Court prior to designations being made; in such a case, the submitting party will ask that the materials be accepted under seal.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

6

5.3     Inadvertent Failures to Designate.

If any person required to produce documents inadvertently produces any Protected Material without marking it with the appropriate legend, the Producing Party may give written notice to the Receiving Party or Parties, including appropriately stamped copies of the Protected Material, that the document, thing, or response is deemed Protected Material and should be treated as such in accordance with the provisions of this Protective Order.

If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order, and must use its best efforts to retrieve any Protected Material from any person not eligible to receive Protected Material under this Order.

6.     **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality

7

designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3    Judicial Intervention. ~~A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue. In the event of a motion to change the designation, the material at issue may be submitted to the Court for in camera inspection. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.~~

7.    **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

All Protected Material and copies thereof must be stored and maintained by a Receiving Party or Expert at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose information or items designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) Defendant Mike Saxena and House Counsel of the Receiving Party, provided that Mr. Saxena and House Counsel have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation; and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f) during their depositions and/or trial, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).  However, such witnesses shall not retain Protected Materials.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) persons who appear on the face of Protected Materials marked

9

CONFIDENTIAL as an author, addressee, recipient or source thereof.

      7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

      (a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

      (b) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation; (2) as to whom the procedures set forth in paragraph 7.4, below, have been followed; and (3) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

      (c) the Court and its personnel;

      (d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

      (e) the author of the document or the original source of the information.

      7.4 Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY" Information or Items to "Experts"

      (a) Unless otherwise ordered by the court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that (1) identifies the specific CONFIDENTIAL– ATTORNEYS' EYES ONLY information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full

10

name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation for work in his or her areas of expertise or to whom the expert has provided professional services at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has provided any professional services during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within ten (10) court days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement. If no agreement is reached, within ten (10) court days following its objection, the Party seeking to make the disclosure to the Expert may file a motion seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail

11

(under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

(d)     In addition to the foregoing, each Expert to whom any Protected Material will be disclosed shall, prior to disclosure of such material, execute the Certification of Consultant in the form attached as Exhibit B hereto. Outside Counsel who makes any disclosure of Protected Materials shall retain each original executed Certification of Consultant and, upon written request, shall circulate copies to all Outside Counsel at the termination of this Action.

## 8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing and email (and by fax, if possible) immediately and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in

12

these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

### 9.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

### 10.   FILING PROTECTED MATERIAL.

As set forth in Rule 4 of the Court's Individual Rules, ~~documents and other matter filed with the Court, including, inter alia, transcripts of depositions, exhibits, physical~~ evidence, answers to interrogatories or requests for admission, briefs, and memoranda which comprise or contain designated material or information derived therefrom may be filed under seal only if the Court grants a party's motion, supported by competent evidence, showing that sealing is essential to preserve higher values and is narrowly tailored to serve that interest. Upon order of the Court designated materials shall be filed or lodged with and kept by the Clerk of the Court in sealed envelopes or other appropriately sealed containers on which shall be endorsed the caption of this action, an indication of the nature of the contents of the sealed envelope or container, the identity of the party filing the materials, the legends "CONFIDENTIAL" and/or "CONFIDENTIAL—ATTORNEYS EYES ONLY" and "SUBJECT TO PROTECTIVE ~~ORDER", and a statement substantially in the following form:~~

This envelope (container) contains documents
(things) subject to the Protective Order entered in this action.

13

It is not to be opened nor the contents thereof displayed, revealed, or made public, except by written order of the Court.

No such sealed envelope or container shall be provided to any person except upon further written order of the Court. Any such order shall specifically identify by name and address the person(s) who may have access to the sealed file and shall specifically require the person(s) to be bound by the terms of this Protective Order. The foregoing provision shall not prevent an appropriately marked second copy of any document specifically intended for review by the Court being hand delivered to the Court to assure that the same is brought promptly to the Court's attention.

The Court's Rules shall in all cases supersede any inconsistent provision in this paragraph.

11. **FINAL DISPOSITION.**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies , abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.

14

Notwithstanding this provision, Outside Counsel are ~~entitled~~ to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

Any Expert that is provided Protected Material must cooperate with Outside Counsel in the return and/or destruction of all such Protected Material in their possession, custody or control and must ensure that such material is returned and/or destroyed within five (5) court days of the termination of the action or the termination of their consultancy, which ever occurs first. Any Expert as defined by this Order shall certify their compliance with this provision and shall deliver such certification to Outside Counsel for the party that they have provided services for no more than five (5) court days after complying with their obligations hereunder. Outside Counsel shall immediately deliver a copy of such certification to Outside Counsel for the Designating Party.

### 12. MISCELLANEOUS

12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order. No party agreeing to this Order waives its right to seek modifications to any of its provisions at any time based upon how the provisions of this Order work out in practice or upon further consideration of the implications of said provisions; the signing of this Order at this time is being done solely for the purpose of enabling discovery to commence and may not be

15

cited as a concession that any provision in the Order is acceptable to said Party. The Parties agree to meet and confer prior to seeking to modify this Protective Order.

      12.3  Client Communication. Nothing in this Protective Order shall prevent or otherwise restrict Counsel from rendering advice to their clients and, in the course of rendering such advice, relying upon the examination of Protected Material. In rendering such advice and otherwise communicating with the client, however, Counsel shall not make specific disclosure of any Protected Materials, except as permitted by this Protective Order.

