**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KNOLL, INC., | Civil Action No.  11 CV 0488 (AKH) |
| *Plaintiff,* | ECF Case |
| v. | |
| MODERNO, INC. and URBAN MOD, INC., D/B/A REGENCY SHOP, and MIKE SAXENA, | |
| *Defendants.* | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'**
**MOTION TO ALLOW SHASHANK SAXENA TO APPEAR AS A SUPERVISED LAW**
<u>**STUDENT**</u>

GOTTLIEB, RACKMAN & REISMAN, P.C.
George Gottlieb, Esq.
Marc P. Misthal, Esq.
270 Madison Avenue
New York, New York 10016
(212) 684-3900

Plaintiff Knoll, Inc. ("Knoll") respectfully submits this Memorandum of Law in Opposition to the motion by Defendants Moderno, Inc., Urban Mod, Inc. and Mike Saxena (collectively, "Defendants") to permit non-lawyer and non-student Shashank ("Sonny") Saxena to appear as a supervised "law student".

## I.  THE PLAN FOR STUDENT PRACTICE IN CIVIL ACTIONS

Under the Southern District of New York's Plan for Student Practice in Civil Actions (the "Plan") (available at http://www.nysd.uscourts.gov/forms/intern/intern_plan.php), a law student seeking to appear in an action shall:

a. be duly enrolled in a law school approved by the American Bar Association. The student shall be deemed to continue this requirement as long as, following graduation, the student is preparing to take the first [N]ew York State bar examination for which the student is eligible, or, having taken the examination is awaiting the publication of the results or admission to the bar after passing the examination;

b. be a participant in a clinical program approved by that law school or be working in the United States Attorney's Office;

c. have completed legal studies amounting to at least two semesters;

d. be certified by either the law school dean or his authorized designee as qualified to provide the legal representation permitted by this rule. This certification may be withdrawn by the certifier at any time by mailing a notice to the Clerk, without notice or hearing and without showing of cause.

e. be introduced to the Court by an attorney admitted to practice before this Court;

f. neither ask for nor receive any compensation or remuneration of any kind from the client. This is not intended to affect the ability or right of an attorney, legal aid bureau, law school clinical program, public defender agency, State, or the United States from seeking attorney fees, which may include compensation for student services, and paying compensation to the eligible law student.

g. certify in writing that he is familiar and will comply with the Code of Professional Responsibility of the American Bar Association.

h. certify in writing that he is familiar with the federal procedural and evidentiary rules relevant to the action in which he is appearing.

As Defendants concede, Mr. Shashank Saxena does <u>not</u> satisfy these requirements, especially a and b above.  <u>See</u> Defendants' Memo at 2.  Mr. Shashank

Saxena is not a law student—he apparently graduated law school in 2008 and thus he is <u>not</u> preparing to take the <u>first</u> New York State bar examination for which he was eligible; that exam would have been in 2008.[1]  <u>Id.</u> at 1.  Mr. Shashank Saxena does not satisfy other elements of the Plan.  He is not a participant in a law school clinical program.  <u>See id.</u> at 2.  Additionally, he has not been certified by the dean of his law school or the dean's authorized designee as being qualified to provide the legal representation permitted by the Plan.  <u>Id.</u>  The Plan is intended for situations where parties to legal proceedings, like immigration or deportation matters, cannot afford counsel and where, because of the volume of cases, there is no counsel who can competently represent all of the parties to such proceedings.  Here, Defendants have twice retained counsel to represent them.

Further, as Defendants concede, Defendants' counsel is not a participant in a student clinical program and is not the faculty of such a clinic.  <u>Id.</u>  Moreover, Defendants' counsel is not a legal aid organization.

Finally, Defendants claim that Mr. Shashank Saxena is employed by Defendants' counsel.  Presumably Defendants are paying their counsel and Defendants' counsel is paying Mr. Shashank Saxena, as would typically be expected in any employment relationship.  This is contrary to f, above, of the Plan, as Mr. Shashank Saxena is being indirectly paid by Defendants.

