UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

KNOLL, INC.

                        Plaintiff and Counter-
                        Defendant,                        No. 11 Civ. 0488 (AKH)

      -against-                               ECF Case

MODERNO, INC. AND URBAN MOD, INC. D/B/A
REGENCY SHOP, AND MIKE SAXENA

                        Defendants and Counter-
                        Plaintiffs.
_____

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' AND COUNTER-PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL AND AMENDED COUNTERCLAIM <u>AND SECOND AMENDED ANSWER</u>

Defendants' Moderno, Inc, Urban Mod, Inc, and Mike Saxena, by and through their attorney Janeen Lambert, bring a motion for leave to file their Supplemental and Amended Counterclaim and Second Amended Answer under Federal Rule of Civil Procedure (Fed.R.Civ.P.) 15 and 16.

### <u>PROCEDURAL HISTORY</u>

Knoll, Inc., filed its complaint on January 24, 2011. Defendants were served on July 7, 2011, and appeared in July 20, 2011. Defendants filed a motion to dismiss on August 10, 2011. Plaintiffs filed a Motion to Amend their Complaint on September 7, 2011. On October 24, 2011, the Court issued an Order denying Defendants' Motion to Dismiss and granting Plaintiff's Motion to Amend their Complaint. On November 11, 2011, Defendants filed their Answer and Counterclaim. On November 30, 2011, Defendants and Counter-Plaintiffs filed their Amended

Answer.  The case management order was entered on December 6, 2011.  Discovery is ongoing, and is set to end August 31, 2012.

<u>**ARGUMENT**</u>

This Court should grant Defendants' motion for leave to file Supplemental and Amended Complaint and Second Amended Answer under Fed.R.Civ.P. 15 and 16.  New facts have arisen that give rise to the supplemental pleadings filed.  In addition, through the discovery process, Defendants have become aware of new facts that have caused them to Amend their pleadings.

In May of this year, Plaintiff Knoll, Inc., (Knoll), began a campaign to shut down Defendants' websites through which Defendants' sell their products.  Defendants are small businesses and a small business owner.  Knoll, knowing that Defendants are without large financial reserves, attempted to destroy Defendants' ability to earn money in an effort to keep Defendants from litigating the case before this Court.  Knoll tortuously interfered with Defendants' prospective business relationships, tortuously interfered with Defendants' contracts, injured Defendants in a tort per se, and injured Defendants through the registration and litigation of their invalid and fraudulently registered trademarks.  These facts are more fully laid out in Defendants' attached Supplemental and Amended Counterclaim and Second Amended Complaint.

Defendants, through their research into the history of the furniture at issue in this case, especially the designer of that furniture, and the facts surrounding the registration of the trademarks at issue in this case have found new facts, causing them to amend their answer.  Defendants have found that the furniture was not designed by Ludwig Mies van der Roth, as is stated in the Complaint, but was designed by Lilly Reich.  In addition, defendants have found more details regarding the registration of the trademarks to show that the registration of the

trademarks was fraudulent.  The details surrounding the designer of the chair and registration of

the trademarks are more fully laid out in the attached Supplemental and Amended Counterclaim

and Second Amended Complaint.

## I.   LEGAL STANDARD FOR SUPPLEMENTING AND AMENDING PLEADINGS

Fed.R.Civ.P. 15(a)(2) provides that leave to amend a complaint shall be "freely" given

when "justice so requires," however "a district court has discretion to deny leave for good

reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party."

*McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 200–01 (2d Cir.2007).  However, in cases

involving an entry of a scheduling order, "Rule 15's liberal standard must be balanced against the

more stringent standard of Rule 16, under which such an order "may be modified only for good

cause." Fed.R.Civ.P. 16(b)(4); *see also Parker v. Columbia Pictures Indus.,* 204 F.3d 326, 340

(2d Cir.2000).

The Second Circuit has held that a court may grant leave to file an amended complaint

for "good cause" pursuant to Federal Rule of Civil Procedure 16(b) where, as here, the time for

filing an amended pleading has expired under the applicable scheduling order. *Parker v.

Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000).  Likewise, the filing of a

supplemental pleading requiring modification of a scheduling order pursuant to Rule 16, the

"lenient standard under [Rule 15] … must be balanced against the requirement under [Rule 16]

that the Court's scheduling order shall not be modified except upon a show of good cause."

