## GOTTLIEB, RACKMAN & REISMAN, P.C.
COUNSELORS AT LAW
PATENTS  TRADEMARKS  COPYRIGHTS  INTELLECTUAL PROPERTY

270 MADISON AVENUE
NEW YORK, N.Y. 10016-0601
PHONE: (212) 684-3900 · FACSIMILE: (212) 684-3999
WEB: http://www.grr.com  E-MAIL: info@grr.com

GEORGE GOTTLIEB
DAVID S. KASHMAN
ALLEN I. RUBENSTEIN
JEFFREY M. KADEN
AMY D. GOLDSMITH
TIBERIU WEISZ
MARIA A. SAVIO
RICHARD S. SCHURIN
MARC P. MISTHAL
STEVEN STERN

COUNSEL
DIANA MULLER*

*MEMBER OF THE BAR
OF ARGENTINA ONLY

DONNA MIRMAN BROOME
BARBARA H. LOEWENTHAL
BARRY R. LEWIN
JOSHUA R. MATTHEWS
ARIEL S. PEIKES
RACHEL M. WEISS

PATENT AGENTS
ZOYA V. CHERNINA
ALISON L. KARMELEK

OF COUNSEL
JAMES REISMAN
MICHAEL I. RACKMAN
BARRY A. COOPER


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/30/12

July 25, 2012

**BY HAND**
Honorable Alvin K. Hellerstein
United States District
Southern District of New York
Room 1050
United States Courthouse
500 Pearl Street
New York, NY  10007

Re:  **Knoll, Inc. v. Moderno, Inc. dba Regency Shop**
     **11-cv-00488-AKH**

Dear Judge Hellerstein:

Pursuant to the court's Individual Practices, Plaintiff Knoll, Inc. and Defendants Moderno, Inc., Urban Mod, Inc. and Mike Saxena submit this joint letter regarding a dispute over Defendants' document production relating specifically to (1) the identification of the processing company that processed Defendants' related furniture orders and payments and (2) the sales - related documents given by that processing company to Defendants.  Pursuant to Fed. R. Civ. P. 37 (a)(1), and as detailed below, the parties have met and conferred and exchanged correspondence regarding this matter.  The parties' respective positions on this procedure are set forth below.  Knoll, Inc. requests a prompt conference (either in person or telephonically), to address the lack of production by Defendants.

KNOLL'S POSITION

Plaintiff has continuously been attempting to obtain from Defendants 1) the identity of the outside processing company that handles Defendants' "paperwork", its bills and payments for Defendants' furniture in issue and 2) documentation from that company showing Defendants' importation figures and sales figures.

*[Handwritten note:]* By noon Thursday, Aug. 2, 2012 defendants shall produce to plaintiff, a sworn statement providing (a) the name and the address of the processing company requested by Mr. Gottlieb, (b) the names of the persons within that company with whom def'ts communicated, and (c) copies of all papers and documents, including e-mails received from, or sent to, that company.  7-30-12  /s/ AKHellerstein

This topic was discussed at the Court hearing of June 22, 2012, the telephonic "meet and confer" between counsel of July 10, 2012, and by email, dated July 12 and 17.

The Court, at the June 22, 2012 hearing, urged Defendants' counsel to provide the necessary materials, as follows:

THE COURT: I know. I read the materials. I know your position. I don't agree with you. I think there has been a long request period where you should have respond, and this business of responding, it doesn't make sense to me. Given him what he is entitled to. He is entitled to know how much goods your client have produced. Your client may not be leveling with you. I can understand that. But you do the best you can and stop trying to delay things because I won't tolerate them. (Transcript of June 22, 2012, pages 11 &12).

Mr. GOTTLIEB: It relates again to documents, your Honor, because in some of these responses the defendants' counsel has said that they are in the hands of other parties, the processing party.

THE COURT: You need to produce those, Ms. Lambert, because they are under your control, your custody and control.

MS. LAMBERT: Your Honor, we have asked the other party to produce them and we are waiting for a response. We are attempting to produce these documents and once we received them, we will immediately give them to opposing counsel.

THE COURT: Do you know the names of these people, Mr. Gottlieb?

Mr. GOTTLIEB: We have not been given the information.

