UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────────────

KNOLL, INC.

                Plaintiff,                    No. 11 Civ. 0488 (AKH)
                                                   ECF Case

       -against-

MODERNO, INC. AND URBAN MOD, INC. d/b/a
REGENCY SHOP, AND MIKE SAXENA

                Defendants.
───────────────────────────────────────────

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO UNSEAL**

Defendants Moderno, Inc., Urban Mod, Inc., and Mike Saxena ("Defendants") respectfully submit this Motion to unseal court fillings and gain access to redacted court filings in cases litigated by the Plaintiff involving the Barcelona trademarks. The allegedly infringed trademarks are trademark numbers 2,893,025 (Barcelona Chair), 2,894,977 (Barcelona Stool), 2,894,980 (Barcelona Couch), 2,894,979 (Barcelona Table), 2,894,978 (Flat Brno Chair), and 772,313 (BARCELONA word mark). Defendants seek to access sealed and redacted documents in similar cases that Knoll filed against other parties for the alleged trademark infringement of the same trademarks.

    The cases Defendants seek to access are:

1. *Alphaville Design, Inc. v. Knoll, Inc.*, Northern District of California, Case No. 3:07-cv-05569-MHP,
2. *Knoll, Inc. v. Arthur Gordon Associates*, Southern District of New York, Case No. 1:04-cv-08800-DLC,
3. *Casprini Gruppo Industriale S.p.a. v. Knoll, Inc*., Southern District of New York, Case No. 1:04-cv-09787-DLC.

The complaints filed in the cases Defendants seek to access all contain the same issues of law, and similar circumstances, differing only in the detail of the respective defendants.  (See Exhibits

1

A, B, and C). The law firm that represents Knoll in the case before Your Honor, Gottlieb, Rackman, Reisman P.C., also represented Knoll in the cases that Defendants seek to unseal. All court filings in the previous cases was filed and signed by licensed attorneys of Gottlieb, Rackman, Reisman P.C.

## I. PROCEDURAL HISTORY

*Alphaville Design, Inc. v. Knoll, Inc.*, Northern District of California, Case No. 3:07-cv-05569-MHP, was filed on November 1, 2007, and closed on April 2, 2010. *Knoll, Inc. v. Arthur Gordon Associates*, Southern District of New York, Case No. 1:04-cv-08800-DLC, November 5, 2004 and closed on July 6, 2005. *Casprini Gruppo Industriale S.p.a. v. Knoll, Inc*., Southern District of New York, Case No. 1:04-cv-09787-DLC, was filed on December 13, 2004 and closed August 19, 2005.

In the case *Knoll, Inc. v. Arthur Gordon Associates*, the sealed documents numbers 28 and 59 were retrieved by the law firm Dickson Wright PLLC on 12/5/2005; the sealed documents number 55 was retrieved by the law firm Gottlieb, Rackman & Reisman, P.C. on 12/2/2005, and the sealed documents numbers 78, 79, 80 and 89 were retrieved by the law firm Janvey, Gordon, Herlands, Randoph & Cox, LLP on 12/1/2005. In the case *Casprini Gruppo Industriale S.p.a. v. Knoll, Inc*., the sealed documents numbers 35, 36 and 37 were retrieved by Gottlieb, Rackman & Reisman, P.C., on December 2, 2005.

## II. ARGUMENT

### 1. Defendant has a right to prior pleadings and filings under F.R.Civ.P 26(b)

This case involves the alleged trademark infringement of Plaintiff Knoll, Inc.'s (Knoll) trademarks. Defendants seek to access sealed and redacted documents in similar cases that Knoll filed against other parties for the alleged trademark infringement of the same trademarks. The

complaints filed in the cases Defendants seek to access all contain the same issues of law, and similar circumstances, differing only in the detail of the respective defendants. (See Exhibits A, B, and C).

Many relevant documents in these cases were filed under seal or redacted, and The documents are relevant, as they contain the prior admissions of Knoll. F.R.Civ.P. 26(b) holds that "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." The prior documents are relevant to this case, as they contain the same issues of law and similar circumstances as this case. In addition, the documents of prior cases are admissible as admission of Plaintiff.

Since 1885, the United States Supreme Court has mandated that admissions made in prior pleadings and filings are admissible against the same party in subsequent litigation. In *Pope v. Allis,* 115 U.S. 363, 370-371 6 S.Ct. 69 (1885), as cited in *Lehigh Valley R. Co. v. Allied Machinery Co. of America,* 271 F. 900 (2nd Cir, 1921), the Supreme Court of the United States held,

> "When a bill or answer in equity or a pleading in an action at law is sworn to by the party, it is competent evidence against him in another suit as a solemn admission by him of the truth of the facts stated. *Studdy v. Sanders*, 2 Dowl, & R. 347; *De Whelpdale v. Milburn*, 5 Price, 485; *Central Bridge Corp.v. Lowell*, 15 Gray, 106; *Bliss v. Nichols*, 12 Allen, 443; *Elliott v. Hayden*, 104 Mass. 180; *Cook v. Barr*, 44 N. Y. 156; Tayl. Ev. (7th Ed.) § 1753; Greenl. Ev. §§ 552, 555. When the averment is made on information and belief, it is nevertheless admissible as evidence, though not conclusive. Lord ELLENBOROUGH in *Doe v. Steel*, 3 Camp. 115. The authority cited sustains the proposition that the fact that the averment is made on information and belief merely detracts from the weight of the testimony. It does not render it inadmissible."

