USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/4/12

Janeen Lambert
104 Marcy Ave #3
Brooklyn, NY 11211

RECEIVED
0 4 2012 August 31, 2012
CHAMBERS OF
ALVIN K. HELLERSTEIN
USDJ

BY HAND
Honorable Alvin K. Hellerstein United States District
Southern District of New York Room 1050
United States Courthouse 500 Pearl Street
New York, NY 10007

Re: Knoll, Inc. v. Moderno Inc. dba Regency Shop 11-cv-00488-AKH

Dear Judge Hellerstein:

Pursuant to the court's Individual Practices, Plaintiff Knoll, Inc. and Defendants Moderno, Inc., Urban Mod, Inc. and Mike Saxena submit this joint letter regarding a dispute over Defendants' document production relating specifically to the requests for documents documents listed below. Knoll has not produced any documents satisfying these document production requests. Pursuant to Fed. R. Civ. P. 37 (a)(1), the parties have met and conferred and exchanged correspondence regarding this matter. The parties' respective positions on this procedure are set forth below.

### Moderno, Inc, et al's Position

Knoll has not produced any documents pertaining to the following discovery requests. However, Defendants believe Plaintiff is willfully not producing any documents pertaining to these requests.

### First Discovery Request

4. All documents consisting of the original specifications and/or design drawings created for Products or items created as part of the development of final configurations and specifications for Products.
2. Documents referring or relating to any information Knoll possesses, by way of estimate or otherwise, of the US sales volume, for the years 2005-2011, of sales by third parties of Products.
6. All documents referring or relating to the existence and/or location of the original Barcelona Chairs used at the 1929 Exhibition, including any documents referring or relating to their loss or disappearance.
7. All documents referring or relating to the creation of the first replicas of the original Barcelona Chairs used at the 1929 Exhibition.
8. All documents that directly or indirectly would show or could be used to determine any changes in the specifications for Products from their original designs to date.
18. All documents containing or relating or referring to any statement, written or oral, made by Mies or Lillian Reich regarding Products.
26. All documents consisting of, or referring or relating to, the instructions, specifications, manuals and/or other information used by or behalf of Knoll to manufacture Products.

27   All documents consisting of, or referring or relating to, any instructions or specifications and/or information used by or behalf of Knoll to manufacture Products, which instructions or specifications differ in any respect from the instructions or specifications used by Mies in first creating the Products.
28   All documents showing or evidencing or referring or relating to manufacturing or other differences in Products from 1928 to date.
29   All documents consisting of, or referring or relating to, the instructions, specifications, manuals and/or other information used by or behalf of any third party to manufacture replicas of Products.
30   All documents approved by any executive officer of Knoll, or by its Board of Directors, authorizing at any time legal action against Defendants or any other complany selling replicas of Products.
37   All documents relating to the importation by Knoll of products.
38   All documents relating to the purchases by Knoll of Products.
40   All documents relating to Knoll's sales of Products, or offers to sell Products, or negotiations to sell Products to, or communications relating to Products with: NBC; RE/MAX; Hilton; Sony; CBS; Media Planet; LOA Architecture & Interiors; U.S. Army; BCBG Max Azria; Premier Displays & Exhibits; DeviantArt; Sci-Art; University of Arkansas; New York City Fire Department; Atlantic; One Tree Hill; and the University of Texas at Austin.
47   All documents relating or referring to all communications with any advertising companies or other entities having any responsibility for promoting Products on behalf of Knoll.
49   Copies of all federal tax returns filed by Knoll from January 1, 2000 through the present.
52   All documents identifying all of the past and present employees of Knoll engaged in the area of design.
53   All documents identifying all past and present sales representatives employed by or working on behalf of Knoll.
67   All documents relating or referring to any aspects of any website which Knoll owns or whose content Knoll has any right to dictate, approve, or otherwise influence, to the extent such aspects relate in any way to Products.
68   Documents identifying all domain names owned by Knoll.
74   Inspection of all Products that were not produced pursuant to identical specifications, and production of copies of all such non-identical specifications.
75   Inspection of the earliest Products Knoll possesses or has the right to grant access to, on its own or by request.
76   A representative sample of each currently advertised piece of Knoll's Barcelona Collection, in the boxes and including all material shipped with such pieces.
81   All documents concerning Knoll's document retention policy
82   All surveys undertaken or conducted by or on behalf of Knoll relating to any issue in this litigation or any other litigation Knoll has been involved in relating to Products, and all market studies, competitive research and/or investigations undertaken by or on behalf of Knoll in relation to any issue in this litigation or any other litigation Knoll has been involved in relating to Products.
83   All documents relating to any experts retaining by Knoll in connection with any issue in this litigation or any other litigation Knoll has been involved in relating to Products.
84   Any and all reports, resumes, and curriculum vitae of any expert witness or consultant who is expected to testify at trial on behalf of Knoll.
85   Any and all documents which support or form the basis for the opinion(s) of each expert or consultant who is expected to testify in this matter on behalf of Knoll.

**THIRD DISCOVERY REQUEST**

92  All interrogatories responses submitted by Knoll and its predecessors in the course of litigation against Alphaville and Arthur Gordon & Associates without any redactions or omissions.

93  All admissions submitted by Knoll and its predecessors in the course of litigation against Alphaville and Arthur Gordon & Associates without any redactions or omissions.

118  Citation of the case involving the Hardoy Chair as mentioned on Knoll's website at: http://www.knoll.com/museum/prod_museum.jsp?prod_id=375.

121  All evidence of consumer studies Knoll used and intends to use to prove secondary meaning that public identifies Knoll as the source of Barcelona furniture.

127  All evidence of efforts Knoll's and its predecessors in seeking unsolicited media coverage to that public identifies Knoll as the source of Barcelona furniture.

In regards to Defendants' request for document number 127, Defendants have explained to Plaintiff that Defendants are asking for things showing that Plaintiff took actions to receive media coverage. This concept is similar to the "astroturfing" concept in political science.

In conclusion, Plaintiffs should be required to immediately produce documents responsive to the all the discovery production requests made above.

**KNOLL'S POSITION**

Defendants provided Plaintiff's counsel with a draft of this letter on August 31, 2012, so that Plaintiff's counsel could insert their position. Plaintiff's counsel responded that "Defendants' proposed letter requires Knoll to address 33 separate document requests. Further, today is the Friday before a holiday weekend and our office is closing early; moreover, we need to discuss this with our client. Accordingly, Knoll cannot provide its response by 5 pm today, but will provide its portion of the joint letter next week. Please advise the court of this."

Respectfully,

Janeen Lambert
Attorney for Defendants


CC via email:   George Gottlieb, ggottlieb@grr.com
                Marc Misthal, mmisthal@grr.com

Judge wrote:

"Defendant, having failed to provide sufficient time to evaluate defendant's requests, and defendant, having failed to show the relevance of its requests, defendant's application for production of documents is denied, without prejudice.

9/4/12
Alvin K. Hellerstein"