UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KNOLL, INC.,<br><br>        *Plaintiff,*<br><br>v.<br><br>MODERNO, INC. and URBAN MOD, INC., D/B/A REGENCY SHOP, and MIKE SAXENA,<br><br>        *Defendants.* | Civil Action No.  11 CV 0488 (AKH)<br>ECF Case |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
<u>MOTION TO UNSEAL</u>**

                              GOTTLIEB, RACKMAN & REISMAN, P.C.
                              George Gottlieb, Esq.
                              Marc P. Misthal, Esq.
                              270 Madison Avenue
                              New York, New York 10016
                              (212) 684-3900

Plaintiff Knoll, Inc. ("Knoll") respectfully submits this Memorandum of Law in Opposition to the motion by Defendants Moderno, Inc., Urban Mod, Inc. and Mike Saxena (collectively, "Defendants") to "unseal" documents in prior litigations involving Knoll.

## BACKGROUND

On the August 31, 2012 discovery cutoff (which has already been extended twice at Defendants' request), Defendants made a motion seeking access to confidential documents filed in a prior litigation in the Northern District of California, <u>Alphaville Design, Inc. v. Knoll, Inc.</u>, and two prior litigations in the Southern District of New York, <u>Knoll, Inc. v. Arthur Gordon Associates</u> and <u>Casprini Gruppo Industriale S.p.a. v. Knoll, Inc.</u>  In short, Defendants seek permission to engage in a last minute fishing expedition in order to once again drag out discovery at Knoll's expense—the longer Defendants can drag out this action, the more infringing products they can sell to fund their defense. Defendants even admit that they are uncertain whether the documents they seek contain relevant evidence—in their moving papers they state that the documents they seek to access "<u>may</u> contain other evidence that is relevant to this case" (emphasis added, Defendants' Memo at 4).  Defendants' request is improper for a number of reasons.

## ARGUMENT

**I.   Defendants Have Known About These Documents Since at Least February**

Defendants offer no explanation as to why they waited until the last day of discovery to file this motion.  Defendants have been aware of the existence of these documents for some time and have previously sought virtually the same documents.  In

1

their first set of document requests, served in December 2011, Defendants asked for documents showing Knoll's efforts to enforce its trademark rights (Document Request no. 62) and all documents referring to any dispute relating to the products at issue (Document Request no. 77).  In response, Knoll produced, among other things, documents from the Gordon and Alphaville litigations in February 2012, and additional documents from the Alphaville litigation were produced on August 2, 2012.

In their third set of document requests, served on June 15, 2012, Defendants sought production of all unredacted documents in the Alphavile and Gordon litigations from Knoll.[1]  Knoll responded on July 18, 2012 by stating that it had already produced documents from those cases, that it would produce additional documents (which Knoll did on August 2, 2012), and by inviting Defendants to meet and confer if they believed there were additional responsive documents to be produced.  Given the extensive dockets and sizable filings in the prior cases, and the fact that the files for the prior cases are in storage, Knoll invited Defendants to meet and confer in order to avoid unnecessary expense by having Defendants narrow the scope of their requests.  The broad requests served by Defendants would have required Knoll to obtain all of the redacted and sealed documents in its possession, custody or control from storage, review those documents as to content and then decide if it wished to object to the production of these documents on an unsealed basis—probably causing further motion

---

[1] Defendants state in their moving papers that "[a]ll prior filings in the previous cases was [sic] filed and signed by licensed attorneys of Gottlieb, Rackman & Reisman P.C." (Memo at 2).  This is yet another instance of Defendants making misrepresentations to the Court.  Had they looked at the documents produced by Knoll, Defendants would be aware that virtually all documents filed on behalf of Knoll in the Alphaville litigation were not signed by attorneys from Gottlieb, Rackman & Reisman, P.C., but rather were signed by California counsel.

2

practice. Defendants never accepted Knoll's invitation to meet and confer with Knoll regarding this matter. Instead, Defendants filed the instant motion.

