**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KNOLL, INC.,<br><br>    *Plaintiff and Counter-Defendant,*<br><br>       v.<br><br>MODERNO, INC. AND URBAN MOD, INC. D/B/A REGENCY SHOP, AND MIKE SAXENA,<br><br>    *Defendants and Counter-Plaintiffs.* | Civil Action No.  11 CV 0488 (AKH)<br><br>ECF Case<br><br>**PLAINTIFF AND COUNTER-DEFENDANT KNOLL, INC.'S RESPONSE TO THE SUPPLEMENTAL AND AMENDED COUNTERCLAIMS** |

Plaintiff and counterclaim defendant Knoll, Inc. ("Knoll"), by its attorneys, hereby submits its response to the counterclaims of defendants and counterclaim plaintiffs Moderno, Inc. and Urban Mod, Inc. d/b/a Regency Shop, and Mike Saxena (collectively, "counterclaim plaintiffs"):

1.  In response to Paragraph 1 of the counterclaims, Knoll admits that the counterclaims purport to assert causes of action for tortuous interference with contract, tortuous interference with prospective business relationships and prima facie tort, but denies that such causes of action are adequately pled or that counterclaim plaintiffs are entitled to relief.

2.  Knoll avers that Paragraph 2 of the counterclaims contains legal conclusions to which no response is required and which are unsupported by any factual allegations in the counterclaims. To the extent any response is needed, Knoll denies the allegations in Paragraph 2 of the counterclaims.

3.  In response to Paragraph 3 of the counterclaims, Knoll admits that counterclaim plaintiffs are located at 1625 W. 144th Street, Unit 2, Gardena, California 90247, and sell modern furniture on the websites, Regencyshop.com and

1

Elegancecode.com. Knoll denies the remaining allegations of Paragraph 3 of the counterclaims.

4.  In response to Paragraph 4 of the counterclaims, Knoll admits that it is a corporation organized and existing under the laws of the state of Delaware, maintaining a place of business at 76 Ninth Avenue, New York, New York 10021, and that it sells modern furniture.  Knoll denies the remaining allegations of Paragraph 4 of the counterclaims.

5.  In response to Paragraph 5 of the counterclaims, Knoll denies that the Court has jurisdiction over declaratory judgment and trademark claims, as counterclaim plaintiffs have not alleged these causes of action. Knoll admits that the Court has supplemental jurisdiction over the state law claims.

6.  In response to Paragraph 6 of the counterclaims, Knoll admits that venue is proper.

7.  Knoll lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 7 of the counterclaims and accordingly denies the same.

8.  In response to Paragraph 8 of the counterclaims, Knoll denies the allegation that "[i]n all cases involving Barcelona furniture, Knoll did not litigate on the merits of the case but settled before the cases were decided on the merits." With respect to the remainder of the allegations in Paragraph 8, Knoll avers that there is no need to respond to legal conclusions. To the extent any response is needed, Knoll denies the remaining allegations in Paragraph 8 of the counterclaims.

9.  Knoll denies the allegations in Paragraph 9 of the counterclaims.

10.  Knoll denies the allegations in Paragraph 10 of the counterclaims.

11.  Knoll avers that Paragraph 11 of the counterclaims contains legal conclusions to which no response is required and which are unsupported by any factual allegations in the counterclaims. To the extent any response is needed, Knoll denies the allegations in Paragraph 11 of the counterclaims.

12.  In response to Paragraph 12 of the counterclaims, Knoll admits that it has filed at least 22 lawsuits against businesses that produced infringing reproductions or derivatives of the Barcelona Collection, and that three of those lawsuits are ongoing, all appearing before this Court, including this lawsuit. Knoll denies the remaining allegations in Paragraph 12 of the counterclaims.

13.  In response to Paragraph 13 of the counterclaims, Knoll admits that it filed for incontestability for its Barcelona Collection trademarks in April 2010, but denies that it filed for incontestability for its Barcelona Collection trademarks in May 2010. With respect to the remainder of the allegations in Paragraph 13, Knoll avers that the counterclaims contain legal conclusions to which no response is required and which are unsupported by any factual allegations in the counterclaims. To the extent any response is needed, Knoll denies the remaining allegations in Paragraph 13 of the counterclaims.

14.  Knoll avers that Paragraph 14 of the counterclaims contains legal conclusions to which no response is required and which are unsupported by any factual allegations in the counterclaims. To the extent any response is needed, Knoll denies the allegations in Paragraph 14 of the counterclaims.

15.  Knoll avers that Paragraph 15 of the counterclaims contains legal conclusions to which no response is required and which are unsupported by any factual allegations in the counterclaims. To the extent any response is needed, Knoll denies the allegations in Paragraph 15 of the counterclaims.

