Ccekknoc                        CONFERENCE

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

KNOLL, INC.,

            Plaintiff,

       v.                               11 CV 488 (AKH)
                                            -AND-
                                        12 CV 921 (AKH)

MODERNO, INC. et al.,

            Defendants.

------------------------------x
                                        New York, N.Y.
                                        December 14, 2012
                                        11:58 a.m.
Before:

              HON. ALVIN K. HELLERSTEIN,

                                        District Judge

                     APPEARANCES

GOTTLIEB RACKMAN & REISMAN PC
     Attorneys for Plaintiff
GEORGE GOTTLIEB

KENYON & KENYON LLP
     Attorneys for Defendant Regency Seating
NATASHA SARDESAI-GRANT
MICHELLE MANCINO MARSH

JANEEN MARIE LAMBERT
     Attorney for Defendants Urban Mod and Mike Saxena
```

1              (In open court)
2              THE DEPUTY CLERK:  Knoll versus Moderno.  Counsel,
3    please state your appearances.
4              MR. GOTTLIEB:  George Gottlieb, your Honor, counsel
5    for Knoll, and we have two cases technically before your Honor
6    today, the Moderno case and the Regency Seating case.
7              THE COURT:  What's the number on the Regency?
8              MR. GOTTLIEB:  Regency Seating is 12 CV 0921.
9              THE COURT:  Yes, I've got it.  Sorry.
10             We have Janeen Lambert for Moderno and Michelle Marsh
11   and Natasha Sardesai-Grant -- do I have it right -- for Regency
12   Seating?
13             MS. MARSH:  Yes, your Honor.
14             MS. LAMBERT:  Yes, your Honor.
15             THE COURT:  Go ahead, Mr. Gottlieb.
16             MR. GOTTLIEB:  Your Honor, I think there are, if I may
17   suggest, two matters before the Court today.  I apologize in
18   advance for not bringing a discovery dispute to your Honor by
19   the usual letter, but we did write a letter yesterday to your
20   Honor which I have here and a copy was given to defendants'
21   counsel.
22             THE COURT:  Without giving it to me, what's the issue?
23             MR. GOTTLIEB:  There are three issues, your Honor.
24   The Regency Seating people produced certain emails to us in the
25   course of discovery, and there are attachments noted in those

1   emails.  We have asked for those attachments but they have

2   declined to give those to us.

3            THE COURT:  Ms. Marsh, what's the position?

4            MS. MARSH:  Your Honor, first of all, I take issue

5   with bringing this up now.  The purpose of this conference, as

6   I understood it --

7            THE COURT:  Let me get through it, Ms. Marsh.

8            MS. MARSH:  That's fine.  We just sent a responsive

9   letter --

10           THE COURT:  Ms. Marsh, talk to me.

11           MS. MARSH:  OK, your Honor.  I understand that the

12  email attachments he's identified were collected and, to the

13  extent not produced, were deemed nonresponsive to the document

14  requests or withheld as privileged.  We provided them with a

15  privilege log; they have not provided us with a privilege log,

16  mind you.  So that's his first issue -- they've been

17  provided -- or if there's an issue, he hasn't an outline to us

18  what the issue is.

19           THE COURT:  Ms. Marsh, to the extent they're not

20  privileged, produce them, please.

21           Secondly --

22           MR. GOTTLIEB:  Your Honor --

23           THE COURT:  Mr. Gottlieb, just a minute, Mr. Gottlieb.

24           MR. GOTTLIEB:  I'm sorry.

25           THE COURT:  They will be produced unless they're

1  privileged.
2           MS. MARSH:  Correct.
3           THE COURT:  Are they identified on a privilege log?
4           MS. MARSH:  Correct.
5           THE COURT:  How many are there?
6           MS. MARSH:  Not many.
7           THE COURT:  How many is "not many"?  Three?
8           MR. GOTTLIEB:  We have identified, your Honor --
9           MS. MARSH:  Less than ten.
10          MR. GOTTLIEB:  I don't have the number right here,
11  your Honor.
12          THE COURT:  There are fewer than ten?  So let me see
13  them, Ms. Marsh.  Do you have them here?  Ms. Marsh?
14          MS. MARSH:  Excuse me?
15          THE COURT:  You have them here?
16          MS. MARSH:  No, I do not.
17          THE COURT:  Mr. Gottlieb?
18          MR. GOTTLIEB:  I have a list right here, your Honor.
19          THE COURT:  Do you have a her privilege log?
20          MR. GOTTLIEB:  I do have the privilege log from the
