# GOTTLIEB, RACKMAN & REISMAN, P.C.
COUNSELORS AT LAW
PATENTS · TRADEMARKS · COPYRIGHTS · INTELLECTUAL PROPERTY

270 MADISON AVENUE
NEW YORK, N. Y. 10016-0601
PHONE: (212) 684-3900 · FACSIMILE: (212) 684-3999
WEB: http://www.grr.com · E-MAIL: info@grr.com

GEORGE GOTTLIEB
DAVID S. KASHMAN
ALLEN I. RUBENSTEIN
JEFFREY M. KADEN
TIBERIU WEISZ
MARIA A. SAVIO
RICHARD S. SCHURIN
MARC P. MISTHAL
STEVEN STERN
BARRY R. LEWIN

COUNSEL
DIANA MULLER*

*MEMBER OF THE BAR
OF ARGENTINA ONLY

DONNA MIRMAN BROOME
BARBARA H. LOEWENTHAL
JOSHUA R. MATTHEWS
ARIEL S. PEIKES
SAMANTHA G. ROTHAUS
JONATHAN M. PUROW

PATENT AGENT
ZOYA V. CHERNINA

OF COUNSEL
JAMES REISMAN

September 12, 2013

**VIA ECF and FIRST CLASS MAIL**
Honorable Alvin K. Hellerstein
Southern District of New York
500 Pearl Street, Room 1050
New York, New York 10007

Re:   Knoll, Inc. v. Moderno, Inc.
      **11 CV 0488 (AKH)**

Dear Judge Hellerstein:

We represent Knoll, Inc. in connection with the above-referenced matter.

This letter is in opposition to Defendants' motion to compel, Docket No. 114. Defendants' motion should be denied.

Federal Rule of Civil Procedure 37 (a)(1) provides that on a motion to compel, the moving party's motion "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Defendants' motion to compel lacks any such certification.

Moreover, Defendants did not meet and confer with Knoll's counsel or attempt to meet and confer with Knoll's counsel before filing its motion to compel. Failure to meet and confer is a basis for denying a motion to compel. See Yoon v. Celebrity Cruises, Inc., 1999 U.S. Dist. LEXIS 2779, *17-*19 (S.D.N.Y. March 12, 1999); Prescient Partners, L.P. v. Fieldcrest Cannon, Inc.,1998 U.S. Dist. LEXIS 1826, *6-*12 (S.D.N.Y. Feb. 18, 1998).

The foregoing is reflected in Rule 2 (E) of your Honor's individual rules. Due to prior proceedings in this case, Defendants are well aware of this requirement.

Honorable Alvin K. Hellerstein
September 12, 2013
Page 2

  Since there has been no "meet and confer" and no certification that a "meet and confer" occurred, Defendants' motion should be denied.

        Respectfully submitted,

        GOTTLIEB, RACKMAN & REISMAN, P.C.

        George Gottlieb

cc:  Janeen Lambert, Esq. (via ECF)