**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KNOLL, INC. | Civil Action No.  11 CV 0488 (AKH) |
|           *Plaintiff,* | ECF Case |
|         v. | |
| MODERNO, INC., URBAN MOD, INC. and MIKE SAXENA | |
| *Defendants.* | |
| MODERNO, INC. | Civil Action No.  13 CV 3017 (AKH) |
|           *Plaintiff,* | ECF Case |
|         v. | |
| KNOLL, INC. | |
|           *Defendant.* | |

<u>**PLAINTIFF AND COUNTERCLAIM-DEFENDANT KNOLL'S**</u>
<u>**BRIEF REGARDING JURY TRIAL**</u>

Plaintiff and Counterclaim-Defendant Knoll, Inc. ("Knoll") respectfully submits this brief in response to the Court's Order of March 11, 2014 (Docket No. 52) with respect to the question of whether or not the trial should be by a jury trial. Knoll's preference is for a bench trial, for the reasons stated below; however, Knoll does not oppose Defendants and Counterclaim-Plaintiffs Moderno, Inc., Urban Mod, Inc. and Mike Saxena (collectively, "Moderno")'s Memorandum of Law in Support of a Jury Trial, 13-cv-3017, Docket No. 56, 11-cv-0488, Docket No. 141.

This litigation arises out of the Lanham Act, which does not expressly preserve, provide, or deny a right to a jury trial. When a statute is silent as to the right to a jury trial, a party must rely upon the Seventh Amendment of the U.S. Constitution to claim a

right to a civil jury trial. The Constitutional right to a jury trial only applies to claims which would have been tried in a court of law at the time the Constitution was adopted. See, e.g., *Ross v. Bernhard*, 396 U.S. 531, 533 (1970), citing *Parsons v. Bedford*, 3 Peters 433, 447 (1830). Litigants bringing claims that would have been tried in courts of equity prior to the adoption of the Constitution, and that seek remedies solely equitable in nature, are not entitled to a trial by jury, and such claims may be settled by a bench trial. See, e.g., *City of Monterey v. Del Monte Dunes, Ltd.*, 526 U.S. 687, 726 n.1 (1999) (Scalia, J., concurring) ("[T]he fact that I seek only equitable relief would disentitle me to a jury."); Benjamin v. Traffic Executive Asso. Eastern Railroads, 869 F.2d 107, 115 (2d Cir. 1989) ("[E]quitable claims escape Seventh Amendment coverage.").

In its Amended Complaint in this matter, 11-cv-0488 Docket No. 29, Knoll requested a jury trial as to all matters triable by jury. However, Knoll now hereby waives its jury demand and waives any right to a jury which may arise out of the Seventh Amendment of the U.S. Constitution. It is Knoll's preference that all matters in this litigation be decided by bench trial. Indeed, Knoll notes that this Court's minute entry following the parties' March 7, 2014 status conference indicated that this matter was originally contemplated as being tried by bench trial. It is Knoll's position that a bench trial is preferable because of this Court's familiarity with the complicated history and background of this case, and because the primary issues to be litigated concern claims arising in equity.

Specifically, Knoll's equitable claims arise from its allegations of federal trademark infringement, common law unfair competition, and state law dilution, for

which Knoll seeks injunctive relief.[1] *See, e.g.*, *City of Monterey*, 526 U.S. at 726 n.1 (1999) (Scalia, J., concurring); *W.W.W. Pharmaceutical Co., Inc. v. Gillette Co.*, 808 F. Supp. 1013, 1026 (S.D.N.Y. 1992); and *Empresa Cubana Del Tabaco v. Culbro Corp.*, 123 F. Supp. 2d 203, 210-211 (S.D.N.Y. 2000) (aff'd in part, rev'd in part on other grounds) (holding that state unfair competition claims and claims of dilution under N.Y. Gen. Bus. § 360-1 do not provide a right to a jury trial). Similarly, Moderno appears to be focusing its efforts in this matter solely on its equitable claims regarding fraud and functionality, for which it seeks the equitable remedies of an injunction preventing Knoll from enforcing its trademark rights, as well as cancellation of Knoll's trademark registrations. *See*, *e.g.*, Moderno et al's Memorandum of Law in Support of Application for a Preliminary Injunction, 13-cv-3017, Docket No. 47, 11-cv-0488, Docket No. 127. Moderno has taken no steps to litigate its counterclaims for tortious interference and prima facie tort, which are its only claims arising out of law rather than equity. *See* Defendants' and Counterclaim-Plaintiffs' Supplemental and Amended Countercomplaint, 11-cv-0488, Docket No. 100. As a result, it is Knoll's position that a determination of the merits of each of the parties' equitable claims by bench trial would not be inappropriate.

However, Moderno has submitted a Memorandum of Law arguing that it has a Constitutional right to a jury trial under the Seventh Amendment. It is clear that Moderno does not intend to waive any right to a jury trial to which it may be entitled. In the interest of conserving judicial resources and continuing to move this matter toward its conclusion, Knoll does not oppose Moderno's motion for a jury trial.

---

[1] To the extent Knoll seeks legal relief insofar as it seeks damages for trademark infringement, Knoll waives its right to a jury trial on damages and consents to have this issue be determined by a bench trial.

Knoll hereby consents to trial in whatever format this Court deems most appropriate.


Dated: March 21, 2014
        New York, New York

                                Respectfully submitted,

                                GOTTLIEB, RACKMAN & REISMAN, P.C.
                                270 Madison Avenue, 8th Floor
                                New York, New York 10016

                                By:_____
                                    George Gottlieb
                                    Marc P. Misthal
                                    Samantha Rothaus
                                    Jonathan Purow
                                    *Attorneys for Knoll, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing, Knoll's Brief Regarding Jury Trial, was served by first class mail on this 21st day of March, 2014, on counsel for Defendants and Counterclaim-Plaintiffs, namely:

>Janeen Lambert
>104 Marcy Ave, #3
>Brooklyn, NY 11211
>
>Shashank Saxena
>P.O. Box 1268
>New York, NY 10159

I also certify that on March 21, 2014, the foregoing document was electronically forwarded to counsel for Defendants and Counterclaim-Plaintiffs through the Court's ECF system.

By: _____
Samantha G. Rothaus