      12.4  Inadvertent or Unintentional Disclosure of Discovery Materials Subject To Work Product Protection Or Privilege. Inspection or production of Discovery Materials shall not constitute a waiver of the attorney-client privilege, attorney work product doctrine, or any other legal privilege or immunity if, as soon as reasonably possible after the Producing Party becomes aware of any inadvertent or unintentional disclosure, the Producing Party designates any such document as within the attorney-client privilege, work product immunity or other legal privilege or immunity and requests return of those Discovery Materials to the Producing Party. Upon request by the Producing Party, the Receiving Party shall immediately return all copies of such inadvertently produced Discovery Materials and shall destroy all notes or other work product reflecting the contents of such material, and shall delete such material from any litigation-support or other database. Nothing herein shall prevent the Receiving Party from challenging the proprietary of the attorney-client privilege or work product immunity designation by submitting a written challenge to the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules of this Court, after returning, deleting and/or destroying all copies of the inadvertently-produced documents.

      12.5  Admissibility. Unless all parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose during any proceeding on the merits of this action.

12.6    Modification; Addition of Parties to This Protective Order.

In the event that a new party is added, substituted, or brought in, this Order will be binding on and inure to the benefit of the new party, subject to the right of the new party to seek relief from or modification of this Order.

12.8    Protection of Non-Parties. A non-party producing information or material voluntarily or pursuant to a subpoena or a Court Order may designate material or information with the appropriate designation pursuant to the terms of this Order and such non-party shall be entitled to all rights and protections afforded to a Designating Party as defined in this Order. However, a non-party's use of this Order and/or the execution of such an agreement to be bound to protect its Protected Material does not entitle that non-party access to Protected Material produced by any other Party or non-party.

12.9    No Contract. This Protective Order is for the Court's consideration and approval as a court order. It shall not be construed to create a contract between the parties or between the parties and their respective counsel.

12.10    Federal Rules of Civil Procedure. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure and the Local Rules of this Court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: May 2͟1͟, 2012

GOTTLIEB, RACKMAN & REISMAN, P.C.

_____
George Gottlieb (GG 5761)
Marc P. Misthal (MM 6636)
Attorneys for Plaintiff and Counterclaim-
Defendant Knoll, Inc.
270 Madison Avenue
New York, NY 10016
(212) 684-3900
ggottlieb@grr.com
mmisthal@grr.com

Dated: May 9 , 2012

KATSH & ASSOCIATES LLC

Janeen M. Lambert
Attorney for Defendants
PO Box 1098
New York, NY 10113
517-303-5746
Janeen.Lambert@gmail.com
dated: May 24, 2012

_____
Salem M. Katsh
Attorneys for Defendant and Counterclaim
Plaintiffs Moderno, Inc., Urban Mod, Inc.
and Mike Saxena
64 Main Street
Hastings on Hudson, NY 10706
(914) 231-7840
skatsh@katshlaw.com

PURSUANT TO STIPULATION AND GOOD CAUSE SHOWING, IT IS SO ORDERED.

DATED: 5-25-12

As amended herein,

_____
Honorable Alvin K. Hellerstein
United States District Judge

18

EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, declare under penalty of perjury

that:

    1.    I currently reside at _____.

    2.    I am employed as _____

by _____.

    3.    I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of New York in the case of *Knoll, Inc. v. Moderno, Inc.*, Case No.: 11-CV-488 AKH.

    4.    I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

    5.    I solemnly promise that I will not review, discuss, use or disclose any materials designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in any manner to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order and will use such materials only for the purpose of this Action.

    6.    I understand and agree that all Protected Material and copies thereof, as well as work product generated there from must be stored and maintained in a secure manner that ensures that access is limited to the persons authorized under this Order and that I will not remove, store, transmit, transfer, disseminate or send such materials to any person or location outside of the Continental United States.

    7.    I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction and venue of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.

8.     I understand and agree that any disclosure or use of material designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court and other sanctions.

9.     I understand and agree that within ten (10) business days after a request by Outside Counsel for the party for which I have provided services, the termination of my consultancy or the termination of this action, whichever occurs first, I must return and/or destroy all Designated Material in my possession, custody or control to Outside Counsel for the party for which I have provided services. I further understand and agree that I shall certify my compliance with this requirement and shall deliver such certification to Outside Counsel for the party that I have provided services for no more than ten (10) business days after complying with the aforementioned obligation.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed this __ day of _____, 2012 in _____, _____ U.S.A.:

By:     _____

EXHIBIT B

CERTIFICATION OF EXPERT/CONSULTANT

I, the undersigned, hereby certify that I have read the Protective Order entered in the Southern District of New York in the case entitled *Knoll, Inc. v. Moderno, Inc.*, Case No.: 11-CV-488 AKH, and that I have executed a Certification Concerning Material Covered by Protective Order.

I further certify that I am not employed nor currently engaged by a direct competitor of the Designating Party with respect specifically to services and technology that combine telephony and internet protocols, or any person or entity currently a party (as of the time of the execution of this Certification) to this action, nor do I have a current expectation of such engagement, and I will accept no such engagement nor discuss same during the pendency of this action.  If at any time after I execute this Consultant Certification and during the pendency of the Action I become engaged in business as a competitor of any person or entity currently a party to this action, I will promptly inform the counsel for the party who retained me in the Action, and I will not thereafter review any Protected Materials unless and until the Court in the Action orders otherwise.

I further understand and agree that all Protected Material and work product generated there from must be stored and maintained at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order.

Finally, I understand and agree that within five (5) business days after a request by Outside Counsel for the party for which I have provided services, the termination of my consultancy or the termination of this action, whichever occurs first, I must return and/or destroy all Designated Material in my possession, custody or control to Outside Counsel for the party for which I have provided services. I further understand and agree that I shall certify my compliance with this requirement and shall deliver such

certification to Outside Counsel for the party that I have provided services for no more than five (5) business days after complying with the aforementioned obligation.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Name of Individual:

_____

Company or Firm:

_____

Address:

_____

Telephone No.:

_____

Relationship to this action and its parties:

_____

_____

_____

Dated:_____ Signature_____