Accordingly, since Mr. Shashank Saxena does not satisfy the requirements of the Plan, he should not be permitted to appear on behalf of Defendants under the Plan.

---

[1] In his certification Mr. Shashank Saxena fails to state the year in which he graduated from law school, but Defendants' memoranda of law states that he graduated in 2008.  Likewise, the year in which Mr. Shashank Saxena earned his undergraduate degree is not included in his certification.  <u>See</u> Certification of Shashank Saxena, ¶¶ 1, 8 (Docket No. 80-1).

## II.  GRANTING DEFENDANTS' MOTION WOULD PERMIT THE UNAUTHORIZED PRACTICE OF LAW

By their motion Defendants seek to have a non-student and a non-lawyer who is also the brother of one of the Defendants engage in the practice of law.  New York law, however, provides that

> [i]t shall be unlawful for any natural person to practice or appear as an attorney-at-law or as an attorney and counselor-at-law  for  a person other than himself in a court of record in this state, or to furnish attorneys or counsel or an attorney and  counsel  to  render legal services…without having  first  been duly  and  regularly licensed and admitted to practice law in the courts of record of this state, and without  having  taken  the constitutional oath.  N.Y. Jud. Law § 478.

Moreover, ethics opinions of the New York State Bar Association have repeatedly opined that a law clerk should not undertake any act which calls for the professional judgment of a lawyer or to act as if he were a member of the New York bar.  <u>See</u> NYSBA Committee on Professional Ethics, Opinion # 44, 304 and 355.

Notwithstanding the foregoing, Defendants' present motion seeks permission for Mr. Shashank Saxena, the brother of Defendant Mr. Mike Saxena and a law clerk[2] for Defendants' current counsel,[3] to engage in the practice of law.  <u>See</u> Certification of Shashank Saxena, ¶ 5(e); June 5, 2012 e-mail from Janeen Lambert, Esq. to Marc P. Misthal, Esq., annexed hereto.  Permitting Mr. Shashank Saxena to appear on behalf of Defendants would be contrary New York law regarding who may practice law.  The danger of the unauthorized practice of law is particularly acute here in view of the relationship between Mr. Shashank Saxena and defendant Mike Saxena; as a practical

---

[2] When Mr. Shashank Saxena introduced himself to Knoll's counsel at the May 18, 2012 conference, he stated that he worked in "IT" (presumably information technology).

[3] In view of his relationship with defendant Mr. Mike Saxena, Knoll has some concern about permitting Mr. Shashank Saxena to see confidential and attorney's eyes only documents produced by Knoll.  So long as Mr. Shashank Saxena signs Exhibit A to the Protective Order (Docket No. 78), as required by Paragraph 7.3 (a), and provides counsel for Knoll with a copy of the signed document, so that he is subject to the jurisdiction of the court, Knoll will put aside its concerns.

matter, it is highly likely that Mr. Shashank Saxena would be advising his brother, defendant Mike Saxena, concerning his legal rights and duties.  The Court should not sanction the unauthorized practice of law.

## III.  DEFENDANTS ARE NOT INDIGENT

To justify their request, Defendants claim, without providing any specifics or supporting documentation, that they are "indigent" and that they "do not have large monetary reserves with which to pursue the litigation before the Court."  Defendants' conduct belies this claim.  The court will recall that Defendants initially made an extensive motion to dismiss this case for lack of personal jurisdiction.  In support of that motion, defendant Mike Saxena submitted a declaration where he stated that Defendants have "a very small budget for this litigation and any material increase in cost would force us to give up this fight."  August 9, 2011 Declaration of Mike Saxena, ¶ 26 (Docket No. 15).  Nevertheless, after the denial of that motion, Defendants did not give up the fight—they moved for judgment on the pleadings and sought a preliminary injunction against Knoll; both motions were denied.  Such motion practice is hardly the sign of indigent parties.  Indeed, Defendants' prior counsel apparently worked at a reduced rate.  See Declaration of Salem Katsh, Esq., ¶ 7 (d) (Docket No. 76).  Moreover, Defendants have now retained new counsel, who presumably is working at a rate that Defendants can afford.