*Holmes v. Grubman*, 568 F.3d 329, 334-35 (2d Cir. 2009).  Upon a finding of good cause, the

court will consider whether the proposed amendment satisfies Rule 15(a)'s more lenient

standard. *Id.; see also Aetna Cas. & Sur. Co. V. Aniero Concrete Co., Inc.*, 404 F.3d 566, 603-04

(2d Cir. 2005) (denial should be "only for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party.").

Although diligence of the moving party is the court's "primary consideration", a court "also may consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants." *Kassner v. 2nd Ave. Delicatessen*, 496 F.3d 229, 244 (2d Cir. 2007).  The Second Circuit has stated that "Rule 16 was not intended to function as an inflexible straightjacket on the conduct of litigation or to produce an abstract, perfect equivalence between the pretrial papers and the course of litigation; instead, it was intended to insure the efficient resolution of cases, and most importantly, minimize prejudicial surprise." *Lamborn v. Dittmer*, 873 F.2d 522, 527 (2d Cir. 1989) (citations omitted); *see also Vilante v. VanDyke*, 93 F. App'x 307, 309 (2d Cir. 2004) (granting motion in the interest of justice because of no undue delay, no undue prejudice, no bad faith or dilatory motive and no repeated failure to cure deficiencies.

 In the case at bar, Defendant has good cause for seeking leave to amend under Rule 16. Further, Plaintiffs would not be prejudiced by the proposed amendments.  Permitting Defendant to amend its pleadings is in the interest of justice.  Additionally, Plaintiffs will not be significantly prejudiced by these amendments.

## II.     DEFENDANT'S MOTION SHOULD BE GRANTED BASED ON RULE 16's GOOD CAUSE STANDARD

According to the Second Circuit, "a finding of 'good cause' depends on the diligence of the moving party." *Id.* (finding no 'good cause' based on fact that "all the information necessary to support the [proposed amendment]" was known to movant at commencement of action).   In order to satisfy this "diligence" standard, "the movant must demonstrate that it has been diligent in its efforts to meet the Court's deadlines. *Sokol Holdings, Inc. v. BMD Munai, Inc.*, 05 CIV.

3749 KMW/DF, 2009 WL 2524611 (S.D.N.Y. Aug. 14, 2009) (*citing Grochowski v. Phoenix Constr.,* 318 F.3d 80, 86 (2d Cir.2003).  However, the fact that the new information could have been discovered with "greater diligence" is not sufficient to defeat a motion to amend provided granting such motion will cause no prejudice and there is no suggestion of bad faith. *New Yuen Fat Garments Factory Ltd. v. August Silk, Inc.*, 07 CIV 8304 (JFK), 2009 WL 1515696 (S.D.N.Y. June 1, 2009).

Courts have found the 'good cause' standard satisfied where, as here, the delay between learning of new facts and filing of a motion to amend is brief, courts have found diligence and granted such motions. *Soroof Trading Dev. Co., Ltd. v. GE Microgen, Inc.*, 10 CIV. 1391 LTS JCF, 2012 WL 1681815 (S.D.N.Y. May 11, 2012) (finding diligence where motion to amend was filed less than two months after discovery of new facts); *Perfect Pearl Co., Inc. v. Majestic Pearl & Stone, Inc.*, 10 CIV. 3998 PAE, 2012 WL 98493 (S.D.N.Y. Jan. 11, 2012); *Permatex, Inc. v. Loctite Corp.*, 03 CIV.943 LAK GWG, 2004 WL 1354253 (S.D.N.Y. June 17, 2004) (finding diligence where movant learned of new information in deposition and filed motion to amend within two months); *Jean-Louis v. Metro. Cable Communications, Inc.*, 09 CIV 6831 RJH MHD, 2010 WL 1778794 (S.D.N.Y. Apr. 29, 2010) (finding diligence where new information was discovered after deadline of scheduling order but motion made prior to discovery deadline); *Securities and Exchange Commission v. PCI Telecommunications, Inc.,* 207 F.R.D. 32, 34–35 (S.D.N.Y.2002) (allowing amendment of pleadings four months after plaintiff learned relevant supporting facts); *Enzymotec Ltd. v. NBTY, Inc.,* 754 F.Supp.2d 527, 536 (E.D.N.Y.2010) (finding diligence in seeking leave to amend within two months of discovering facts underlying new cause of action); *Estate of Ratcliffe v. Pradera Realty Co.,* No. 05 Civ. 10272(JFK), 2007 U.S. Dist. LEXIS 78070, at *11, 2007 WL 3084977 (S.D.N.Y. Oct. 19, 2007) (finding good cause

where delay was ten days and based on evidence discovered subsequent to expiration of discovery deadline);