THE COURT: If you don't produce those within two weeks, I am going to force you to give the names, addresses and locations of each of these people so their depositions can be taken and a subpoena can be addressed to them. (Transcript of June 22, 2012, page 9).

. . . . . . . . . . .

Defendants have produced three new undated packing lists from their vendor (but not the corresponding invoices—Defendants have previously produced vendor invoices) and reports compiling their sales. The reports were apparently prepared and compiled by Defendants. But the sales numbers on those more recent documents appear to conflict with sales information previously produced by Defendants (there "appears" to be a contradiction since the

Honorable Alvin K. Hellerstein
July 25, 2012
Page 3

previously produced documents are difficult to understand; nevertheless, Defendants' counsel has confirmed that the earlier produced documents reflect sales not contained in the later produced reports compiling sales).

The identity of the payment processor is necessary so Plaintiff can subpoena Defendants' sales records from that processor and be sure that it has a complete accounting of Defendants' sales of the infringing products.

Defendants' counsel has refused to provide the identity of the processing company on the basis that it would disclose private information about Defendants' customers. Whether or not this is correct, all such information is governed by the Protective Order entered in this case, and would be handled according to its terms. Thus, no private information regarding customers would be publicly exposed.

In conclusion, Defendants should be required to immediately produce:

(1)     Full identification of the outside processing company that handled the ordering, billing and payments of these items for Defendants; and

(2)     The sales related documents given by the processing company to Defendants and which form the basis for the reports compiling sales.

DEFENDANTS' POSITION

Defendants fully produced to Plaintiff in February data for Plaintiff to calculate all sales made by Defendants to that date. Plaintiff complained that the data was hard to understand, so Defendant has gone to extra efforts to help Plaintiff understand the previously provided data, by supplementing the data with additional spreadsheets. It is true that these new spreadsheets are not exactly the same as the previously produced spreadsheets. However, when they are read together, along with the other disclosed documents, the entirety of Defendants sales are shown.

In addition, Defendants have disclosed the purchases and sales made since their February production. Plaintiff has complained about the documents relating to these recent productions, specifically about the packing lists. However, Defendants have produced the documents as they were supplied to Defendants by Defendants' suppliers; Defendants' supplier now uses the packing lists and no longer sends the invoices in the form that the previously did. Thus the difference between the previously produced invoices and the new packing lists is due to a change by Defendants' supplier, and not because Defendants are withholding any documents. Defendants produced any and all new documents regarding new purchases to Plaintiff.

Honorable Alvin K. Hellerstein
July 25, 2012
Page 4

     Plaintiff has a complete record of all purchases made by Defendants of the furniture at litigation here. Defendants sell only the furniture they purchase, and thus, Plaintiff can extrapolate the amount of sales Defendants made from the amount of purchases Defendants made. Thus, even if Plaintiff does not want to go to the trouble of looking through Defendants' sales figures, Plaintiff can easily determine the total amount of sales.

     Defendants have a duty to their customers to protect their customers' private financial data, including bank accounts and credit cards. Producing the payment processing company to Plaintiff would expose that sensitive, financial information to Plaintiff. The majority of sales made by Defendants involve furniture not involved in this litigation. Defendants do not want to expose those customers, who have no link to this litigation, and whose purchases and sensitive financial information are not relevant, and will not lead to any relevant information. Defendants believe that by pressing this issue, Plaintiff is needlessly seeking information that has already been disclosed. Defendants believe that Plaintiff's pursuit of this information is not designed to gather relevant information, but is designed to harass Defendants and Defendants' customers.

     Accordingly, Defendants ask that this Court deny Plaintiff's requests.


Counsel for Plaintiff

GOTTLIEB, RACKMAN & REISMAN, P.C.

George Gottlieb

Counsel for Defendants

Janeen Lambert

MPM

Encls. – Transcript of June 22, 2012 hearing

cc:   Janeen Lambert, Esq. (by e-mail, w/ encls.)
      Marc P. Misthal, Esq.

Judge wrote:

"By noon, Thursday, August 2, 2012, defendants shall produce to plaintiff, a sworn statement providing (a) the name and the address of the processing company requested by Mr. Gottlieb, (b) the names of the persons within that company with whom defendants communicated, and (c) copies of all papers and documents, including emails, received from, or sent to, that company.

7-30-12

Alvin K. Hellerstein"