Other New York federal courts have similarly held that admissions made in prior proceedings are admissible. In *Zitz v. Pereira*, 119 F.Supp.2d 133 (E.D.N.Y., 1999) the court held,

> "Pleadings in other actions may constitute admissions under Federal Rule of Evidence 801(d)(2) and are admissible in the case in which they were originally filed

3

as well as in any subsequent litigation involving that party. A party thus cannot advance one version of the facts in its pleadings, conclude that its interests would be better served by a different version, and amend its pleadings to incorporate that version, safe in the belief that the trier of fact will never learn of the change in stories."

*Zitz v. Pereira*, 119 F.Supp.2d 133 (E.D.N.Y., 1999), quoting *United States v. McKeon*, 738 F.2d 26, 31 (2d Cir., 1984), internal quotations omitted.  Any testimony made by Knoll is admissible against Knoll.  "With respect to the admissibility of his own prior testimony, plaintiff has clearly been misadvised. Plaintiff's own statements are never hearsay when used against him." *Warren v. Quality Care Service Corp*., 603 F.Supp. 1174 (D.C.N.Y., 1985), citing Federal Rules of Evidence 801(d)(2)(A).  In addition, Knoll's attorneys serve as agents and fiduciary of Knoll hence any assertion of fact made by Knoll or Knoll's counsel is admissible as an admission against interest under the federal rules of civil procedure.  "A pleading prepared by an attorney is an admission by one presumptively authorized to speak for his principal." *Zitz v. Pereira,* 119 F.Supp.2d 133 (E.D.N.Y., 1999).  The admission and assertions Plaintiff made in prior pleadings are admissible against Plaintiff.

In addition, the sealed and redacted documents may contain other evidence that is relevant to this case.  The issues and laws contested in these cases and the instant case are identical. Even the complaints filed by Knoll in previous cases are identical to the instant case. (Please see Exhibit A, Exhibit B, Exihibit C, Exhibit D, E and Exhibit F.)  Under Federal Rules of Evidence 401 any evidence produced during the course of litigation mentioned above is relevant to the instant case, as evidence relevant in a prior case will be relevant here because the issues and circumstances are the substantially similar.

Because the documents are admissible against the Plaintiff, and may contain other evidence that is relevant to this case, and involve the same issues of law and similar

4

circumstances as this case, the documents are relevant, and Defendants have a right to discover them under F.R.Civ.P. 26(b).

### 2. Defendants have a right to access documents under common law.

Defendants have a right to access the sealed and redacted documents. The public has a right to access judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2nd Cir., 2006), citing *U.S. v. Amodeo*, 44 F. 3d 141, 145 (2nd Cir., 1995). Judicial documents are documents that are relevant to the performance of the judicial function and useful in the judicial process. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2nd Cir., 2006), citing *U.S. v. Amodeo*, 44 F. 3d 141, 145 (2nd Cir., 1995). Once a document is determined to be a judicial document, the court weighs the "common law presumption of access" to judicial documents against the need to keep the document secret. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2nd Cir., 2006), citing *U.S. v. Amodeo*, 71 F.3d 1044, 1049-1050 (2d Cir., 1995).

The sealed documents that Defendants seek to access are judicial documents. These documents include summary judgment papers, declarations and other documents filed by the parties to the respective cases. These documents were relevant to the judicial process, as the courts in those cases relied on the documents to rule on motions. The Southern District of New York and North District of California did find that the documents should be sealed because of the sensitive nature of the information. However, it should be noted that Defendants do not seek to make the documents public, rather, Defendants seek merely to access the sealed documents. The documents would be subject to the Protective Order entered in this case on May 25, 2012. Because the documents would remain shrouded from the public, and would remain confidential,

the need to keep the documents secret would be satisfied, and thus that need would not outweigh Defendants' need to access the documents to gather information regarding the case.

Additionally, it should be noted that other parties have been allowed to access the sealed documents, as Defendants now request. In the case *Knoll, Inc. v. Arthur Gordon Associates*, the sealed documents numbers 28 and 59 were retrieved by the law firm Dickson Wright PLLC on 12/5/2005; the sealed documents number 55 was retrieved by the law firm Gottlieb, Rackman & Reisman, P.C. on 12/2/2005, and the sealed documents numbers 78, 79, 80 and 89 were retrieved by the law firm Janvey, Gordon, Herlands, Randoph & Cox, LLP on 12/1/2005. In the case *Casprini Gruppo Industriale S.p.a. v. Knoll, Inc*., the sealed documents numbers 35, 36 and 37 were retrieved by Gottlieb, Rackman & Reisman, P.C., on December 2, 2005.

### III. CONCLUSION

For the reasons stated above, Defendants request this court to issue an order allowing the Defendants to retrieve the sealed documents and gain access to the unredacted versions of the redacted documents currently held by the federal courts in the following cases:

1. *Alphaville Design, Inc. v. Knoll, Inc.*, Northern District of California, Case No. 3:07-cv-05569-MHP,
2. *Knoll, Inc. v. Arthur Gordon Associates*, Southern District of New York, Case No. 1:04-cv-08800-DLC
3. *Casprini Gruppo Industriale S.p.a. v. Knoll, Inc*., Southern District of New York, Case No. 1:04-cv-09787-DLC

Dated: August 31, 2012                                                  Respectfully Submitted,

By: s/ Janeen Lambert

Janeen Lambert
104 Marcy Ave, #3
Brooklyn, NY 11211
517-303-5746
Fax: 917-210-3289
Janeen.Lambert@gmail.com