## II. Defendants Seek Access to Every Sealed Document in the Identified Cases

Defendants do not specifically identify which documents they seek to access. A page of Defendants' memorandum of law discusses access to the <u>pleadings</u> in the prior litigations, but they already have these documents as evidenced by their inclusion with Defendants' moving papers. Knoll has also produced the pleadings from the <u>Gordon</u> case, Bates Nos. KNL0031948-KNL0031970, KNL0031398-KNL0031437.[2] Moreover, the pleadings in the <u>Gordon</u>, <u>Casprini</u> and <u>Alphaville</u> litigations were not filed under seal. Thus, it cannot be that Defendants seek access to the pleadings in the prior cases.[3] By seeking access to <u>all</u> sealed documents in these actions, Defendants are hoping to embark on the proverbial fishing expedition right at the close of discovery.

## III. Jurisdiction Over the <u>Alphaville</u> Documents Rests with the California Court

As to the <u>Alphaville</u> litigation, only the Northern District of California has jurisdiction to grant Defendants access to documents filed under seal in that case. Further, Knoll has already produced, in response to Defendants' document requests, documents from that litigation.[4] Additionally, in response to Defendants' document

---

[2] Indeed, Defendants observe that the complaint filed in this action is virtually identical to the Complaint filed in the <u>Gordon</u> litigation and the counterclaims filed in the <u>Casprini</u> and <u>Alphaville</u> litigations. Thus, their argument that they want to use Knoll's prior statements in its pleadings against Knoll carries little weight.

[3] Defendants also refer to testimony by Knoll. There were no trials or evidentiary hearings in the <u>Gordon</u> and <u>Casprini</u> cases, and Knoll was not deposed in either case. Knoll's deposition was taken in the <u>Alphaville</u> case, and Knoll produced copies of the deposition transcripts in June 2012, bearing Bates Nos. KNL0046307-KNL0046652 and KNL0044628-KNL0044976.

[4] Documents bearing Bates Nos. KNL0024446-KNL0027500 and KNL0033941-KNL0036179 were produced in February 2012.

requests, Knoll produced unredacted documents from the <u>Alphaville</u> litigation.[5] Defendants fail to mention that they already have these documents in their possession.

### IV. Defendants Should Have Notified Alphaville, Gordon and Casprini of Their Motion

Defendants' proposed order and moving papers indicate that they "seek to access [unspecified] sealed and redacted documents in similar cases that Knoll filed against other parties". (Memo at 1). To the extent that Defendants seek access to documents filed under seal by other parties, Defendants should have provided notice of their request to Alphaville, Gordon and Casprini. Moreover, the scope of the order sought by Defendants is exceptionally broad. For example, a declaration supporting a motion to compel production of Alphaville's financial information cannot possibly relate to any issue in this action or be likely to lead to evidence that is admissible in this action (see <u>Alphaville</u> docket, submitted herewith, docket nos. 271-272), but Defendants are nevertheless seeking access to such documents.

### V. The Documents Defendants Seek are Not Relevant

Moreover, Defendants make the expansive statement that "[u]nder Federal Rules of Evidence 401 any evidence produced during the course of litigation mentioned above is relevant to the instant case, as evidence relevant in a prior case will be relevant here because the issues and circumstances are the [sic] substantially similar" (memo at 4) in

---

[5] These documents (which included: Declaration of Elizabeth Needle in Opposition to Motion for Summary Judgment; Declaration of Marc P. Misthal in Opposition to Motion for Summary Judgment; Declaration of Lydia Weaver in Opposition to Motion for Summary Judgment; Declaration of John Wilson in Opposition to Motion for Summary Judgment; Declaration of Samson Helfgott in Opposition to Motion for Summary Judgment; and Declaration of Carl Magnusson in Opposition to Motion for Summary Judgment) bear Bates Nos. KNL0051244-KNL0057713 and were produced, pursuant to the Protective Order, by Knoll on August 2, 2012.

4

apparent support of the argument that they are entitled to access to <u>all</u> documents from the prior litigations. Defendants' position does not withstand scrutiny.