16.  In response to Paragraph 16 of the counterclaims, Knoll admits that it objected to an extension of the discovery deadline after settlement negotiations failed and that on May 4, 2012, the court denied counterclaim plaintiffs request for an extension of the discovery deadline.  Knoll further asserts this is irrelevant to any claim asserted by counterclaim plaintiffs.  Knoll admits that neither party had taken depositions as of April 30, 2012, and further admits that as of April 30, 2012, it had not produced its confidential documents because the parties had not agreed on a protective

order even though negotiations over a protective order began in December 2011. Again, Knoll asserts that the foregoing is irrelevant to any claim asserted by counterclaim plaintiffs.  Additionally, Knoll admits that it filed a Summary Judgment motion after discovery closed on April 30, 2012.  Knoll denies the remaining allegations in Paragraph 16 of the counterclaims.

17.  Knoll admits the allegations in Paragraph 17 of the counterclaims.

18.  In response to Paragraph 18 of the counterclaims, Knoll lacks knowledge or information sufficient to form a belief as to the allegation that "[i]n response, GoDaddy.com shut down the Counter-Plaintiff's entire website" and accordingly denies the same. Knoll admits the remaining allegations in Paragraph 18 of the counterclaims.

19.  Knoll denies the allegations in Paragraph 19 of the counterclaims.

20.  In response to Paragraph 20 of the counterclaims, Knoll lacks knowledge or information sufficient to form a belief as to the allegation that "Counter-Defendants filed the trademark infringement letter right before a three day weekend, limiting Counter-Plaintiffs' ability to remedy the situation with GoDaddy.com," and accordingly denies the same. Knoll admits the remaining allegations in Paragraph 20 of the counterclaims.

21.  Knoll denies the allegations in Paragraph 21 of the counterclaims because they are not a complete and accurate summary of what took place. Knoll refers to Exhibit A, attached hereto, for a complete description of what transpired.

22.  Knoll lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 22 of the counterclaims and accordingly denies the same.

23.  Knoll lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 23 of the counterclaims and accordingly denies the same.

24.  In response to Paragraph 24 of the counterclaims, Knoll admits that on May 27, 2012, it sent a trademark infringement letter to the ISP Hostgator.com regarding counterclaim plaintiffs' website, Elegancecode.com. With respect to the remainder of the allegations in Paragraph 24 of the counterclaims, Knoll lacks knowledge or

information sufficient to form a belief as to the allegations and accordingly denies the same.

25.  Knoll admits the allegations in Paragraph 25 of the counterclaims.

26.  In response to Paragraph 26 of the counterclaims, Knoll admits that it never attempted to obtain a preliminary injunction to halt the sale of allegedly infringing products during the course of this litigation. Knoll denies the remaining allegations in Paragraph 26 of the counterclaims.

## COUNTERCLAIM COUNT I

27.  Knoll repeats and realleges each allegation in paragraphs 1 through 26 as if set forth fully herein.

28.  Knoll lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 28 of the counterclaims and accordingly denies the same.

29.  In response to Paragraph 29 of the counterclaims, Knoll denies knowledge of a specific contract but admits that it is generally aware that there are contracts between internet service providers and their customers.

30.  In response to Paragraph 30 of the counterclaims, Knoll admits that on May 25, 2012, it sent a letter to GoDaddy.com, alleging that counterclaim plaintiffs were in violation of Knoll's trademarks. Knoll denies the remaining allegations in Paragraph 30 of the counterclaims.

31. Knoll denies the allegations in Paragraph 31 of the counterclaims.

32. Knoll lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 32 of the counterclaims and accordingly denies the same.

33. Knoll lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 33 of the counterclaims and accordingly denies the same.

## COUNTERCLAIM COUNT II

34.  Knoll repeats and realleges each allegation in paragraphs 1 through 33 as if set forth fully herein.

35.  Knoll lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 35 of the counterclaims and accordingly denies the same.

36.  In response to Paragraph 36 of the counterclaims, Knoll denies knowledge of a specific contract but admits that it is generally aware that there are contracts between internet service providers and their customers.

37.  In response to Paragraph 37 of the counterclaims, Knoll admits that on or about May 27, 2012, it sent a letter to Hostgator.com, alleging that counterclaim plaintiffs were in violation of Knoll's trademarks. Knoll denies the remaining allegations in paragraph 37 of the counterclaims.

38.  Knoll denies the allegations in Paragraph 38 of the counterclaims. Knoll asserts that it sent the letter to protect its trademark rights.

39. Knoll lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 39 of the counterclaims and accordingly denies the same.

40. Knoll lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 40 of the counterclaims and accordingly denies the same.

## COUNTERCLAIM COUNT III

41.  Knoll repeats and realleges each allegation in paragraphs 1 through 40 as if set forth fully herein.

42.  Knoll admits the allegation in Paragraph 42 of the counterclaims.

43.  Knoll admits the allegation in Paragraph 43 of the counterclaims.

44.  Knoll lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 44 of the counterclaims and accordingly denies the same.

45. Knoll lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 45 of the counterclaims and accordingly denies the same.

46. Knoll lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 46 of the counterclaims and accordingly denies the same.

47. Knoll denies the allegations in Paragraph 47 of the counterclaims.

48. Knoll denies the allegations in Paragraph 48 of the counterclaims.

49. Knoll lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 49 of the counterclaims and accordingly denies the same.