21  defendants.  Let me see.
22          May I hand up this letter, your Honor, which sets
23  forth --
24          THE COURT:  No, talk to me.
25          MR. GOTTLIEB:  Well, we don't know what the documents

1   are, your Honor. We have a Bates number --

2           THE COURT: Are they identified on the privilege log?

3   If they're not identified, then they're not satisfying a

4   privilege log requirement.

5           MR. GOTTLIEB: Your Honor, I have no way of

6   correlating whether the privilege log for Regency, which I just

7   got today --

8           THE COURT: Ms. Marsh, talk to Mr. Gottlieb. Go over

9   this, explain what the position is.

10          MS. MARSH: Yes, we did. We sent him a letter

11  yesterday saying we will put together a map correlating the

12  email attachments and send it to you next week. We told him

13  this yesterday, so he's wasting your Honor's time.

14          THE COURT: It's not the first lawyer to waste my

15  time. Disputes waste my time, especially disputes on discovery

16  issues. You should know I take a narrow view of privilege.

17  The view is that if something is involved in the nature of a

18  request for advice and the rendition of advice, it's

19  privileged, if not waived by involving people outside the

20  group. And then the second thing is, if it's material produced

21  for litigation because there's litigation, it can be

22  privileged. Otherwise, generally I do not sustain privilege.

23          MS. MARSH: Then, your Honor, we would appreciate that

24  view, because they have not produced to us a privilege log and

25  yet have leaned on the issue of privilege --

1             THE COURT:  So the issue of the complaining party is
2    guilty himself.  Is that right, Mr. Gottlieb?
3             MR. GOTTLIEB:  Your Honor, I think we're under a
4    little bit of a misapprehension.  The documents that we're
5    looking for are attachments to emails that are being
6    produced --
7             THE COURT:  Ms. Marsh is converting the defense into
8    an offense.  Look, folks, if you want me to get involved, I'll
9    get involved, or I'll disappoint you both by sending everything
10   to a Magistrate Judge.  You choose.  Work together, don't pull
11   up surprises; work it out.  If you have a legitimate
12   complaint --
13            MS. MARSH:  I agree, your Honor, and that's why --
14            THE COURT:  I know you agree, Ms. Marsh, because you
15   said that.
16            All right, Mr. Gottlieb?
17            MR. GOTTLIEB:  Your Honor, do you want the next
18   discovery issues or do you want us to work out --
19            THE COURT:  If you can work it out, work it out.
20            MR. GOTTLIEB:  I would like to work it out with dates,
21   your Honor, with opposing counsel, that if we agree to
22   something, let's have a concrete date by which it's done.
23   Would that be OK?
24            THE COURT:  Sure, everything is OK.
25            So where are we now on the status of the case?

1    MR. GOTTLIEB:  I think that discovery has been
2  completed beyond the few small issues we're talking about.
3  And, as we have requested previously, we want to make a motion
4  for summary judgment because we do not believe --
5    THE COURT:  You'll need permission.  What about you,
6  Ms. Marsh?
7    MS. MARSH:  Your Honor, I apologize but I'm confused
8  by his presentation.  My understanding of the conference
9  today -- there's no scheduling order in place, and the last
10  time we were here, you asked us to conduct limited
11  documentary-only discovery on the issue of Knoll's fraud on the
12  PTO in 2003, when it applied for the trademark registrations
13  for the designs.  You asked Regency and Moderno consolidate for
14  purposes of discovery.  We did that, and we were able to pool
15  our efforts --
16    THE COURT:  So you finished with that issue?
17    MS. MARSH:  No, that's the plan I'd like to make, your
18  Honor, is that we developed this evidence.  And all of this has
19  come into focus despite their efforts to try to block our
20  discovery requests, and we can go over those because there are
21  plenty.
22    THE COURT:  Can I make a suggestion?
23    MS. MARSH:  Yes.
24    THE COURT:  Assume that I know all this, all these
25  contentions.  Tell me what you want me to rule on.

1          MS. MARSH:  Absolutely, your Honor.  That there has
2    been fraud committed on the PTO.
3          THE COURT:  I'm not going to rule on that because you
4    say so.  You want to make a motion?
5          MS. MARSH:  Yes, absolutely, your Honor.
6          THE COURT:  Are you ready make a motion?