Furthermore, the cases cited by Defendants do not support their position.  First, Argersinger v. Hamlin, 407 U.S. 25 (1972) was a criminal case involving an unrepresented indigent defendant convicted of carrying a concealed weapon, and the comments in Justice Brennan's concurrence about the potential contributions of law

students (and not those who graduated from law school four years ago) must be taken in that context.  Additionally, the court in <u>Santiago v. Pinello</u>, 647 F.Supp.2d 239, 245 (E.D.N.Y. 2009), in deciding whether to permit law students to appear on behalf of the plaintiff considered the hardship both parties would face in the event the case had to be tried a second time because of a reversal.  The court did <u>not</u> consider whether the plaintiff would suffer a hardship if not represented by students.

<b><u>CONCLUSION</u></b>

For the reasons set forth above, Defendants' motion to permit non-lawyer and non-student Mr. Shashank Saxena to appear as a supervised "law student" should be denied in its entirety.

Respectfully submitted,

GOTTLIEB, RACKMAN & REISMAN, P.C.
George Gottlieb, Esq.
Marc P. Misthal, Esq.
Attorneys for Plaintiff
270 Madison Avenue
New York, New York 10016
(212) 684-3900


By:_____/Marc P. Misthal/_____
Marc P. Misthal (MM 6636)


Dated:        June 13, 2012
              New York, New York

**Marc Misthal**

| | |
|---|---|
| **From:** | Janeen Lambert [janeen.lambert@gmail.com] |
| **Sent:** | Tuesday, June 05, 2012 7:27 AM |
| **To:** | Marc Misthal |
| **Cc:** | George Gottlieb; Barry Lewin; Angela Bowie; Judy Buchman-Ziv; sonnysaxena@gmail.com |
| **Subject:** | Discovery, Confidential Documents, and Change of Address |

Marc:

This email is in response to the email entitled "Confidential Documents" I received from you on May 29, 2012. I am also writing to discuss your April 20 discovery request and my change of address.

First, the "Confidential Documents" email.  I note that you are concerned the Mr. Sonny Saxena will have dual loyalties to his brother and the Court's order.  Please take note that Mr. Sonny Saxena is my law clerk.  Under the Protective Order, section 7.2(a), my employees may view confidential information when reasonably necessary, and under section 7.3(a), my employees may view "Highly Confidential--Attorneys Eyes Only" documents when reasonably necessary, and when said employees have signed the "Agreement to be bound by the Protective Order,"  attached to the Protective Order as Exhibit A.  Please note that I intend to follow the Protective Order.

Second, April 20 discovery request. During our conference call, I informed you that Mr. Mike Saxena would have his responses to your April 20, 2012 request within the next few days.  However, a family emergency has arisen, and Mr. Mike Saxena has been unable to finish his responses.  He should be able to complete them within the next week.  I will update you if the situation changes.

Third, my change of address.  My address in the city is: 104 Marcy Ave. #3, Brooklyn NY 11211.  I will be filing a change of address form with the court shortly.

Finally, I feel that I should inform you that defendants in other cases that Knoll has filed regarding the Barcelona furniture collection have approached us regarding a joint defense agreement.  The joint defense agreement would not include sharing confidential information.  My client is considering the joint defense agreement, but has not yet agreed to it.


Best Regards,
Janeen Lambert
517-303-5746
janeen.lambert@gmail.com


The information contained in this email is intended for the individual or entity above. If you are not the intended recipient, please do not read, copy, use, forward or disclose this communication to others; also, please notify the sender by replying to this message, and then delete this message from your system. Thank you.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the foregoing **PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO ALLOW SHASHANK SAXENA TO APPEAR AS A SUPERVISED LAW STUDENT**, was served by First Class Mail on the 13th day of June, 2012 on the attorney for Defendants, namely:

> Janeen Lambert, Esq.
> 104 Marcy Ave. #3
> Brooklyn, NY 11211

_____/Marc P. Misthal/_____