Courts have found the good cause standard is not met where the motion to amend, unlike in the present case, is made a substantial period of time subsequent to the scheduling order deadline, on the eve of trial, and after discovery has been completed. *Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003) (finding more than one year, completion of discovery, and pending summary judgment motion did not satisfy the diligence requirement for the good cause standard); *Barrows v. Forest Labs., Inc.,* 742 F.2d 54, 58-59 (2d Cir.1984) (leave to amend prejudicial where discovery complete and filed two and one-half years after complaint was filed); *Madison Consultants v. Fed. Deposit Ins. Corp.*, 710 F.2d 57, 62 (2d Cir. 1983) (granting motion to avoid "manifest injustice" since no prejudice to plaintiffs); *CL-Alexanders Laing,* 739 F.Supp. at 166-167 ("When the motion [to amend] is made after discovery has been completed [ ], leave to amend is particularly disfavored because of the resultant prejudice to the defendant."); *Ansam Assoc., Inc. v. Cola Petroleum, Ltd.,* 760 F.2d 442, 446 (2d Cir.1985) ("permitting the proposed amendment would have been especially prejudicial given the fact that discovery had already been completed [ ]."); *380544 Canada, Inc. v. Aspen Tech., Inc.*, 07 CIV. 1204 JFK, 2011 WL 4089876 (S.D.N.Y. Sept. 14, 2011) (finding no diligence for delay of two years after entry of scheduling order and after completion of discovery); *Rent-A-Ctr., Inc. v. 47 Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 104 (S.D.N.Y. 2003) (finding four months too substantial); *Davidowitz v. Patridge*, 08 CIV. 6962 (NRB), 2010 WL 1779279 (S.D.N.Y. Apr. 23, 2010) (finding five month delay of new attorney to file and after discovery completed as inadequate for good cause); *Jackson v. Roslyn Bd. of Educ.,* 596 F.Supp.2d 581, 586 (E.D.N.Y.2009) (finding five month delay to be lack of diligence); *Volunteer Fire Assoc. of*

*Tappan, Inc. v. Cnty. of Rockland,* 2010 WL 4968247, *4 (S.D.N.Y.2010) (good cause lacking where plaintiff failed to move to amend complaint until four months after advising court that it wished to do so); *Global Aerospace, Inc. v. Hartford Fire Ins. Co.*, 06 CIV. 7104(LAK), 2009 WL 89122 (S.D.N.Y. Jan. 13, 2009) aff'd, 354 F. App'x 501 (2d Cir. 2009) (good cause lacking with delay of six months); *Rambarran v. Mt. Sinai Hosp.,* 2008 WL 850478, *3 (S.D.N.Y.2008) (good cause not demonstrated where plaintiff moved to amend five months following the deadline and failed to identify the new evidence giving rise to the new claims or when such evidence was discovered); *Baergas v. City of New York,* 2005 WL 2105550, *10 (S.D.N.Y.2005) (two-month delay in filing motion to amend after advising court of intent to do so did not satisfy good cause standard).

The present case is distinguishable from each of the cases in which motions to amend were denied in that this case involves a brief delay (one month) between learning of new information and filing of the motion, and discovery has not yet been completed.  Further, unlike the new attorney in *Davidowitz*, the current attorney in the instant case has filed this motion within weeks of being appointed (rather than five months), and prior to the close of discovery, and therefore this court should find the moving party as having acted with diligence and without undue delay, and thus satisfied the good cause requirement on the motion to amend.

Having demonstrated good cause for the delay in this motion to amend and supplement the pleadings, the defendant argues that the granting of its motion will not have a prejudicial effect on the plaintiff.