For example, motions for partial summary judgment based on laches were filed in the <u>Gordon</u> and <u>Casprini</u> actions, but the court never ruled on those motions. <u>See</u> docket sheets for those actions, enclosed. Laches, however, is a personal defense. Whether there was laches with respect to one defendant in one case has no bearing on whether laches applies to another defendant in a later proceeding. Accordingly, the laches motions are not relevant to Defendants' laches defense.

Similarly, motions for partial summary judgment based on fair use were filed in the <u>Gordon</u> and <u>Casprini</u> actions. <u>See</u> docket sheets for those actions, submitted herewith. Fair use is a mixed question of law and fact, with the facts relating to the manner in which the defendants in those cases are using the plaintiff's trademark. <u>Cortland Line Co. v. Orvis Co.</u>, 49 U.S.P.Q.2d 1745, 1753 (N.D.N.Y. 1998), aff'd in part, vacated in part, 203 F.3d 1351 (Fed. Cir. 2000). Nothing in the undecided motions in the <u>Gordon</u> and <u>Casprini</u> actions will shed any light on the manner in which Defendants have used Knoll's registered trademarks.

### VI. Defendants Do Not Seek Access to Judicial Documents

Defendants further argue that they seek access to judicial documents, and state that the court in the <u>Gordon</u> and <u>Casprini</u> actions relied on the summary judgment papers in those cases to rule on the summary judgment motions. A review of the docket sheets for those cases, however, reveals that the court did not rule on <u>any</u> motions in either case in which documents were filed under seal (the cases settled before the court ruled on the summary judgment motions). Since the documents

5

Defendants seek were not used by the court in the Gordon and Casprini actions to make any substantive rulings, they are not judicial documents that played a role in the performance of Article III duties and there is no presumption of access to them. United States v. Amodeo, 71 F.3d 1044, 1049 (2d Cir. 1995). Defendants also claim they have a right to access these documents. That right is premised on the public's right to monitor the judicial process. Here, however, Defendants do not seek to monitor the judicial process. Instead, they seek the documents for their own advantage in the current litigation.

### VII.  Third Parties Have Not Accessed the Sealed Documents

Defendants also claim that they are entitled to access to the sealed documents because other parties have been allowed to access those documents. A review of the docket sheets in the Gordon and Casprini cases does not identify any third parties that have had access to the sealed documents.[6] Indeed, the docket sheets for those cases do not even identify any unredacted versions of redacted documents still in the court's possession—if it turns out that the court does not have the documents that Defendants seek, what will Defendants do then? Seek additional discovery? Discovery has been ongoing in this action since December 2011. Knoll is entitled to prompt relief from Defendants' infringing conduct.

---

[6] Defendants have engaged in a pattern of making misrepresentations to the Court. As noted above, Defendants misrepresented several different facts to the Court in their moving papers. Additionally, in their Reply Brief in support of their motion to amend their Counterclaims (Docket No. 95), Defendants misquoted the Alphaville court to make it seem like the Alphaville court found that Knoll fraudulently obtained its trademark registrations.

**CONCLUSION**

In view Defendants' last minute attempt to engage in an unwarranted fishing expedition, Knoll respectfully requests that the Court deny Defendants' request for access to unspecified sealed documents from the three prior litigations.

                                              Respectfully submitted,

                                              GOTTLIEB, RACKMAN & REISMAN, P.C.
                                              George Gottlieb, Esq.
                                              Marc P. Misthal, Esq.
                                              Attorneys for Plaintiff
                                              270 Madison Avenue
                                              New York, New York 10016
                                              (212) 684-3900

                                              By:_____/Marc P. Misthal/_____
                                              Marc P. Misthal (MM 6636)

Dated:       September 5, 2012
                New York, New York

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the foregoing **PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO UNSEAL**, was served by First Class Mail on the 5th day of September, 2012 on the attorney for Defendants, namely:

> Janeen Lambert, Esq.
> 104 Marcy Ave. #3
> Brooklyn, NY 11211

        \_\_\_\_/Marc P. Misthal/_____