## COUNTERCLAIM COUNT IV

50.  Knoll repeats and realleges each allegation in paragraphs 1 through 49 as if set forth fully herein.

51. In response to Paragraph 51 of the counterclaims, Knoll lacks knowledge or information sufficient to form a belief as to the allegation that "[a]s a result of the letters, both GoDaddy.com and Hostgator.com terminated their web hosting services of counterclaim plaintiffs' websites, Regencycode.com and Elegancecode.com", and accordingly denies the same. Knoll denies the remaining allegations in Paragraph 51 of the counterclaims.

52.  Knoll lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 52 of the counterclaims and accordingly denies the same.

## AFFIRMATIVE DEFENSES

1.  Counterclaim plaintiffs fail to state claims upon which relief can be granted because they have not alleged any facts which would support their claims.

2.  Some or all of the counterclaim plaintiffs lack standing to assert the counterclaims.

3.  The counterclaims are barred by counterclaim plaintiffs' unclean hands.

WHEREFORE, Knoll respectfully requests that the counterclaims be dismissed with prejudice, and that the court enter judgment for Knoll, and also award to Knoll its

7

reasonable attorney's fees and expenses, and such other and further relief as the circumstances warrant and the court deems just.

GOTTLIEB, RACKMAN & REISMAN, P.C.
Attorneys for Plaintiff
270 Madison Avenue
New York, New York 10016
(212) 684-3900
ggottlieb@grr.com
mmisthal@grr.com

Dated: September 27, 2012          By:  ___s/Marc P. Misthal/_____
     New York, New York          George Gottlieb (GG-5761)
                    Marc P. Misthal (MM-6636)

# EXHIBIT A

**Marc Misthal**

| | |
|---|---|
| **From:** | Marc Misthal |
| **Sent:** | Friday, May 25, 2012 10:06 AM |
| **To:** | 'Janeen Lambert' |
| **Cc:** | Angela Bowie; Barry Lewin; George Gottlieb |
| **Subject:** | RE: Knoll/Moderno take down notice |
| **Attachments:** | transcript.pdf; court order.pdf |

Ms. Lambert,

We are in receipt of your e-mail.

We note that our letter to GoDaddy advised GoDaddy of Knoll's position that the RegencyShop.com website violated GoDaddy's policies and requested that specified pages of your client's website be removed. Our letter did not request that GoDaddy remove the entire website. Despite Knoll's limited request, you advise us that GoDaddy has taken down the entire website. Knoll has no control over how GoDaddy implements its policies, and Knoll will not take any further action. This is an issue between RegencyShop and GoDaddy.

Further, we note that in similar circumstances Judge Hellerstein has already refused to issue an injunction (see attached transcript and order).

Very truly yours,

Marc P. Misthal
GOTTLIEB RACKMAN & REISMAN, P.C.
270 Madison Avenue
New York, NY 10016-0601
(212) 684-3900
(212) 684-3999 (Fax)
Direct e-mail address: mmisthal@grr.com

---

This message is intended solely for the use of the
Addressee and may contain information that is
PRIVILEGED and CONFIDENTIAL. If you are not the
intended recipient, you are hereby notified that
any dissemination of this communication is
strictly prohibited. If you have received this
communication in error, please erase all copies of
the message and its attachments and notify us
immediately. Thank You.

---

**From:** Janeen Lambert [mailto:janeen.lambert@gmail.com]
**Sent:** Thursday, May 24, 2012 5:26 PM
**To:** Marc Misthal
**Cc:** Angela Bowie; Barry Lewin; George Gottlieb; sonnysaxena@gmail.com
**Subject:** Knoll/Moderno take down notice

Dear Mr. Misthal:

It has come to my attention that you have submitted a take down notice to GoDaddy.com regarding the pages on Regency.com where defendants sell the allegedly infringing products.

This morning, my client was informed by GoDaddy.com that the entire Regency.com website was taken down because of your letter.  We have begun working with GoDaddy.com to resolve the issues, and have my client's website reinstated, however, it appears this process may take several days.  My client is losing money because his entire website is down, not just the pages where the allegedly infringing articles are being sold.

Accordingly, we ask that you contact GoDaddy.com and reiterate to them that the only pages you are requesting be taken down are the pages where the allegedly infringing products are found.  It was because of your letter that Regency.com's entire website was taken down, and you need to remedy this mistake, as my client is being harmed.

If this problem is not resolved quickly, we will seek a TRO to protect my client.


Janeen Lambert
517-303-5746
janeen.lambert@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing PLAINTIFF AND COUNTER-DEFENDANT KNOLL, INC.'S RESPONSE TO THE SUPPLEMENTAL AND AMENDED COUNTERCLAIMS was served by first class mail this 27th day of September, 2012 on the attorney for defendants and counter-plaintiffs, namely:

>Janeen Lambert, Esq.
>104 March Ave. #3
>Brooklyn, NY 11211

I also certify that on September 27, 2012, the foregoing document was electronically forwarded to the attorney for defendants and counter-plaintiffs through the Court's ECF system.

      s/Marc P. Misthal/
      Marc P. Misthal

9