7          MS. MARSH:  We don't have all their documents, but we
8    have plenty here, I think, to make our case.  We'd like to have
9    additional discovery to get this to come into sharper focus for
10   your Honor, but, yes, I'm going to read you a letter from
11   1968 --
12         THE COURT:  No, no, please don't.
13         MS. MARSH:  OK.  We have it, though.
14         THE COURT:  I reserve Monday through Thursday for
15   contentions.  Friday --
16         MS. MARSH:  We relax.
17         THE COURT:  -- we like better cooperation and
18   informality so we go into a weekend with a nice feeling.  Do
19   you need more discovery before you make the motion?
20         MS. MARSH:  I have two things that we need more
21   discovery on.  One, they have redacted everything that I think
22   is relevant and I think we need unredacted documents.  There's
23   no reason for redactions.  We need to have those unredacted.
24         THE COURT:  One issue is redaction.  What's the
25   second?

1               MS. MARSH:  The privilege log, we're accusing them of
2    fraud --
3               THE COURT:  Mr. Gottlieb -- got it, got it, redaction.
4               MR. GOTTLIEB:  Your Honor, it would be tremendously
5    burdensome to go back to nineteen-ninety -- we're talking about
6    twenty --
7               THE COURT:  When did you redact?  You redacted
8    recently, no?
9               MR. GOTTLIEB:  The only privilege log that we're
10   talking about --
11              THE COURT:  Redaction, we're talking about redaction.
12              MR. GOTTLIEB:  I don't even know what redaction we're
13   talking about, your Honor.
14              THE COURT:  Ms. Marsh complains that you redacted --
15   that is, covered over, blackened-out -- large amounts of
16   discovery information.
17              MR. GOTTLIEB:  I don't believe that's true, your
18   Honor, but we will be happy to meet and discuss that.  The
19   basic issue --
20              THE COURT:  Show me, Ms. Marsh.  Hand it up.  Show
21   Mr. Gottlieb.  We didn't get the privilege.  I know what basic
22   issue is.  I'd like to look at the peripheral issues first.
23              Brigitte.
24              So she's shown me a document from the Northern
25   District of California, Declaration of Carl Magnusson in

1   Support of Knoll's Opposition to Alphaville Design's Motion for
2   Summary Judgment Or, In The Alternative, Summary Adjudication.
3   So on page 4, paragraph 14 is redacted; on page 5, paragraph 15
4   is redacted, so on.  There are a lot of redactions here.
5           So that was recent; it's not an issue of burden.  I'm
6   returning the document.
7           MS. MARSH:  And, your Honor, more importantly --
8           THE COURT:  Just a minute, Ms. Marsh.
9           Why the redaction, Mr. Gottlieb?  Why the redaction?
10  Mr. Gottlieb.  Hello.
11          Show Mr. Gottlieb, Ms. Marsh.  Show Mr. Gottlieb what
12  you showed me.
13          MS. MARSH:  Sure.
14          THE COURT:  Page 4 and 5 and ongoing pages.
15          Not so fast, Ms. Marsh.  After you get to a certain
16  age, your mind doesn't work so fast.
17          MR. GOTTLIEB:  I will review all these, your Honor.
18  We have already produced 60,000 documents, so it's really hard
19  to say what our reasons were.
20          THE COURT:  So you don't remember this one distinctly?
21          MR. GOTTLIEB:  I have no recollection of this one,
22  your Honor.
23          THE COURT:  I gather from this, Ms. Marsh, this is a
24  problem that exists on a number of documents.
25          So maybe Ms. Marsh should identify for you and have a

1    conference and some pleasant chats about redactions, because it
2    seems to me that there's a very small area of redactions that
3    has to do with sensitive competitive information, not
4    embarrassing information but sensitive competitive information,
5    which we could deal with with a protective order.
6              MS. MARSH:  And the issue --
7              THE COURT:  Otherwise, there shouldn't be any
8    redactions.
9              MS. MARSH:  Your Honor, the same issue with the
10   privilege log.
11             THE COURT:  We dent get to it yet.
12             MS. MARSH:  OK, your Honor.
13             THE COURT:  So are we finished with redactions?
14             MR. GOTTLIEB:  So we will meet with Ms. Marsh, go over
15   what she wants unredacted.
16             THE COURT:  Right.
17             MR. GOTTLIEB:  Either we'll agree or get back to your
18   Honor if there are any sensitive issues.
19             THE COURT:  And you should meet before Christmas with