III.    **DEFENDANT'S MOTION WILL HAVE NO PREJUDICAL EFFECT ON PLAINTIFF**

In the analysis of whether a proposed amended pleading will prejudice a party, courts "generally consider whether the assertion of the new claim or defense would '(i) require the

opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction.' " *Monahan v. New York City Dep't of Corrs.,* 214 F.3d 275, 284 (2d Cir.2000), *quoting Block v. First Blood Assocs.,* 988 F.2d 344, 350 (2d Cir.1993); *see also Scott v. New York City Dept. of Correction*, 445 F. App'x 389, 391 (2d Cir. 2011) (finding prejudice based on facts of moving party having already been deposed, completion of discovery, and lack of relation between proposed amended claim with original complaint).

However, consideration is also given to "the extent to which the new claims are related to the existing ones and whether a party has had prior notice of a proposed new claim." *Duling v. Gristede's Operating Corp.* 265 F.R.D. 91, 99 (S.D.N.Y 2010) (citing *Monahan v. New York City Dep't of Corrs., supra,* 214 F.3d at 284; *Hanlin v. Mitchelson,* 794 F.2d 834, 841 (2d Cir.1986); *State Teachers Ret. Bd. v. Fluor Corp., supra,* 654 F.2d at 856). Further, "the need to supplement the briefing of a motion is generally not enough to constitute prejudice." *Id.* at 101 (citing *Block v. First Blood Assocs., supra,* 988 F.2d at 351; *Middle Atl. Utils. Co. v. S.M.W. Dev. Corp., supra,* 392 F.2d at 386; *United States v. Int'l Bus. Mach. Corp., supra,* 66 F.R.D. at 231). Finally, absent unfair surprise to the non-movant, courts "will allow amendment where the opposing party 'had knowledge of the facts giving rise to the [new claim or defense].'" *Duling v. Gristede's Operating Corp.*, 265 F.R.D. at 102-03 (citing *Monahan v. New York City Dept. of Corr.*, *supra*, 214 F.3d at 284); *see also Xpressions Footwear Corp. v. Peters*, 94 CIV. 6136 (JGK), 1995 WL 758761 (S.D.N.Y. Dec. 22, 1995) (granting motion to amend to add a defense since such addition would not "change the whole theory of the case.").

The new supplemental claims and the amended claims are related to the prior claims at issue in the case. The involve the same general facts and circumstances as gave rise to Plaintiff's

case, however, they also include action by Plaintiff against defendant regarding the subject matter of the case Plaintiff filed against Defendants.  Because the claims are so closely related, Plaintiffs will not be prejudiced if the Court allows Defendants to supplement and amend their pleadings.

IV.     **INADEQUATE FORMER COUNSEL**

Defendant also brings these claims because Defendants' former attorneys, now terminated from the case, were negligent in their preparation of the pleadings.  Defendants concede that the apparent negligence of a party's former attorney, in and of itself, is "not sufficient to establish "good cause" for amending the scheduling order under Fed.R.Civ.P. 16(b).  *See Parker,* 204 F.3d at 339–40; *Link v. Wabash R.R. Co.,* 370 U.S. 626, 633–34, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (suggesting that a party who voluntarily chooses her attorney generally "cannot ... avoid the consequences of the acts or omissions of this freely selected agent")."  However, although the Second Circuit has stated that "ineffective counsel … is not an adequate justification for a delay in bringing a motion to amend," *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985), the court noted that such an amendment would prejudice the defendants since discovery was complete and the motion was made close in time to the commencement of the trial.  Therefore, here, the Court should take into consideration the Defendant's change in counsel along with the lack of prejudice to the Plaintiff, in determining this motion.

Here, the moving party submits that the prior inadequate counsel is one factor that the court should consider in determining this motion.  This factor, along with the fact that the deadline for discovery has not passed, the promptness with which the movant's new counsel has made the present motion, the lack of prejudice to the Plaintiff, the additional facts that have been

discovered since May, the lack of dilatory behavior, and the desire to resolve cases on the merits, should result in the court's granting of Defendant's motion in the interest of justice.

V.     **CONCLUSION**

For the reasons stated herein, Defendant respectfully requests that the Court grant leave to amend and supplement its pleadings pursuant to Fed.R.Civ.P. 15 and 16.

Dated: July 10, 2012                                Respectfully Submitted,

By: s/ Janeen Lambert

Janeen Lambert
104 Marcy Ave, #3
Brooklyn, NY 11211
517-303-5746
Fax: 917-210-3289
Janeen.Lambert@gmail.com