20   a nice big stocking so you each can give each other as much as
21   you can of what the other party wants.  That's the secret to
22   discovery -- get over it, and get into the issues.
23             Next, the privilege log?
24             MS. MARSH:  The privilege log --
25             THE COURT:  You haven't given one, Mr. Gottlieb?

1           MS. MARSH:  They have stated in no --
2           THE COURT:  Ms. Marsh, I got your --
3           MR. GOTTLIEB:  The privilege log?  What I understand
4    is they want us to do a privilege log of correspondence --
5           THE COURT:  That's what she says.
6           MR. GOTTLIEB:  -- between us and the people signing
7    the trademark applications, which goes back many years --
8           THE COURT:  What she wants you to do is, wherever
9    you've claimed privilege, identify the document and the reasons
10   in the way that the local rules -- I think it's 45 and 46 --
11   require.  That's what she wants you to do.
12          MR. GOTTLIEB:  My point, your Honor, is --
13          THE COURT:  Have you done it?  Have you done it?
14          MR. GOTTLIEB:  Yes.
15          THE COURT:  You've done it?
16          OK, he's done it, Ms. Marsh.  That means if he hasn't
17   satisfied the local rules, his privilege is waived.
18          MS. MARSH:  We haven't seen any log.  We have no idea,
19   other than their blanket general objection that they have
20   privilege that they're relying on privilege --
21          THE COURT:  So if there's no log, he can't withhold
22   it.  It's very easy.
23          Mr. Gottlieb?
24          MR. GOTTLIEB:  We have not produced a log, your Honor.
25          THE COURT:  You have not?

1          MR. GOTTLIEB:  Correct.

2          THE COURT:  It took you a long time to say that.

3          MR. GOTTLIEB:  We have not produced a log.

4          THE COURT:  So you have waived privilege.

5          MR. GOTTLIEB:  And it would be, as I said, a big

6   effort to go back to that period of time --

7          THE COURT:  That's why your client employs you,

8   Mr. Gottlieb.  If you claim privilege, it's a recent claim, so

9   it's not a big burden.

10         MR. GOTTLIEB:  Well, I would just like to know clearly

11  what time frame --

12         THE COURT:  The time frame is for every document that

13  you have produced and identified and claimed privilege about,

14  you produce a privilege log or you can't claim privilege.

15         MR. GOTTLIEB:  For example, do we have to log every

16  letter that we have written to Knoll's counsel --

17         THE COURT:  Mr. Gottlieb, don't ask me questions.

18  You've been at this long enough to know what the rule is.  Do

19  it or waive privilege.

20         MR. GOTTLIEB:  We're not going to waive the privilege,

21  your Honor.

22         THE COURT:  Then do it.

23         MR. GOTTLIEB:  OK.

24         MS. MARSH:  Thank you, your Honor.

25         THE COURT:  All right.  How much time do you need

1    before -- I'll get to you in a minute, Ms. Lambert -- how much
2    time do you need before both these issues get cleared?  You're
3    the plaintiff, Mr. Gottlieb.  You want to move this case,
4    right?  Move it.
5             MR. GOTTLIEB:  It will probably take us a month to do
6    this, your Honor.
7             THE COURT:  OK, end of January all the discovery
8    issues are resolved or put to me.  And if you put to me too
9    many questions, I get annoyed and impatient and I will give it
10   to a magistrate judge, and you do not want that to happen,
11   Mr. Gottlieb.  You really do not want that to happen.  Go do it
12   by January 31.
13            Ms. Lambert, what's your issue?
14            MS. LAMBERT:  As with Ms. Marsh, Mr. Gottlieb has not
15   produced to my client --
16            THE COURT:  He'll do for you what he does for her.
17            MS. LAMBERT:  OK, thank you.
18            THE COURT:  Anything else folks?
19            MS. MARSH:  That's it.  Thank you, your Honor.
20            THE COURT:  OK.  Now what happens after that?
21   Optimistically, all these problems are resolved by January 31.
22   What happens next?
23            MS. MARSH:  We would like to move for summary judgment
24   on the issue of fraud on the PTO.
25            THE COURT:  OK.  And what would you like to move for

1    summary judgment on, Mr. Gottlieb?
2             MR. GOTTLIEB:  The issue of validity and infringement.
3             THE COURT:  Have you taken discovery on those issues?
4             MS. MARSH:  We have not been able to develop our
5    defense yet.  We have no depositions; your Honor canceled
6    depositions --
7             THE COURT:  I can do this in two ways:  I can let you
8    take discovery on all issues and you can separate the fraud
9    issue and bring your motion on that, or I can wait until I
10   resolve the fraud issue.
11            What do you want, Mr. Gottlieb?  You're the plaintiff.
12            MR. GOTTLIEB:  I suppose we should get the fraud issue
13   out of the way, your Honor.
14            THE COURT:  OK.  So get the fraud issue out of the
15   way.  So I'm going to expect that by January 31st all these
16   discovery issues have been resolved, or, if not resolved, given
17   to me for ruling so that by January 31 we will be on a slate of
18   all discovery on the fraud issue being closed.
19            By February 15, defendants will file and support a
20   motion regarding the fraud issue for summary determination of
21   that defense.
22            By March 1, Mr. Gottlieb will oppose.
23            By March 8th, defendants' replies will be required.
24   And then I'll set a hearing date.
25            Obviously, if you can't get your issues straightened

1    out and resolved by January 31, this calendar may go awry, but
2    I don't expect it to.  I expect that you will resolve your
3    issues, oppose them to me so I can rule and you can get them
4    finished before January 31.  I will not grant any adjournments
5    to this schedule.
6              Anything further?
7              MS. MARSH:  No, your Honor.  Thank you very much.
8              THE COURT:  Ms. Lambert --
9              MR. GOTTLIEB:  Thank you, your Honor.
10             THE COURT:  Ms. Lambert, anything further?
11             MS. LAMBERT:  I just have one question to clarify,
12   your Honor.  Last time we appeared before you, you stated we
13   could not take depositions.
14             THE COURT:  I said what?
15             MS. LAMBERT:  You stated that we're not allowed to
16   take depositions in this case.
17             THE COURT:  On the fraud issue you can.
18             MS. LAMBERT:  Can we take them now?
19             THE COURT:  What do you need?
20             MS. LAMBERT:  We have never had the chance to depose
21   any parties from Knoll.
22             THE COURT:  On what issue?
23             MS. LAMBERT:  On fraud.
24             THE COURT:  What do you expect to prove?
25             MS. LAMBERT:  Well, we expect to find out their state

1   of mind, other items, other issues that can't be gleaned from
2   documents and we need to take depositions.
3           THE COURT:  In other words, you're telling me that
4   there are going to be issues of fact that I'm not going to be
5   able to resolve the fraud issues?
6           MS. LAMBERT:  Possibly.  We haven't been able to take
7   depositions.  I was wondering if your Honor --
8           THE COURT:  What do you think, Ms. Marsh?
9           MS. MARSH:  I think we have enough on the documents,
10  frankly, but there has been a subpoena that was issued to a
11  former employee of Knoll and that representation has been taken
12  over by Mr. Gottlieb and they obviously refuse to allow us to
13  take that deposition.  We have some deposition testimony from
14  that witness, from a prior case, but he didn't have much of a
15  memory back then; I don't think his memory will be much better
16  years later.  But of course every attorney has their own way of
17  asking questions.  That may prompt a witness to have better
18  recollection or perhaps they're not as well prepared.
19          THE COURT:  Mr. Gottlieb, were you going to accept
20  what the witness said or are you going to argue that the
21  witness needs to be reexamined?
22          MR. GOTTLIEB:  This witness, your Honor, is no longer
23  in our employ.  Mr. Carl Magnusson --
24          THE COURT:  That wasn't my question.
25          MR. GOTTLIEB:  I'm sorry, your Honor.

1      THE COURT:  The question was:  Are you going to take
2 issue with what the witness witnesses said by saying that he
3 wasn't deposed in this case?
4      MR. GOTTLIEB:  He was deposed in a prior case in which
5 we were counsel, your Honor.  We will rely on whatever he said
6 in that deposition.
7      THE COURT:  You don't need any depositions.  Make your
8 motions.
9      MS. LAMBERT:  OK.
10      THE COURT:  If it turns out you do make your motion.
11      MS. LAMBERT:  Thank you, your Honor.
12      MS. MARSH:  Thank you, your Honor.
13      THE COURT:  OK, go to it, folks.
14      MR. GOTTLIEB:  Thank you, your Honor.
15                           * * *
16
17
18
19
20
21
22
23
24
25